**OUTTEN & GOLDEN LLP**
Adam T. Klein
Michael J. Scimone
Reena Arora
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**KAHN OPTON, LLP**
Stephen H. Kahn
228 East 45th Street, 17th Floor
New York, New York 10017
Telephone: (212) 966-8686

12 CV 8450

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAZHAR SALEEM and JAGJIT SINGH, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CORPORATE TRANSPORTATION GROUP, LTD., CORPORATE TRANSPORTATION GROUP INTERNATIONAL, CORPORATE TRANSPORTATION GROUP WORLDWIDE, INC., NYC 2 WAY INTERNATIONAL, LTD., ALLSTATE PRIVATE CAR & LIMOUSINE, INC., ARISTACAR & LIMOUSINE, LTD., TWR CAR AND LIMO, LTD., EXCELSIOR CAR AND LIMO, INC., HYBRID LIMO EXPRESS, INC., EDUARD SLININ, and GALINA SLININ,<br><br>        Defendants. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Tahir Farooq and Mazhar Saleem (collectively, "Plaintiffs"),

individually on behalf of all others similarly situated, as class representatives by their attorneys

Kahn Opton, LLP and Outten & Golden LLP, upon personal knowledge as to themselves and

upon information and belief as to other matters, allege as follows:

### NATURE OF ACTION

1.      Defendants Corporate Transportation Group, Ltd., Corporate Transportation

Group International, and Corporate Transportation Group Worldwide (collectively "CTG")

provide luxury car and limousine transportation services, mainly to corporate customers in the New York City metropolitan area, generally known as the "black car" industry. CTG runs its business through a number of separately incorporated franchisor companies, including but not limited to Defendants NYC 2 Way International, Ltd., Allstate Private Car & Limousine, Inc., Aristacar & Limousine, Ltd., TWR Car And Limo, Ltd., Excelsior Car And Limo, Inc., and Hybrid Limo Express, Inc ("CTG franchise companies"), all of which are based at CTG headquarter offices at 335 Bond Street, Brooklyn, New York 11231. CTG receives its entire income and revenue through the workers who drive cars on its behalf.

2.      Plaintiffs worked for CTG as drivers throughout the New York City area. CTG controlled Plaintiffs' terms and conditions of employment by, *inter alia*, providing dispatch equipment and proprietary dispatch software to drivers, determining the clients available to them, setting the price of all fares, controlling the payment of Plaintiffs' wages, creating rules for drivers, and imposing fines for violations of rules.

3.      In misclassifying its drivers as "independent contractors" and/or "franchisees," CTG has denied them the benefits that the law affords to employees, particularly fair and proper payment of their wages including overtime compensation and protection against unlawful deductions from their earned wages.

4.      This lawsuit seeks the payment of all unpaid overtime compensation together with liquidated damages and interest and the recovery of all unlawful wages and deductions from wages in the form of fines and other deductions that CTG imposed on the named plaintiffs and putative class members.

5.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendants who elect to opt in to this action pursuant to the FLSA, 29

U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

6.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Defendants who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337 and has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b). This Court also has jurisdiction over Plaintiffs' state claims based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A) because the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs.

9.      More than two-thirds of the proposed class, on the one hand, and Defendants, on the other, are citizens of different states.

10.     Plaintiffs' claims involve matters of national or interstate interest.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims

occurred in this district.

## THE PARTIES

### Plaintiffs

#### Mazhar Saleem

13.     Plaintiff Mazhar Saleem is an adult individual and a resident of Bronx, New York.

14.     Saleem was employed by Defendants as a driver from approximately 2010 to approximately April, 2012.

15.     Saleem is a covered employee within the meaning of the FLSA and NYLL.

16.     Saleem has filed a written consent to join this action, a copy of which is attached hereto as Exhibit A.

#### Jagjit Singh

17.     Plaintiff Jagjit Singh ("J. Singh") is an adult individual and a resident of Queens, New York.

18.     J. Singh has been employed by Defendants as a driver from approximately April 2008 to the present.

19.     J. Singh is a covered employee within the meaning of the FLSA and NYLL.

20.     J. Singh has filed a written consent to join this action, a copy of which is attached hereto as Exhibit B.

### Defendants

21.     Defendants Corporate Transportation Group, Ltd.; Corporate Transportation Group International; Corporate Transportation Group Worldwide, Inc.; NYC 2 Way International, Ltd.; Allstate Private Car & Limousine, Inc.; Aristacar & Limousine, Ltd.; TWR

Car And Limo, Ltd.; Excelsior Car And Limo, Inc.; Hybrid Limo Express, Inc., Eduard Slinin, and Galina Slinin (collectively, "Defendants") operate as a part of single integrated enterprise that employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant to this case. Defendants' operations are interrelated and unified.

22.     Each Defendant has had substantial control over aspects of labor relations, Plaintiffs' working conditions, and the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

23.     During relevant times, Defendants have been Plaintiffs' employer and/or joint employers within the meaning of the FLSA and NYLL.

24.     Defendants Corporate Transportation Group, LTD.; Corporate Transportation Group International; Corporate Transportation Group Worldwide, Inc.; (collectively "CTG") are all New York corporations with a common principal place of business at 355 Bond Street, Brooklyn, New York 11231.

25.     Defendants NYC 2 Way International, Ltd.; Allstate Private Car & Limousine, Inc.; Aristacar & Limousine, Ltd.; TWR Car And Limo, Ltd.; Excelsior Car And Limo, Inc.; and Hybrid Limo Express, Inc (collectively "CTG Franchise Companies") are all New York corporations with a common principle place of business at 355 Bond Street, Brooklyn, New York 11231

26.     In 2011, the National Labor Relations Board ("NLRB") issued a decision concluding that the Corporate Transportation Group, Ltd. and its franchise companies NYC 2 Way International, Ltd., Aristacar & Limousine, Ltd., Allstate Private Car & Limousine, Inc., TWR Car & Limo, Ltd., Excelsior Car & Limo, Inc. and Hybrid Limo Express, Inc. constitute a

single employer. *N.Y.C. 2 Way International,* Case No. 29-RC-63657 (Decision and Direction of Election, 11/17/2011) (copy attached as Exhibit C). The NLRB determined the following facts:

A. CTG Franchise companies provide identical services and operate under the umbrella of a management company Corporate Transportation Group, Ltd.

B. The CTG Franchise Companies operate through the same dispatch facility in Brooklyn, NY and with the assistance of the same dispatchers and operators, who are employed by Corporate Transportation Group, Ltd.

C. The dispatchers perform the same dispatching services for all the CTG Franchise Companies' clients and drivers.

D. When there is no driver available for a client of one of the CTG Franchise Companies, a driver from another CTG Franchise Company will be assigned the job.

E. Corporate Transportation Group, Ltd handles all billing, processing of vouchers, information technology, advertising, marketing, client services, training and other administrative functions for all of the CTG companies.

F. All drivers are paid by checks issued by Corporate Transportation Group, Ltd., not the individual CTG Franchise Company for which they drive.

G. When drivers have questions or problems, they go to the same Corporate Transportation Group, Ltd. employees at the CTG dispatch facility for assistance.

H. Complaints received by clients of all the CTG Franchise Companies are handled by the same CTG employee.

I. CTG, and Eduard Slinin individually, exercise control over discipline imposed upon drivers for rule infractions, and are involved in creating the rules themselves.

J. Training functions for all the CTG Companies are centralized.

K. Payroll functions for all the CTG Companies are centralized.

27. All Defendants share common ownership and managers:

A. Defendant Eduard Slinin is the Chairman or Chief Executive Officer of Defendants Corporate Transportation Group, Ltd.; Corporate Transportation Group International; Corporate Transportation Group Worldwide, Inc.; NYC 2 Way International and Aristacar & Limousine, Ltd.

B. Defendant Galina Slinin is the Chairman or Chief Executive Officer of Defendants Corporate Transportation Group Worldwide, Inc., Excelsior Car & Limo, Inc. and Hybrid Limo Express Inc. Galina Slinin is the wife of Eduard Slinin.

C. Mark Slinin is an officer, principle shareholder, and/or director of Defendants Allstate Private Car & Limousine, Inc. Mark Slinin is the brother of Defendant Eduard Slinin.

**Eduard Slinin**

28. Upon information and belief, Eduard Slinin is a resident of New Jersey and New York.

29. Eduard Slinin owns and/or operates CTG and the CTG Franchise Companies.

30. At all relevant times, Eduard Slinin has had power over personnel decisions at CTG and the CTG Franchise Companies.

7

31. At all relevant times, Eduard Slinin has had the power to hire and fire employees of CTG and the CTG Franchise Companies.

32. At all relevant times, Eduard Slinin has had the power to set employee wages and make compensation decisions at CTG and the CTG Franchise Companies.

33. At all relevant times, Eduard Slinin has controlled conditions of employment for all employees of CTG and the CTG Franchise Companies.

34. Eduard Slinin is an employer within the meaning of the FLSA and NYLL.

**Galina Slinin**

35. Upon information and belief, Galina Slinin is a resident of New Jersey and New York.

36. Galina Slinin serves as Manager of Accounts Receivable for CTG and the CTG Franchise Companies.

37. At all relevant times, Galina Slinin has had power over personnel decisions at CTG and the CTG Franchise Companies.

38. At all relevant times, Galina Slinin has had the power to hire and fire employees of CTG and the CTG Franchise Companies.

39. At all relevant times, Galina Slinin has had the power to set employee wages and make compensation decisions at CTG and the CTG Franchise Companies.

40. At all relevant times, Galina Slinin has controlled conditions of employment for all employees of CTG and the CTG Franchise Companies.

41. Galina Slinin is an employer within the meaning of the FLSA and NYLL.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

42. Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b),

on behalf of themselves and all similarly situated persons who work or have worked for Defendants as drivers on or after the date that is three years before the filing of the Class Action Complaint in this case, who elect to opt in to this action (the "FLSA Collective").

43. All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

44. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    A. willfully misclassifying Defendants' employees as independent contractors;

    B. willfully failing to pay Defendants' employees, including Plaintiffs and the FLSA Collective, overtime wages for hours that they worked in excess of 40 hours per workweek; and

    C. willfully failing to record all of the time that Defendants' employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

45. Defendants are aware or should have been aware that federal law required them to pay employees an overtime premium for hours worked in excess of 40 per workweek.

46. Defendants' unlawful conduct has been widespread, repeated, and consistent.

47. Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims earlier than they did. Defendants did so by, *inter alia*, leading Plaintiffs and Class Members to believe that they were independent contractors and not employees.

48.     Defendants are liable under the FLSA, for *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.  Upon information and belief, CTG operates more than seven CTG franchise companies in the State of New York and each CTG franchise company jointly employs numerous drivers.  Accordingly, there are numerous similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

49.     Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all drivers at any CTG franchise company in New York State, on or after the date that is six years before the filing of the Class Action Complaint in this case (the "Rule 23 Class").

50.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

51.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

52.     Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the

calculation of that number depends are presently within the sole control of Defendants.

53.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

54.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

A.  whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

B.  whether Defendants failed to compensate Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

C.  whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

D.  whether it was Defendants' policy or practice to fail to furnish Plaintiffs and the Class with an accurate statement of wages, hours worked, rates paid, and gross wages as required by the NYLL;

E.  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

F.  the nature and extent of class-wide injury and the measure of damages for those injuries.

55.     Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all members of the Rule 23 Class work, or have worked, for Defendants and were subject to the same policies and practices.  Plaintiffs and members of the Rule 23 Class

enjoy the same statutory rights under the NYLL to be paid overtime wages. Plaintiffs and members of the Rule 23 Class have all sustained similar types of damages as a result of Defendants' failures to comply with the NYLL. Plaintiffs and the members of the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

56.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the interests of the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 Class members.

57.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack

the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

58. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

59. Plaintiffs work for Defendants by providing transportation services to Defendants' clients in the New York City Metropolitan area.

60. In order to work for Defendants, Plaintiffs generally must incur the following expenses as payments to the Defendants: purchase of a franchise, a security deposit, a non-refundable administrative fee, a training fee and a fee for maps. A franchise may also be rented or financed by Defendants. These fees are for the benefit of the Defendants.

61. Plaintiffs are also required by Defendants to purchase a Blackberry with proprietary dispatch software in order to perform their job duties.

62. Defendants assign trips for their clients to Plaintiffs through a dispatching service over the Blackberry.

63. Plaintiffs receive vouchers from Defendants' clients after completing a trip as payment for the transportation service.

64. Defendants set the fare charged to clients for transportation services.

65. Plaintiffs submit vouchers to Defendants in order to receive their wages.

66. Plaintiffs generally submit their vouchers on a weekly basis.

67.     Defendants generally deduct several fees from Plaintiffs' weekly payment of wages including but not limited to:  a weekly fee, a processing fee applicable to each voucher, a telephone charge for taxes, a fee for a purported health and welfare fund, and a voucher processing fee.

68.     Defendants establish a series of operating rules which Plaintiffs are required to follow.

69.     Defendants impose a series of fines on Plaintiffs for infractions of rules, which are deducted from their wages.

70.     In 2000, two rulings were made by the NLRB regarding the drivers of CTG Franchise Companies.  *See Aristacar & Limousine Ltd.,* Case No. 29-RC-9410 (Decision and Direction of Election, 7/19/2000) and *N.Y.C. 2 Way International,* Case No. 29-RC-9411 (Decision and Direction of Election, 7/31/2000) (copies attached as Exhibits D and E).  In each Decision, the NLRB Regional Director ruled that the drivers were "employees" and rejected CTG's claim that the drivers were "independent contractors."

71.     Plaintiffs consistently work more than 40 hours per week.

72.     Defendants are aware that Plaintiffs are employees under the law and working well over 40 hours per workweek, yet Defendants have failed to pay Plaintiffs any overtime compensation for any of the hours they work over 40 in a work week.

73.     Plaintiffs are required to attend a day-long training session at the beginning of their employment for which they receive no wages.

74.     Plaintiffs are required to carry and display signs with the name and logo of one of the Defendants in their vehicles.

75.     Defendants require Plaintiffs to provide transportation services exclusively to Defendants' clients and prohibit them from performing services for private clients without Defendants' consent.

76.     Defendants accept and investigate complaints from clients about Plaintiffs.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

77.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class Action Complaint.

79.     Plaintiffs have consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

80.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

81.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

82.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

83.     At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

84.     Defendants have failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

85. Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

86. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

87. As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

88. As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

89. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

90. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

91. At all times relevant, Plaintiffs and members of the Rule 23 Class have been employees and Defendants have been their employer within the meaning of the NYLL.

92. Plaintiffs and the Rule 23 Class members are covered by the NYLL.

93.     Defendants employed Plaintiffs and members of the Rule 23 Class as an employer.

94.     Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL Article 19 §650 *et seq*., and the supporting New York State Department of Labor Regulations.

95.     Defendants failed to pay Plaintiffs and members of the Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

96.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and members of the Rule 23 Class.

97.     Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

98.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Record Keeping Violations
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

99.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

100.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the

hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

101.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with an accurate statement of wages as required by NYLL Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

102.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6, § 198(1)-d, fifty dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6, § 198(1)-b, reasonable attorneys' fees, costs, injunctive and declaratory relief.

# FOURTH CAUSE OF ACTION
## New York Labor Law – Unlawful Deductions
### (Brought on behalf of Plaintiffs and the members of the Rule 23 Class)

103. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

104. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

105. Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

106. At all relevant times, Plaintiffs and the members of the Rule 23 Class have been employees and Defendants have been an employer within the meaning of the NYLL.

107. The provisions of NYLL § 193 apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

108. Defendants have willfully reduced the wages of Plaintiffs and the members of the Rule 23 Class by making unlawful deductions from their wages.

109. In addition, Defendants have forced Plaintiffs to incur expenses for Defendants' benefit without reimbursement. The required and unreimbursed expenses incurred by Plaintiffs and the members of the Rule 23 Class for the benefit of Defendants were unlawful deductions from the wages of Plaintiffs and the New York Class Members, in violation of NYLL § 193.

110. Due to these violations, Plaintiffs and the members of the New York Class are entitled to recover from Defendants deductions from their wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as drivers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and liquidated damages pursuant to NYLL;

D.      One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

E.      Fifty dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-b;

F.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

H.      Issuance of a declaratory judgment that the practices complained of in this Class

Action Complaint are unlawful under the NYLL;

      I.      Pre-judgment interest and post-judgment interest as provided by law;

      J.      Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining Defendants from continuing their unlawful practices;

      K.      Attorneys' fees and costs of the action;

      L.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York
   November 19, 2012

            Respectfully submitted,

            _____
            Adam T. Klein

            OUTTEN & GOLDEN LLP
            Adam T. Klein
            Michael J. Scimone
            Reena Arora
            3 Park Avenue, 29th Floor
            New York, New York 10016
            Telephone: (212) 245-1000

            *Attorneys for Plaintiffs and*
            *the Putative Class and Collective*