Evan J. Spelfogel
espelfogel@ebglaw.com
Douglas Weiner
dweiner@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MAZHAR SALEEM and JAGJIT SINGH, individually and on behalf of all others similarly situated, | : <br> : |
| Plaintiffs, | : <br> : |
| - against - | : <br> : |
| CORPORATE TRANSPORTATION GROUP, LTD., CORPORATE TRANSPORTATION GROUP INTERNATIONAL, CORPORATE TRANSPORTATION GROUP WORLDWIDE, INC., NYC 2 WAY INTERNATIONAL, LTD., ALLSTATE PRIVATE CAR & LIMOUSINE, INC., ARISTACAR & LIMOUSINE, LTD., TWR CAR AND LIMO, LTD., EXCELSIOR CAR AND LIMO, INC., HYBRID LIMO EXPRESS, INC., EDUARD SLININ, and GALINA SLININ, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

ECF CASE

12 CV 08450 (JMF)

**ANSWER OF ALL DEFENDANTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants Corporate Transportation Group, LTD., Corporate Transportation Group International, Corporate Transportation Group Worldwide, Inc., NYC 2 Way International, LTD., Allstate Private Car & Limousine, Inc., Aristacar & Limousine, LTD., TWR Car And Limo, LTD., Excelsior Car And Limo, Inc., Hybrid Limo Express, Inc., Eduard Slinin, and Galina Slinin by their attorneys, Evan J. Spelfogel and Douglas Weiner, Epstein Becker & Green, P.C., for their answer to the Complaint:

1

1.      Deny the allegations in paragraph 1.

2.      Deny the allegations in paragraph 2.

3.      Deny the allegations in paragraph 3.

4.      State that paragraph 4 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 4.

5.      State that paragraph 5 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 5.

6.      State that paragraph 6 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 6.

7.      State that paragraph 7 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 7.

8.      State that paragraph 8 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 8.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.      State that paragraph 10 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 10.

11.      State that paragraph 11 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 11.

2

12.     State that paragraph 12 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 12.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Deny the allegations in paragraph 14.

15.     Deny the allegations in paragraph 15.

16.     Admit the allegations in paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Deny the allegations in paragraph 18.

19.     Deny the allegations in paragraph 19.

20.     Admit the allegations in paragraph 20.

21.     Deny the allegations in paragraph 21.

22.     Deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23.

24.     Admit the allegations in paragraph 24.

25.     Admit the allegations in paragraph 25.

FIRM:19778646v4

26.    State that paragraph 26 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations in paragraph 26 A-K, assert that said decision was a decision of an NLRB Regional Director and not of the NLRB and that the unions involved withdrew their petitions for an election among affected workers and terminated the proceedings prior to any review or determination by the NLRB itself, and respectfully refer the Court to the referenced document for its specifics.

27.    Admit the allegations in paragraph 27 A and C, and deny the allegations in paragraph 27B.

28.    Deny the allegations in paragraph 28.

29.    Deny the allegations in paragraph 29.

30.    Deny the allegations in paragraph 30.

31.    Deny the allegations in paragraph 31.

32.    Deny the allegations in paragraph 32.

33.    Deny the allegations in paragraph 33.

34.    Deny the allegations in paragraph 34.

35.    Deny the allegations in paragraph 35.

36.    Deny the allegations in paragraph 36.

37.    Deny the allegations in paragraph 37.

FIRM:19778646v4

38.     Deny the allegations in paragraph 38.

39.     Deny the allegations in paragraph 39.

40.     Deny the allegations in paragraph 40.

41.     Deny the allegations in paragraph 41.

42.     State that paragraph 42 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 42.

43.     Deny the allegations in paragraph 43.

44.     Deny the allegations in paragraph 44 A-C.

45.     State that paragraph 45 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 45.

46.     Deny the allegations in paragraph 46.

47.     Deny the allegations in paragraph 47.

48.     State that paragraph 48 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 48.

49.     State that paragraph 49 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 49.

50.     State that paragraph 50 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 50.

FIRM:19778646v4

51.     State that paragraph 51 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 51.

52.     State that paragraph 52 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 52.

53.     State that paragraph 53 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 53.

54.     State that paragraph 54 A-F sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 54 A-F.

55.     State that paragraph 55 sets forth conclusions of law as to which a response is not required, but if any response is required, deny the allegations in paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     State that paragraph 57 sets forth conclusions of law as to which a response is not required, but if a response is required, deny the allegations in paragraph 57.

58.     State that paragraph 58 sets forth conclusions of law as to which a response is not required, but if a response is required, deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60.

61.     Deny the allegations in paragraph 61.

FIRM:19778646v4

62.     Deny the allegations in paragraph 62.

63.     Deny the allegations in paragraph 63.

64.     Deny the allegations in paragraph 64.

65.     Deny the allegations in paragraph 65.

66.     Deny the allegations in paragraph 66.

67.     Deny the allegations in paragraph 67.

68.     Deny the allegations in paragraph 68.

69.     Deny the allegations in paragraph 69.

70.     State that paragraph 70 sets forth conclusions of law as to which a response is not required, but if a response is required deny the allegations in paragraph 70, assert that said decisions were decisions of an NLRB Regional Director and not of the NLRB and that because the unions involved failed to win a majority of votes concerning affected workers, pursuant to the National Labor Relations Act ("NLRA") and the Rules of the NLRB, the affected franchise companies did not have an opportunity to ask the NLRB to review and set aside the decisions of the Regional Director, and respectfully refer the Court to the referenced documents for their specifics.

71.     Deny the allegations in paragraph 71.

72.     Deny the allegations in paragraph 72.

73.     Deny the allegations in paragraph 73.

7

74.     Deny the allegations in paragraph 74.

75.     Deny the allegations in paragraph 75.

76.     Deny the allegations in paragraph 76.

77.     Defendants repeat their responses to paragraphs 1 through paragraph 76.

78.     Deny the allegations in paragraph 78.

79.     State that paragraph 79 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 79.

80.     State that paragraph 80 sets forth conclusions of law as to which a response is not required, but if a response is required, deny the allegations in paragraph 80.

81.     Deny the allegations in paragraph 81 regarding plaintiffs.

82.     Deny the allegations in paragraph 82 regarding plaintiffs.

83.     Deny the allegations in paragraph 83.

84.     Deny the allegations in paragraph 84.

85.     Deny the allegations in paragraph 85.

86.     State that paragraph 86 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations of paragraph 86.

87.     Deny the allegations in paragraph 87.

FIRM:19778646v4

88.     State that paragraph 88 sets forth conclusions of law as to which a response is not required, but if one is required, deny the allegations in paragraph 88.

89.     Defendants repeat their responses to paragraphs 1 through paragraph 88.

90.     Deny the allegations in paragraph 90.

91.     Deny the allegations in paragraph 91.

92.     Deny the allegations in paragraph 92.

93.     Deny the allegations in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny the allegations in paragraph 97.

98.     Deny the allegations in paragraph 98.

99.     Defendants repeat their responses to paragraphs 1 through paragraph 98.

100.    Deny the allegations in paragraph 100.

101.    Deny the allegations in paragraph 101.

102.    Deny the allegations in paragraph 102.

103.    Defendants repeat their responses to paragraphs 1 through paragraph 102.

FIRM:19778646v4

104.    Deny the allegations in paragraph 104.

105.    Deny the allegations in paragraph 105.

106.    Deny the allegations in paragraph 106.

107.    Deny the allegations in paragraph 107.

108.    Deny the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109.

110.    Deny the allegations in paragraph 110.

**FIRST DEFENSE**

111.    Defendant properly classified plaintiffs as independent contractors pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201, *et. seq.* ("FLSA") and New York Labor Law 12 NYCRR § 142 *et. seq.* ("NYLL").

**SECOND DEFENSE**

112.    Plaintiffs are estopped from claiming they are employees by virtue of equitable estoppel or quasi judicial estoppel because plaintiffs never complained about defendants' pay practices and themselves declared under oath or penalties of perjury that they were independent contractors.

**THIRD DEFENSE**

113.    In the event plaintiffs are deemed employees of defendants (which defendants deny), plaintiffs were exempt from the overtime provisions of the FLSA and NYLL

10

and the regulations and rulings thereunder by virtue of 29 U.S.C. § 213(b)(17) and thus are not entitled to overtime compensation under federal or state law.

## FOURTH DEFENSE

114.   In the event plaintiffs are deemed employees of defendants (which defendants deny), plaintiffs were exempt employees under the administrative exemption as defined by the FLSA and NYLL, and the regulations and rulings thereunder, and thus are not entitled to overtime compensation under federal or state law.

## FIFTH DEFENSE

115.   In the event plaintiffs are deemed employees of defendants (which defendants deny), plaintiffs were exempt employees pursuant to the motor carrier exemption as defined by the FLSA and the regulations and rulings thereunder, and thus are not entitled to overtime compensation under the federal or state law.

## SIXTH DEFENSE

116.   In the event plaintiffs are deemed employees of defendants (which defendants deny), plaintiffs are due no overtime by virtue of the commissioned exemption of 29 U.S.C. § 207(i).

## SEVENTH DEFENSE

117.   In the event plaintiffs are deemed employees of defendants (which defendants deny), plaintiffs are due no overtime by virtue of the outside sales exemption of 29 U.S.C. § 213(a)(1).

FIRM:19778646v4

**EIGHTH DEFENSE**

118.    Defendants have acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor, or administrative practices or enforcement policies of said Administrator and, accordingly, the action is barred under the Portal-to-Portal Act, 29 U.S.C. § 259.

**NINTH DEFENSE**

119.    In the event plaintiffs are deemed misclassified employees and not exempt (which defendants deny), defendants relied on plaintiffs' representations and did not willfully violate federal or state law.

**TENTH DEFENSE**

120.    Defendants conducted business with plaintiffs in good faith and with a reasonable basis to believe plaintiffs were properly classified as independent contractors in compliance with the FLSA and NYLL.  Therefore, in the event plaintiffs are due unpaid overtime compensation (which defendants deny), plaintiffs are not entitled to liquidated damages.

**ELEVENTH DEFENSE**

121.    The Complaint is barred in whole or in part by the statute of limitations, by reason of:

1.    This action was commenced on November 19, 2012.

2.    NYLL claims prior to November 19, 2006 are barred by the six year statute of limitations.

FIRM:19778646v4

3.      Willful FLSA claims of Saleem and Singh prior to November 19, 2009 are barred by the three year statute of limitations.

4.      Non-willful FLSA claims of Saleem and Singh prior to November 19, 2010 are barred by the two year statute of limitations.

5.      The Complaint purports to assert claims by plaintiffs prior to these applicable limitation periods.

6.      Accordingly, claims arising prior to the applicable limitations periods are barred.

## TWELFTH DEFENSE

122.    This Court should decline to grant supplemental jurisdiction over the state law claims which precede the federal statute of limitations, on the ground that as to those, there is no federal question or other federal subject matter jurisdiction.

## THIRTEENTH DEFENSE

123.    In the event plaintiffs are deemed non-exempt employees (which defendants deny), defendant did not suffer or permit plaintiffs to work any overtime.

## FOURTEENTH DEFENSE

124.    If plaintiffs are deemed non exempt employees, to the extent plaintiffs are entitled to overtime payments (which defendants deny) some or all of plaintiffs' claims may be subject to the *de minimis* rule, 29 C.F.R. § 785.47 because they involve insignificant amounts of overtime.

## FIFTEENTH DEFENSE

125.    If plaintiffs are deemed non-exempt employees (which defendants deny), a necessary and indispensable party is each plaintiff's franchise owner and/or franchise lessor.

FIRM:19778646v4

## SIXTEENTH DEFENSE

126.     Plaintiffs are not proper representatives of the purported class they seek to represent, and the purported class is not a class which properly can be certified in this action.

## SEVENTEENTH DEFENSE

127.     This action cannot be maintained as a Rule 23 class action as plaintiffs fail to meet the requirements as proper representatives for plaintiffs' state law claims.

## EIGHTEENTH DEFENSE

128.     This action cannot be maintained as a class action as plaintiffs fail to meet the requirements of section 901 of the New York Civil Practice Law and Rules.

## NINETEENTH DEFENSE

129.     This action cannot be maintained as a collective action as plaintiffs fail to meet the requirements of 29 U.S.C. § 216(b) and applicable case law.

## TWENTIETH DEFENSE

130.     Plaintiffs cannot bring this action in a representative capacity because they are not similarly situated to other franchisees, or to the class of persons whom they purport to represent in this action.

## TWENTY-FIRST DEFENSE

131.     If plaintiffs are deemed employees (which defendants deny) the necessity of individualized inquiries prevents this action from being a proper class and/or collective action.

FIRM:19778646v4

## TWENTY-SECOND DEFENSE

132.    Defendants oppose collective action and class certification and dispute the propriety of collective and class treatment.  If the Court certifies a collective or class action in this case over Defendants' objections, then Defendants assert the applicable affirmative and other defenses set forth herein against each and every member of the certified class or collective action.

## TWENTY-THIRD DEFENSE

133.    Plaintiffs' Rule 23 class claim violates the Rules Enabling Act and is inherently incompatible with their section 216(b) collective action claim.  Accordingly, this Court should dismiss plaintiffs' Rule 23 class allegations.

## TWENTY-FOURTH DEFENSE

134.    There is no subject matter jurisdiction over Galina Slinin who has no authority to hire or fire workers or any operational control over any of the businesses whatsoever.

## TWENTY-FIFTH DEFENSE

135.    If plaintiffs are deemed non-exempt employees entitled to overtime (which defendants deny), the additional half-time method of calculating an overtime rate is appropriate as the payments plaintiffs received are deemed straight time for all weekly hours worked pursuant to *Overnight Motor Transportation Co. Inc. v. Missel*, 316 U.S. 572 (1942).

FIRM:19778646v4

WHEREFORE, defendants demand judgment dismissing the Complaint with prejudice, awarding them the costs of this action, and granting such other relief as the Court may deem just and proper.

New York, New York
January 11, 2013                         By:   s/ Evan J. Spelfogel
                                                Evan J. Spelfogel
                                                Douglas Weiner
                                         EPSTEIN BECKER & GREEN, P.C.
                                         250 Park Avenue
                                         New York, New York  10177-1211
                                         Phone:  (212) 351-4500
                                         *Attorneys for Defendants*

To:  Adam Klein, Esq.
     OUTTEN & GOLDEN LLP
     3 Park Avenue, 29th Floor
     New York, New York 10016
     (212) 245-1000
     *Attorneys for Plaintiffs*

FIRM:19778646v4