D+P

## EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

DOUGLAS WEINER
TEL: 212.351.4770
FAX: 212.878.8681
DWEINER@EBGLAW.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/13

March 8, 2013

**VIA EMAIL: Furman_NYSDChambers@nysd.uscourts.gov**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 1105
New York, NY 10007

      Re:   *Saleem, et al. v. Corporate Transportation Group, Ltd., et al.,*
                  Case No. 12 Civ. 8450

Dear Judge Furman:

      We represent defendants in the above-referenced matter, and write pursuant to Your Honor's direction to provide supplemental briefing on *Cariani v. D.L.C. Limousine Serv.*, 363 F. Supp. 2d 637 (S.D.N.Y. 2005) and the taxicab exemption. Defendants' primary defense is that plaintiffs were and are properly classified as independent contractors, in full compliance with the Fair Labor Standards Act ("FLSA"). However, in the alternative, if this Court finds that plaintiffs were and are employees – which defendants deny – plaintiffs' claim for unpaid overtime wages would still fail due to the *Cariani* court's application of the taxicab exemption.

      Taxicab operators fall under a statutory exemption to the maximum hours rule of FLSA Section 207. Section 213(b)(17) of the FLSA provides that Section 207 "shall not apply with respect to…(1) any driver employed by an employer engaged in the business of operating taxicabs." In *Cariani*, the Honorable Colleen McMahon found that the defendant was entitled to the taxicab exemption, by virtue of United States Department of Labor ("DOL") definition of the "business of operating taxicabs." The court noted that the FLSA does not define the term "taxicab" or "taxicab operator." *Cariani* at 638. For guidance on these definitions, the court relied on Chapter 24h of the DOL's Field Operations Handbook, which defines the term "business of operating taxicabs" as follows:

ATLANTA • BOSTON • CHICAGO • HOUSTON • INDIANAPOLIS • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

FIRM:20239964v2

Judge Furman
March 8, 2013
Page 2

> "Business of operating taxicabs." The taxicab business consists normally of common carrier transportation in small motor vehicles of persons and such property as they may carry with them to any requested destination in the community. The business operates without fixed routes or contracts for recurrent transportation. It serves the miscellaneous and predominantly local transportation need of the community. It may include such occasional and unscheduled trips to or from transportation terminals as the individual passengers may request, and may include stands at the transportation terminals as well as at other places where numerous demands for taxicab transportation may be expected.

The court noted that "[t]he purpose of the enumerated exemptions to the FLSA is to exclude employment "of a character or with employees of a class to which application of the provisions of the Act [FLSA] for minimum wages and maximum hours is either impracticable or impossible, ..." *Cariani* at 641 (citations omitted). In our case, plaintiffs themselves decide when, how long and how frequently to work and do not record or report their hours of work to defendants, making the overtime provisions of the FLSA impractical or impossible to apply.

The *Cariani* Court's analysis of the taxicab exemption remains good law in this District and this Circuit. No case in this District, nor any case within the Second Circuit, has criticized *Cariani* for its analysis of the taxicab exemption based on the Department of Labor's Field Operations Handbook. The only criticism *Cariani* has received within the Second Circuit is based upon the procedural aspects of the case, as the decision was based on a motion to dismiss on the pleadings, rather than on a summary judgment motion after discovery. *See Casares v. Henry Limousine Ltd.*, 2009 U.S. Dist. LEXIS 97352 (S.D.N.Y. Oct. 21, 2009) (denying Rule 12(b)(1) motion to dismiss, holding that since there were facts beyond the pleadings involving matters material to the taxicab exemption, a determination of whether defendant had established the exemption "should await further *discovery and briefing on summary judgment on these threshold exemption issues.*") (emphasis added); *Saca v. Dav-El Reservation System, Inc.*, 600 F. Supp. 2d 483 (E.D.N.Y. 2009) (denying a Rule 12(b)(1) motion to dismiss based on the conclusion that a defendant claiming an FLSA exemption is challenging the merits of the FLSA claim rather than the court's subject-matter jurisdiction over the controversy); *Fox v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 2009 U.S. Dist. LEXIS 53834 (E.D.N.Y. June 25, 2009) (denying defendant's Rule 12(b)(1) motion to dismiss, finding that defendant's claim of exemption from the FLSA based on the taxicab exemption was properly construed as a challenge to the merits of a claim rather than the court's jurisdiction). The only other discussion of *Cariani* within the Second Circuit is a citation for the proposition that "[e]ven a modest amount of interstate driving may exempt a driver from the FLSA." *Vysovsky v. Glassman*, 2007 U.S. Dist. LEXIS 79725, 12-13 (S.D.N.Y. Oct. 23, 2007).[1]

---

[1]     Two cases in the Southern District of Florida have cited *Cariani* for its analysis of the taxicab exemption. *See Abel v. Southern Shuttle Servs.,* 2008 U.S. Dist. LEXIS 44925 (S.D. Fla. June 9, 2008) (applying *Cariani* and the DOL Field Operations Handbook to find the taxicab exemption applied) (overturned by *Abel v. Southern Shuttle*

Judge Furman
March 8, 2013
Page 3


        In our case, defendants will move for summary judgment after discovery, so the procedural criticisms of *Cariani* are not present.

        It is respectfully submitted that due to the graveman of the defendants' affirmative defenses, the defendants' proposed case management plan is a more efficient approach to adjudicate this action quickly, fairly and without unnecessary expense. As requested by the Court, we herewith attach a copy of defendants' proposed case management plan in Word format.

Respectfully submitted,

Douglas Weiner
Evan J. Spelfogel


cc via email:   Steven J. Kahn, Esq.
                Adam T. Klein, Esq.
                Justin Swartz, Esq.
                Michael J. Scimone, Esq.
                Reena Arora, Esq

---

*Servs.*, 301 Fed. Appx. 856 (11th Cir. 2008), based on a finding that the shuttle service that operated as "shared ride" transportation with multiple unaffiliated passengers did not fit within the DOL's Field Operations Handbook definition of "business of operating taxicabs.");

*Rossi v. Associated Limousine Servs.*, 438 F. Supp. 2d 1354 (S.D. Fla. 2006) (remaining "respectful of the *Cariani* decision and its reliance on § 24h of the Department of Labor's Field Operation Handbook," but granting summary judgment for the plaintiff "under the circumstances of this case.")