Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian
Ossai Miazad
Cara E. Greene
Rachel M. Bien

Lewis M. Steel
Paul W. Mollica
Molly Brooks
Nantiya Ruan

Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York*
Reena Arora
Delyanne D. Barros
Katherine Blostein
Cyrus E. Dugger
Jennifer Liu
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Amber C. Trzinski
Juno Turner
Elizabeth Wagoner

## OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr 09, 2013

April 4, 2013

**Via Email**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street, Room 630
New York, NY 10007

Re:   *Saleem v. Corporate Transportation Group, Ltd., et al.*, 12 Civ. 8450

Dear Judge Furman,

We represent Plaintiffs and the putative class and collective in the above-referenced action. We write in response to Defendants' April 1 request to compel production of six years of tax returns filed by fourteen opt-in Plaintiffs. Defendants' letter uses this marginal dispute as a pretext to argue the merits of their defense. Defendants' arguments are neither germane to the discovery issue presented nor supported by facts in the record. No evidentiary record yet exists in this case, and the Court should disregard the substantial portions of Defendants' letter attempting to argue the merits of their defenses.

Defendants seek to distract the Court from the law relevant to the dispute. Defendants are silent about the well-established standard that courts in this District apply to discovery of tax returns. Courts recognize that "[t]ax returns qualify as protected matter," *Ellis v. City of N.Y.*, 243 F.R.D. 109, 111-12 (S.D.N.Y. 2007), and "are reluctant to order their discovery in part because of the private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." *Chen v. Republic Rest. Corp.*, No. 07 Civ. 3307, 2008 WL 793686, at *2 (S.D.N.Y. Mar. 26, 2008) (internal quotation marks omitted). Therefore, "to reconcile privacy concerns with liberal pretrial discovery, a two prong inquiry must be used . . . . Tax documents should not be provided for discovery purposes unless 1) they appear relevant to the subject matter of the action, and 2) that there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable." *Id.* (internal citations omitted); *see also Ellis*, 243 F.R.D. at 112. Defendants cannot satisfy the second element.

**Plaintiffs' Tax Returns are At Best Marginally Probative of their Employment Status**

Plaintiffs concede that their tax returns are relevant to this litigation, given the broad definition of relevance in civil discovery. *See Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) ("relevance, for purposes of discovery, is an extremely broad concept"). However, Defendants fail to show a "compelling need" for Plaintiffs' tax returns. This is because courts do not consider an employee's tax classification to be a powerful indicator of the "economic reality" underlying the employment relationship. *See Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983) ("the fact that [plaintiffs] . . . listed themselves as self-employed on their tax returns . . . does not tip the balance in favor of independent contractor status where, as here, the economic realities of the situation indicate that the employee depended upon the employer for his livelihood . . . . A person's subjective opinion that he is a businessman rather than an employee does not change his status."). Independent contractor status under the FLSA depends on a fact-intensive inquiry into "whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988). Tax returns are minimally probative of this question. Employees typically file income taxes using the forms their employers provide. Here, Defendants themselves admit that they provided CTG drivers with 1099 forms to report their income. *See* Defs' letter dated Apr. 1, 2013 at ¶ 2. However, "an employer's self-serving label of workers as independent contractors is not controlling." *Superior Care*, 840 F.2d at 1059. The fact that CTG drivers may not have had the sophistication or resources to independently research how to self-report their income as wages and pay withholding taxes bears little relevance to the economic reality inquiry under the FLSA. Defendants cannot show any "compelling need" for Plaintiffs' tax returns because they do not bear significantly on the central issues in this case.

New York Labor Law, in analyzing independent contractor status, "focuses on the degree of control exercised by the purported employer . . . ." *Browning v. Ceva Freight, LLC*, 885 F. Supp. 2d 590, 598 (E.D.N.Y. 2012) (internal quotation marks omitted). Like the FLSA, NYLL does not consider labels outcome-determinative. *See Gagen v. Kipany Prods., Ltd.*, 27 A.D.3d 1042, 1043 (N.Y. App. Div. 2006) (tax status, while "a significant consideration . . . is generally not singularly dispositive."). Defendants' authority to the contrary is unpersuasive. The court in *Deboissiere v. American Modification Agency*, No. 09 Civ. 2316, 2010 WL 4340642 (E.D.N.Y. Oct. 22, 2010), raised independent contractor status *sua sponte*, without benefit of briefing by the parties, in the course of considering a motion for class certification in a case where the defendant had defaulted. In this unusual posture, the court held that the plaintiffs could not show predominance without evidence of common policies relevant to independent contractor status. The opinion did not rest exclusively on how the plaintiffs reported their taxes, but held that "certain factors suggest an employment relationship while other factors reflect a legitimate independent contractor classification . . . any particular proposed class member's status *might be* a close question." *Id.* at *4 (emphasis added). The court pointed out that on class certification, "the relevant inquiry considers whether common questions predominate over individualized issues, not the merits of Plaintiffs' claims." *Deboissiere* does not, as Defendants suggest, support an argument that an employee's tax classification establishes "quasi-judicial estoppel."

Judge Francis addressed this precise issue in denying a defendant's motion to compel employees' tax returns in *Ke v. 85 Fourth Ave. Inc.*, No. 07 Civ. 6897, ECF No. 28 (S.D.N.Y.

Jan. 26, 2009) (enclosed as Exhibit A), which concerned whether putative employees were correctly classified as independent contractors. Judge Francis held that "Defendants have not shown a compelling need for the returns since plaintiffs' status as employees or independent contractors is not dependent upon whether they had other employment." *Id.* at *2. Although Plaintiffs' counsel provided Defendants with a copy of this decision, which is precisely on point, Defendants provided no countervailing case law or argument during the parties' meet-and-confer process that would suggest a different outcome here.

The National Labor Relations Board was able to determine that CTG's drivers were employees without relying on their tax classification. *See Aristacar & Limousine Ltd.*, Case No. 29-RC-9410 at *20 (Decision and Direction of Election, July 19, 2000); *N.Y.C. 2 Way Int'l*, Case No. 29-RC-9411 at * 19 (Decision and Direction of Election, July 31, 2000). Both cases noted that drivers were paid using 1099s, but did not consider this factor relevant to the analysis.

### Plaintiffs' Deposition Testimony Is a Sufficient Alternative

Even if Defendants could demonstrate a "compelling need" for Plaintiffs' tax returns, they have not shown that the information they seek is not available from other sources. Courts have held that deposition testimony is typically sufficient to supply the information Defendants seek here, and have therefore denied production of tax returns. *See Sabatelli v. Allied Interstate, Inc.*, No. 05 Civ. 3205, 2006 WL 2620385, at *1 (E.D.N.Y. Sept. 13, 2006) (holding that information about opposing party's finances "is otherwise readily available in that plaintiff may make inquiry during the depositions of these defendants as to this information."); *see also Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 150 (E.D.N.Y. 2008).

There is simply no factual support for Defendants' speculation that Plaintiffs' returns would "likely" show that they "took tens of thousands of dollars of itemized business deductions . . . .," Defs.' Letter at 1-2, and the Court should ignore this unsupported attempt to cloud the record. To the extent Plaintiffs did claim business expenses not available to employees, the fact that they claimed those deductions, not the amount of them, would be relevant at the liability phase of this litigation. Again, Defendants can determine whether and how Plaintiffs claimed deductions through depositions.

Plaintiffs' tax returns, whatever they would show, do not "refute" plaintiffs' claims, as Defendants suggest, and Defendants' request for them is not focused on "the facts most relevant to the economic reality of the plaintiffs' relationship to CTG." *See Superior Care*, 840 F.2d at 1059 (discussing economic reality test). Defendants have not established a compelling need for any information in Plaintiffs' tax returns that is not available either through records Defendants themselves provided or through deposition testimony. Plaintiffs respectfully request that Defendants' motion be denied.

Respectfully submitted,

Michael J. Scimone

Enclosures

C:    Douglas Weiner, Esq. (via Email)
      Evan J. Spelfogel, Esq. (via Email)
      Stephen H. Kahn, Esq.
      Adam T. Klein, Esq.
      Reena Arora, Esq.

```
Defendants have made an adequate showing of need for Plaintiffs' tax
returns.  See, e.g., Browning v. Ceva Freight, LLC, 885 F. Supp. 2d
590, 605 (2012).  Accordingly, Plaintiffs are ordered to turn over the
requested tax returns no later than April 15, 2013.  Defendants may
not use the tax returns or otherwise disclose them to any third party,
except in connection with this litigation.  Any tax returns submitted
to the Court shall be submitted with a request to be filed under seal.

                                            SO ORDERED.


                                            April 9, 2013
```