# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

DOUGLAS WEINER
TEL: 212.351.4770
FAX: 212.878.8681
DWEINER@EBGLAW.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2013

April 1, 2013

**VIA EMAIL:** Furman_NYSDChambers@nysd.uscourts.gov

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Centre Street, Room 1105
New York, NY 10007

      Re:    *Saleem, et al. v. Corporate Transportation Group, Ltd., et al.*,
            Case No. 12 Civ. 8450 (JMF)

Dear Judge Furman:

      This firm represents the defendants in this action ("CTG"). We write in accord with Local Civil Rule 37.2 and Your Honor's individual rules of practice to raise a discovery dispute with the Court. Although counsel for the parties conferred on March 26, 2013 in a good faith effort to resolve the issue, the plaintiffs refuse to produce documents directly relevant to the central issue of this case regarding their status as independent contractors or CTG's employees.

      Plaintiffs were franchise drivers, performing work as owner-operators of their own radio dispatched black car taxicabs. CTG did not control or supervise the manner of their services but engaged them as independent contractors. They set their own schedules and submitted invoices to CTG for payment only for the trips they performed. CTG paid plaintiffs as self-employed business operators and issued IRS Forms 1099 to them. Plaintiffs were not restricted to CTG and could render services to any other ground transportation business as they chose. Plaintiffs could select their preferred manner of payment, choosing from a range of CTG's payment options considering varying factors of revenue rates and speed of payment. Plaintiffs were not treated by CTG as employees, did not appear on CTG's payroll records, were not reimbursed for expenses and did not receive employee benefits.

      Defendants' request for plaintiffs' tax returns is based upon the belief that the documents will show plaintiffs declared themselves to the IRS to be independent contractors, taking full advantage of the many tax deductions permitted to business operators, but denied to employees. Plaintiffs' returns are likely to constitute undisputed facts that they categorized

ATLANTA • BOSTON • CHICAGO • HOUSTON • INDIANAPOLIS • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

FIRM:20365063v4

Judge Furman
April 1, 2013
Page 2


themselves as independent contractors year after year, and took tens of thousands of dollars of itemized business deductions for conducting the business activities they performed while operating their sole proprietorships. Defendants have no other source of plaintiffs' tax returns than the plaintiffs' themselves. As stated in Deboissere v. American Modification Agency, 2010 U.S. Dist. LEXIS 113776 (Oct. 22, 2010) at *8-*9:

> In addition, it is a "significant consideration" if the person classifies himself or herself as an independent contractor for income tax purposes. [citation omitted] Indeed, though not quite rising to the level of estoppel, if a plaintiff signs a tax return "under penalty of perjury" that declares independent contractor status and seeks "numerous deductions for business proposes associated with independent contractor status, such as travel, entertainment, lodging, supplies, telephone and depreciation of business assets," such a tax return may significantly impede the plaintiff's ability to claim employee status for purposes of filing an overtime or minimum wage claim. Also in accord, see Browning v. CEVA Freight, LLC, 2012 U.S. Dist. LEXIS 114002 (Aug. 11, 2012, E.D.N.Y.) at *24.

Plaintiffs' tax returns are likely to prove they declared themselves to be self-employed sole proprietors of their own "owner/operator" businesses, which is precisely how CTG paid them. Consistent with their self-employed status, plaintiffs' business activities will be evidenced as itemized business expenses, identified on Schedule C of their federal tax returns as specified tax deductions. For example, the documents supporting plaintiffs' tax deductions for business expenses such as "commissions and fees", "insurance", "legal and professional services", as well as "radio dues" and "voucher fees" are highly relevant to CTG's position, refute the plaintiffs' claims, and support the affirmative defense of quasi judicial estoppel. Despite the highly probative nature of these documents, and the inability of defendants to secure these documents from any other source, plaintiffs refuse to produce these documents to defendants without this Court's intervention.

The plaintiffs' records evidencing their business activities are highly probative of CTG's defense that the plaintiffs were properly classified as independent contractors, and not employees of CTG as alleged in the Complaint. Each of the requested documents describing the plaintiffs' business activities is directly probative of the defendants' assertion that plaintiffs were properly classified as independent contractors. Defendants' discovery requests are narrowly focused on the facts most relevant to the economic reality of the plaintiffs' relationship to CTG. The plaintiffs' tax returns are the most comprehensive and readily available evidence of their economic activity, including sources of income and business expenses. The requested documents are within plaintiffs' possession and defendants know of no other source for them.

The defendants request for plaintiffs' tax returns was discussed at the initial conference on March 5, where we understood Your Honor to require their production "in the ordinary course of discovery". On March 15, 2013 defendants served their first request for documents, including requests for plaintiffs' tax returns. Although responses are currently due April 15, on March 26 plaintiffs' counsel advised us that they will object to their production.

FIRM:20365063v4

Judge Furman
April 1, 2013
Page 3


Rather than delay in seeking a resolution of this dispute, defendants request an order to compel plaintiffs to timely produce the requested documents.

        Accordingly, CTG respectfully requests an Order from the Court compelling plaintiffs to produce the requested documents on or before April 15, 2003.

                              Respectfully submitted,


                              Douglas Weiner
                              Evan J. Spelfogel


cc via email:   Steven J. Kahn, Esq.
                   Adam T. Klein, Esq.
                   Justin Swartz, Esq.
                   Michael J. Scimone, Esq.
                   Reena Arora, Esq

FIRM:20365063v4