## OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian
Ossai Miazad
Cara E. Greene
Rachel M. Bien

*Advocates for Workplace Fairness*

Lewis M. Steel
Paul W. Mollica
Molly Brooks
Nantiya Ruan

Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York
Reena Arora
Delyanne D. Barros
Katherine Blostein
Cyrus E. Dugger
Jennifer Liu
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Amber C. Trzinski
Juno Turner
Elizabeth Wagoner



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/08/2013

June 28, 2013

**Via Email**
The Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, NY 10007

Re:   *Saleem v. Corporate Transportation Group, Ltd., et al.*, 12 Civ. 8450
      Motion to quash subpoenas and for a protective order

Dear Judge Furman:

    We represent Plaintiffs, the collective, and a putative class of "black car" drivers in the above-referenced case. We write pursuant to the Court's individual practices to raise a discovery dispute and request an informal conference. On June 12 and 13, 2013, before any opt-in Plaintiffs had been deposed, Defendants notified us that they intended to serve 19 subpoenas *duces tecum* on third parties unrelated to this case. The subpoenas seek "any and all documents, including, but not limited to, any litigation documents, subpoenas, restraints, inquiries, customer complaints, security files, applications, franchise agreements, voucher earnings statements, 1099s, and personnel files," from November 2006 through the present, for every opt-in Plaintiff who has joined this case to date.[1]

    The subpoenas seek personal and private information that is either obtained more easily and inexpensively from other sources or already in Defendants' possession. They serve no proper purpose, and are intended only to harass Plaintiffs and interfere with their relationships with current and prospective employers. The parties have met and conferred, but Defendants have refused to narrow or rescind the subpoenas. Plaintiffs now move to quash the subpoenas under Fed. R. Civ. P. 45 and for a protective order under Fed. R. Civ. P. 26.

---

[1]   All 19 Subpoenas are all identical to the sample enclosed with this letter.

3 Park Avenue, 29th Floor, New York, NY 10016   Tel 212-245-1000   Fax 646-509-2060
6 Landmark Square, Suite 400, Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
203 North LaSalle Street, Suite 2100, Chicago, IL 60601   Tel 312-924-4888   Fax 646-509-2075
og@outtengolden.com   www.outtengolden.com

I.   **Plaintiffs Have Standing to Move to Quash the Subpoenas**

A party has standing to quash a third-party subpoena if he or she has a personal right or privilege with respect to the documents. *See Peterec-Tolino v. Commercial Elec. Contractors, Inc.*, No. 08 Civ. 891, 2010 WL 533127, at *1 (S.D.N.Y. Feb. 11, 2010) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)). The subpoenas seek Plaintiffs' employment and other personal information. "[C]ourts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Barrington v. Mortg. IT, Inc.*, No. 07 Civ. 61304, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007) (collecting cases); *Chamberlain v. Farmington Sav. Bank*, No. 06 Civ. 1437, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("plaintiff clearly has a personal right with respect to . . . his employment records").

Plaintiffs also have standing under Fed. R. Civ. P. 26(c). Because "the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26," courts permit parties to challenge subpoenas under Rule 26(c). *See Chamberlain*, 2007 WL 2786421, at *1; *Smartix Int'l, LLC v. Garrubbo, Romankow & Capese, P.C.*, No. 07 Civ. 1501, 2007 WL 4166035, at *2 (S.D.N.Y. Nov. 20, 2007); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011).

II.  **The Overly Broad Subpoenas Seek Information Already in Defendants' Possession**

Courts "examine whether . . . a subpoena *duces tecum* is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production." *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003). A court must limit discovery that is unreasonably cumulative or duplicative or is obtainable from another source more conveniently. Fed. R. Civ. P. 26(b)(2).

Defendants' fishing expedition seeks documents that are irrelevant to the claims in this case. The subpoenas are directed solely towards Plaintiffs' employment relationships, if any, with *third parties*. This case, however, concerns the "economic realities" of Plaintiffs' work for Defendants. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058-59 (2d Cir. 1988).

Defendants will argue that employment records from third parties are relevant because they bear on the permanence or duration of Plaintiffs' work with Defendants, a factor that is one part of the "economic realities" test under the FLSA. *Brock*, 840 F.2d at 1060 (evidence that a worker had a second or third job "weigh[s] slightly in favor of independent contractor status," **but** is "not dispositive" since "employees may work for more than one employer without losing their benefits under the FLSA"). But the subpoenas bear only a marginal relationship to this marginal factor. They seek information far beyond the fact or duration of Plaintiffs' employment relationships, calling for disciplinary, financial, and legal records that concern Plaintiffs' work performance, income, and involvement in other legal proceedings. Plaintiffs' "personnel files" also undoubtedly contain medical and other personal information. These documents have no relevance to this case. *See Hendricks*, 275 F.R.D. at 253-54 ("plaintiffs' former job duties and

personnel files have little to no bearing on . . . whether plaintiffs were exempt from the FLSA overtime pay requirements while employed by defendant"). The startling overbreadth of these subpoenas provides an independent reason to quash. See Barrington, 2007 WL 4370647, at *1, 4 (subpoenas on former employers seeking personnel and tax files, even if "marginally relevant," were overly broad); Richards v. Convergys Corp., Nos. 05 Civ. 790, 05 Civ. 812, 2007 WL 474012, at *4 (D. Utah Feb. 7, 2007) ("a blanket request for all documents regarding [plaintiff's] employment is overly broad.").

The information sought by the subpoenas is more easily obtained through depositions than through burdening third parties with overbroad subpoenas. If Defendants wish to know whether and how much Plaintiffs work for other employers, they simply need to ask. Moreover, the fact and extent of Plaintiffs' income from other employers is already evident from Plaintiffs' tax returns, which Plaintiffs have produced. The 1099's and earnings statements sought by the subpoenas thus disclose information Defendants already have.

### III.   The Subpoenas Intend to Harass Plaintiffs and Interfere with their Reputations

The subpoenas should also be quashed because they serve only to embarrass Plaintiffs and interfere with their ability to work. See Fed. R. Civ. P. (26)(c); Gambale v. Deutsche Bank AG, No. 02 Civ. 4791, 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003) (quashing subpoenas that "might cause a search firm with a good lead to offer it to another client rather than to [plaintiff]"). Plaintiffs work in a localized industry. The subpoenas will harm their ability to obtain work or receive a positive reference from other employers. See Bickley v. Schneider Nat'l, Inc., No. 08 Civ. 5806, 2011 WL 1344195, at *3 (N.D. Cal. Apr. 8, 2011) (quashing subpoenas due to "stigma associated with the issuance of the subpoenas, as evidence of Plaintiff's participation in a lawsuit against an employer"); Vuona v. Merrill Lynch, No. 10 Civ. 6529 (2011 WL 5553708, at *8-9 (S.D.N.Y. Nov. 15, 2011) (subpoena quashed because relevance of employment records was outweighed by the "potential for harassment or reputational injury").

### CONCLUSION

Plaintiffs respectfully request that the Court quash the subpoenas and issue a protective order protecting Plaintiffs from further harassment through Defendants' communications with third parties. Plaintiffs also request that the Court order Defendants to immediately produce to Plaintiffs any documents already received in connection with the subpoenas. We appreciate the Court's attention to this matter.

Respectfully submitted,

Michael J. Scimone

The Honorable Jesse M. Furman
June 28, 2013
Page 4 of 4

Enclosures

cc:   Evan J. Spelfogel, Esq.
      Margaret C. Thering, Esq.
      Dustin E. Stark
      Adam T. Klein, Esq.
      Stephen Kahn, Esq.

> In light of Defendants' responsive letter dated July 3, 2013, this application is DENIED without prejudice to renewal after the parties have met and conferred in an effort to resolve their disagreements over the subpoenas.
>
> SO ORDERED.
>
> *[signature]*
>
> July 3, 2013