# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

MARGARET THERING
TEL: 212.351.3732
FAX: 212.878.8637
MTHERING@EBGLAW.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/12/2013
```

July 10, 2013

**VIA EMAIL**
The Honorable Jesse M. Furman
United States District Judge, Southern District of New York
40 Foley Square
New York, NY 10007

Re: **_Saleem and Singh, et al. v. Corporate Transportation Group, Ltd., et al._, No. 12 Civ. 8450**

Dear Judge Furman:

On behalf of defendants, we write in response to plaintiffs' July 3, 2013 letter seeking a protective order. Plaintiffs' request should be denied.

### A protective order is premature

Plaintiffs seek a protective order prohibiting defendants from serving discovery on new opt-in plaintiffs. However, Plaintiffs' counsel continues to file various applications with the Court on issues that either have not been fully discussed through an appropriate "meet and confer", or are wholly premature. Counsel's latest July 3rd letter is another example of both. We already told Mr. Scimone that after the Court-Authorized Notice was sent out, we would not serve discovery on any of the new opt-in plaintiffs until after the close of the Notice period. We also told Mr. Scimone that we would meet and confer with plaintiffs' counsel about a discovery plan at the end of the Notice period. Accordingly, a protective order is premature.

### Duplicity should not warrant a protective order

Plaintiffs argue that our requests are duplicative. To the extent plaintiffs think any of these requests are duplicative, they are free to refer back to prior responses when responding to any "duplicative" requests. That argument, however, is not an appropriate basis for the extraordinary remedy of a protective order. Accordingly, no protective order is necessary.

### Defendants cannot get all requested information from plaintiffs' tax returns

ATLANTA • BOSTON • CHICAGO • HOUSTON • INDIANAPOLIS • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

FIRM:23481073v2

July 10, 2013
Page 2

Contrary to plaintiffs' arguments, we cannot get all of the requested information from plaintiffs' tax returns because: (1) not all of plaintiffs have tax returns for all relevant years; (2) not all plaintiffs have produced all of their tax returns; (3) we do not believe that all of the plaintiffs disclosed all of this information on their tax returns; and (4) some of the information (for example, relating to trips taken by plaintiffs and text message records) cannot be gleaned from tax returns.

### The main case on which plaintiffs rely is distinguishable

*Yong F. Ke v. 85 Fourth Ave., Inc.*, No. 07 Civ. 6897, 2009 WL 1058627 (S.D.N.Y. Apr. 20, 2009) is distinguishable because it is not a worker misclassification case. Additionally, the documents requested by defendants in *Ke* were much broader than the documents we are requesting. In *Ke*, defendants requested "'other documents . . . that would evidence Plaintiffs' other income and/or employment' during the relevant time period . . . including documents concerning all sources of income in each plaintiffs' household; each plaintiff's health insurance; each plaintiff's total household expenses; each plaintiff's full financial portfolio, including credit cards and interests in any business entities; real property owned by any plaintiff; any substantial personal property owned by any plaintiff; and each plaintiff's safe deposit box." Our requests are much narrower. Accordingly, plaintiffs' request for a protective order should be denied.

### Specific Requests

#### Documents reflecting work Plaintiff performed for any person or entity other than Defendants

Plaintiffs object that this request is irrelevant. However, plaintiffs' work for competing companies is direct evidence under the economic realities test that plaintiffs are in business for themselves and are properly classified as independent contractors. To address any relevancy objections, we will narrow this request to the driving industry. Also, plaintiffs' counsel did not meet and confer with us on this point so their request for a protective order is premature.

#### The identity of all employers of Plaintiff and all persons or entities from whom or which Plaintiff provided services or performed work

Plaintiffs object that this is not relevant. Plaintiffs are wrong because employees typically cannot simultaneously work for competitors of their employer. Evidence of plaintiffs doing so is pertinent to the economic realities test. To address any relevancy objection, we will narrow these requests to only employers/entities in the driving business.

#### Correspondence or other communications, including but not limited to emails, text messages, instant messages, and Facebook messages, between Plaintiff and any current or former employees, contractors, or franchisees of Plaintiff

Plaintiffs object that this is not relevant. This request is relevant though. We are seeking this information because we have learned that plaintiffs use text messages and phone calls to arrange for driving jobs from other companies and individuals. I explained to Mr. Scimone that we are

July 10, 2013
Page 3

willing to narrow this request to only include correspondence regarding the provision of driving services. He has not communicated an objection to that limitation.

<u>Documents that record or compile Plaintiff's mobile phone records and PDA, including records of the date and time of all outgoing and incoming calls, emails and text messages and a printout of every text message sent or received by Plaintiff from any cell phone, smart phone, or PDA in the possession, custody, or control of Plaintiff from November 19, 2006 to the present</u>

Plaintiffs object on the basis of relevance. However, these requests are relevant because plaintiffs used text messages to communicate with independent customers about rides. We told Mr. Scimone we are willing to narrow these requests to include only information about the provision of driving services. Also, this issue is not ripe for adjudication because this is the first we have heard of Mr. Scimone's objection to the date of the request.

<u>Documents (including but not limited to all transaction histories, receipts, and account information) showing, reflecting, or relating to Plaintiff's use of any point of sale device or point of sale application, including, but not limited to, 'Square,' 'GoPayment,' 'PayPal Here,' 'Credit Card Terminal,' and 'PayAnywhere.'</u>

Plaintiffs object on the basis of relevance. This information is relevant though because we believe plaintiffs met persons through the use of CTG's dispatch system, then provided driving services for these persons without the use of CTG's dispatch system. We believe these customers paid for those services through the use of sale devices or point of sale applications. Also, this issue is not ripe for adjudication because plaintiffs have not discussed their objections with us.

<u>Documents reflecting time Plaintiff spent while not actively engaged in providing executive ground transportation</u>

Plaintiffs object on the ground of relevance. However, this request is relevant because employees generally cannot take long breaks during the day or arbitrarily decide not to work on a given day. The plaintiffs in this case could do these things, supporting our defense that they were properly classified as independent contractors.

<u>Travel documents for travel outside of New York City and unrelated to providing services for Defendants including, but not limited to, entire passport, EZ-Pass statements, plane tickets, reservation records, hotel bills, train tickets, boat tickets, cruise reservations, theme park tickets, visas, and credit card statements showing bills for travel-related expenses</u>

Plaintiffs object that this request is irrelevant and absurd. Contrary to plaintiffs' objections, this information is relevant because we believe that some plaintiffs took long times off from providing driving services to travel. The freedom to make one's own schedule and take extended breaks from work with no restrictions is indicative of independent contractor status. Also, this issue is not ripe for adjudication because Mr. Scimone has not discussed this objection with us.

FIRM:23481073v2

July 10, 2013
Page 4

 

Respectfully Submitted,

*[signature]*

Margaret C. Thering

FIRM:23481073v2