## OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Justin M. Swartz
Wendi S. Lazar
Kathleen Peratis
Jack A. Raisner
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian
Ossai Miazad
Cara E. Greene
Rachel M. Bien

Reena Arora
Delyanne D. Barros
Katherine Blostein
Jessie R. Cardinale
Cyrus E. Dugger
Jennifer Liu
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Amber C. Trzinski
Juno Turner
Elizabeth Wagoner

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/15/2013

July 12, 2013

**Via Email**
The Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, NY 10007

Re: *Saleem v. Corporate Transportation Group, Ltd., et al.*, 12 Civ. 8450
Motion to quash subpoenas and for a protective order

Dear Judge Furman:

We represent Plaintiffs, the collective, and the putative class in the above-referenced matter. We write to renew our application for a pre-motion conference regarding our anticipated motion to quash Defendants' subpoenas *duces tecum*.

Plaintiffs initially requested a conference about this dispute by letter dated June 28, 2013. Defendants responded on July 3, 2013, claiming – falsely – that the parties had not met and conferred. On July 8, 2013, the Court denied Plaintiffs' application without prejudice to renew after the parties had met and conferred. On July 11, 2013, the parties conferred by telephone and confirmed that their respective positions remain essentially unchanged from when Plaintiffs first moved to quash.

Plaintiffs' position is that the subpoenas are (1) overbroad because they seek information far beyond the fact or extent of Plaintiffs' employment relationships; (2) improper because they interfere with Plaintiffs' employment relationships; and (3) unduly burdensome because the information they seek may be more easily and inexpensively obtained from tax records and deposition testimony. Defendants disagree and have offered to limit the subpoenas by making clear that they are not seeking medical records, but insist that all other information from third parties unrelated to this lawsuit – including litigation documents, subpoenas, restraints, inquiries,

customer complaints, security files, applications, franchise agreements, voucher earnings statements, 1099s, and personnel files going back six years – are relevant and necessary to their defense. Because the only way to limit the burden on third parties and halt the prejudice to Plaintiffs' employment is to quash the subpoenas, Plaintiffs submit that the partial limitation Defendants propose is insufficient.

The effect of the subpoenas has been to blacklist Plaintiffs from potential employment opportunities. This effect – now irreversible – was exacerbated by Defendants' failure to provide prior notice to Plaintiffs before serving the subpoenas as required by Rule 45(b)(1).[1] Fed. R. Civ. P. 45(b)(1) ("If the subpoena commands the production of documents ... then before it is served, a notice must be served on each party"). The subpoenas have now identified every opt-in Plaintiff who has joined this case to prospective (or current) employers in the black car industry. This harms opt-ins' reputations and ability to earn a living. *See Guercia v. Equinox Holdings, Inc.*, No. 11 Civ. 6775, 2013 WL 2156496, at *1 (S.D.N.Y. May 20, 2013) (quashing subpoenas because they created an "undue burden on [plaintiff] by souring her reputation in what she describes as an insular business community"); *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66, 69 (E.D.N.Y. 2010) (quashing subpoenas which would "cause further damage to the prospects of his continued employment"); *Smartix Int'l, L.L.C. v. Garrubbo, Romankow & Capese, P.C.*, No. 06 Civ. 1501, 2007 WL 4166035, at *2 (S.D.N.Y. Nov. 20, 2007) ("Moreover, pursuant to Fed. R. Civ. P. Rule 26(c), I find that justice requires, in order to protect Mr. Katz from annoyance, embarrassment, and oppression, that discovery not be had into those personnel records.").

Defendants' sole support for their argument that their subpoenas seek relevant information is an out-of-circuit district court case in which the subpoena at issue requested *only* income tax records. *Canada v. Hotel Dev.-Tex., Ltd.*, No. 07 Civ. 1443, 2008 WL 3171940, at *1 (W.D. Tex. July 30, 2008). Yet Defendants fail to address Magistrate Judge Francis' recent ruling on a nearly identical dispute in an independent contractor misclassification case. *See Yong F. Ke v. 85 Fourth Ave. Inc.*, No. 07 Civ. 6897, 2009 WL 1058627, at *4 (S.D.N.Y. Apr. 20, 2009). The defendants in that case made the identical arguments Defendants raise here:

> The defendants' primary argument in support of their demands is that the requested information will show whether the plaintiffs worked exclusively for [defendant] during the relevant time period . . . . This showing, the defendants argue, is relevant to the defendants' claim that the plaintiffs were independent contractors rather than employees . . . . defendants also contend that information about the plaintiffs' assets and expenses could be used to "challenge and impeach" . . . plaintiffs' claims . . . . Neither of the defendants' arguments justifies the intrusive and burdensome discovery they seek.

*Id.*

---

[1] For example, with respect to subpoenas issued June 12, 2013, it is unclear what prior notice, if any, Defendants provided because Defendants' emailed Plaintiffs copies of the subpoenas on June 12, 2013 and informed Plaintiffs that the subpoenas would be served "on or after" June 12, 2013.

      Defendants refuse to address the Second Circuit's holding that the information they seek is "not dispositive" of independent contractor status, since "employees may work for more than one employer without losing their benefits under the FLSA," *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1060 (2d Cir. 1988). This omission clouds Defendants' discovery strategy: to magnify one marginally relevant factor such that it eclipses all other discovery – put simply, to bury the parties and the Court in paper. Defendants have already taken discovery on drivers' outside employment in the form of tax returns and through depositions. Defendants' additional discovery exceeds all reasonable bounds. Plaintiffs respectfully request that the Court quash the subpoenas.

Respectfully submitted,

Michael J. Scimone

cc:    Evan J. Spelfogel, Esq.
       Margaret C. Thering, Esq.
       Dustin E. Stark
       Michael Schmidt, Esq.
       Matthew Kohel, Esq.
       Adam T. Klein, Esq.
       Stephen Kahn, Esq.