| | |
|---|---|
| **OUTTEN & GOLDEN LLP** | **KAHN OPTON, LLP** |
| Adam T. Klein | Stephen H. Kahn |
| Michael J. Scimone | One Parker Plaza |
| Michael N. Litrownik | Fort Lee, New Jersey 07024 |
| 3 Park Avenue, 29th Floor | Telephone: (201) 947-9200 |
| New York, New York 10016 | |
| Telephone: (212) 245-1000 | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MAZHAR SALEEM and JAGJIT SINGH, individually and on behalf of all others similarly situated,

                Plaintiffs,

    v.

CORPORATE TRANSPORTATION GROUP, LTD., CORPORATE TRANSPORTATION GROUP INTERNATIONAL, CORPORATE TRANSPORTATION GROUP WORLDWIDE, INC., NYC 2 WAY INTERNATIONAL, LTD., ALLSTATE PRIVATE CAR & LIMOUSINE, INC., ARISTACAR & LIMOUSINE, LTD., TWR CAR AND LIMO, LTD., EXCELSIOR CAR AND LIMO, INC., HYBRID LIMO EXPRESS, INC., EDUARD SLININ, and GALINA SLININ,

                Defendants.

No. 12 Civ. 8450 (JMF)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR AN ORDER ENJOINING DEFENDANTS' IMPROPER COMMUNICATIONS WITH
CLASS MEMBERS AND FOR CORRECTIVE NOTICE**

**PRELIMINARY STATEMENT**

Plaintiffs are drivers who work for Defendant Corporate Transportation Group, its affiliated companies, and individual Defendants Eduard and Galina Slinin (collectively, "CTG"). They bring this case pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and seek class and collective action status under Federal Rule of Civil Procedure 23(b)(3) and the FLSA for themselves and the over 1200 drivers whom CTG treats as independent contractors.

In response to this lawsuit, as set forth below, CTG has engaged in a concerted effort to intimidate and threaten Plaintiffs and mislead them about tax consequences if they prevail in this case. CTG's efforts have been blatant and intentional. Plaintiffs seek a court order under the FLSA to put an end to this conduct, which threatens the integrity of this lawsuit, and to mitigate the effect of the improper communications.

**STATEMENT OF FACTS**

**I.    Plaintiffs' Protected Activities**

On November 19, 2012, Mazhar Saleem and Jagjit Singh filed a class and collective lawsuit on behalf of drivers working for CTG. On April 30, 2013, the parties stipulated to send a court-approved notice to the members of the FLSA collective. On June 17, 2013, the Court approved the notice. To date, more than 50 individuals have opted in to the lawsuit, including Anjum Ali, Jagjit Singh, Mohammad Siddiqui, Mahzar Saleem, and Anwar Bhatti.

**II.   Defendants' Response**

On July 9, 2013, the night before depositions began in this case, Ali, the first opt-in

scheduled to be deposed, received a telephone call from Hassan Siblini.[1]  According to deposition testimony and Siblini's own LinkedIn profile, Siblini is a supervisor and dispatcher at CTG.[2]  Ali understands Siblini to speak for Eduard Slinin, a Defendant in this case and the owner of CTG.[3]  In this brief phone call, Siblini wished Ali a happy Ramadan as a prelude to asking him if he wanted to spend Ramadan with his young children.[4]  Siblini told Ali not to come "to court" the next day because the "attorneys are going to install cameras there and record you.  They will record your voice. And they will throw you into federal jail with[] the niggers."[5]  Ali was frightened by this statement.[6]

This was not Siblini's first attempt to dissuade class members them from participating in this lawsuit.  Approximately one week earlier, Ali, Siddiqui, and Bhatti met with Siblini at a Dunkin' Donuts near CTG's base in a meeting arranged by Siblini.[7]  Siblini coerced Siddiqui into meeting with him, telling him in a telephone call that, "It is for your benefit. . . . you might have chains on your hand. You might go to jail."[8]  During this meeting, which was recorded by Bhatti, Siblini provided misleading warnings regarding tax consequences if the drivers prevail in the lawsuit in an attempt to persuade them to drop the suit.[9]  Siblini also told them they "would

---

[1]     Ex. 1, Deposition of Anjum Ali, dated July 10, 2013 ("Ali Tr.") 11:4-11.  All exhibits are attached to the Declaration of Michael J. Scimone in Support of Plaintiffs' Motion for an Injunction and Corrective Notice ("Scimone Decl.").
[2]     Ex. 2, Siblini LinkedIn Profile stating he is a "Supervisor at Ctg international" ("LinkedIn Profile"); Ex. 3, Deposition of Mohammad Siddiqui, dated July 16 ("Siddiqui Tr.") 190:17-19; Ex. 6 Deposition of Mazhar Saleem, dated July 18, 2013 ("Saleem Tr.") 71:2-3; 147:3-15; 152:9-11; Scimone Decl. ¶¶ 6, 7 (Siblini's LinkedIn profile is no longer available online).
[3]     Ex. 1, Ali Tr. 6:17-25; 9:17-20.
[4]     Id. at 11:4-23.
[5]     Id. at 12:2-7.
[6]     Id. at 13:5-22.
[7]     Id. at 7:19-8:16; Ex. 3, Siddiqui Tr. 187:11-188:69.
[8]     Ex. 3, Siddiqui Tr. 190:8-16.
[9]     Ex. 3, Siddiqui Tr. 194:4-10; Ex. 4, Transcript of Recording, 13:5-9.

not even know who will push you in front of a bus.  So if you are worried about the safety of yourself and your family, withdraw this case.  You have small children.  Be careful."[10]

On July 15, 2013, Jagjit Singh received a telephone call from a "Kumar," who works for CTG and does paperwork for the drivers.[11]  Kumar asked Singh if he was coming to New York for his deposition (Singh lives in Ohio) and asked him how much money his trip to New York cost, suggesting that if his lawyers did not pay him to come, it would not be worthwhile to testify.[12]  Eduard Slinin, the owner of CTG, has threatened Singh multiple times over the years.  For example, Slinin has threatened to kill him and deport him, ordered him to display his immigration papers, and humiliated him in other ways in front of other CTG managers.[13]  Slinin also physically threatened Mahzar Saleem when Saleem disputed the commission CTG received from certain accounts.[14]

## ARGUMENT

I. **The Court Should Order CTG to Cease Threatening and Improperly Communicating with the Class Members and Order Corrective Notice**

The Court has authority to stop and correct CTG's ongoing improper communications to intimidate class members and chill participation in the suit under both the FLSA and Rule 23(d). *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171-73 (1989) (district courts have identical discretionary authority to manage the conduct of parties in collective actions under 29 U.S.C. § 216(b) as they do in class actions under Rule 23).  This authority exists before a class has been certified.  *Hinds Cnty, Miss. v. Wachovia Bank, N.A.*, 790 F. Supp. 2d 125, 134 (S.D.N.Y. 2011).

---

[10]  Ex. 1, Ali Tr. 7:19-25.
[11]  Ex. 5, deposition of Jagjit Singh, dated July 17 ("Singh Tr.") 35:22-36:8.
[12]  *Id.* at 36:21-37:6.
[13]  *Id.* at 23:19-25:24.
[14]  Ex. 6, Saleem Tr. 137:15-138:9.

Courts have broad authority in exercising their discretion when a defendant improperly communicates with putative class members. Two common methods include prohibiting certain types of communications and issuing corrective notice to mitigate the harm of prior improper communications. *See* Ann. Manual Complex Lit. § 21.12 (4th ed.). Here, both are necessary because CTG's agents are making threats and providing misleading advice to the class members such that without corrective notice to mitigate the harm, these communications have the potential to seriously chill participation in the lawsuit.

### A.     CTG Should be Prohibited from Threatening Class Members and Chilling Participation in this Lawsuit

If left unchecked, CTG's intimidating and misleading communications with class members could dissuade workers from participating in this case, thereby "undermin[ing] the collective action." *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 668 (E.D. Tex. 2003). In managing a class or collective action, a court may "restrain an employer from making communications with employees which are coercive, misleading, or which constitute an improper attempt to discourage potential class members from joining suit." *Veliz v. Cintas Corp.*, No. 08 Civ. 1180, 2004 WL 2623909, at *3 (N.D. Cal. Nov. 12, 2004); *see also Belt*, 299 F. Supp. 2d at 667-68 (citing *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1206 (11th Cir. 1985)); *Burrell v. Crown Cent. Petroleum*, 176 F.R.D. 239, 244-45 (E.D. Tex. 1997); *Hampton Hardware, Inc. v. Cotter & Co., Inc.*, 156 F.R.D. 630, 632-33 (N.D. Tex. 1994)).

An order under Rule 23(d) or the FLSA does not require a showing of actual harm. *Veliz*, 2004 WL 2623909, at *3 (citing *Burrell*, 176 F.R.D. at 241-45). Rather, a "likelihood of abuse, confusion, or an adverse effect on the administration of justice" will suffice. *Georgine v. Amchem Prods.*, 160 F.R.D. 478, 498 (E.D. Pa. 1995). Courts should limit a party's contact with a potential class where there is "a clear record and specific findings that reflect a weighing of the

need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101.

There is ample evidence to support the necessary findings and demonstrate the need for a limitation. CTG has threatened and misled Plaintiffs. Siblini, who supervises Plaintiffs and controls their work, has twice threatened and intimidated class members in connection with their giving testimony.[15] Siblini threatened Plaintiffs if they did not end their participation in the lawsuit.[16] And Siblini has provided misleading purported legal advice to the class members in an effort to get them to rethink their participation in the lawsuit.[17] This conduct – all designed to chill participation in the suit and confuse class members – is plainly improper. This conduct is unfortunately consistent with the way Eduard Slinin has managed his drivers in the past, i.e., through intimidation and displays of force.[18] As such, it is likely that that these tactics will continue unless the Court prohibits them.

      **B.    Corrective Notice is Necessary to Mitigate the Likely Harm from Misleading and Intimidating Communications**

CTG should not be permitted to benefit from its concerted campaign of intimidation. *See Haffer v. Temple Univ.*, 115 F.R.D. 506, 512 (E.D. Pa. 1987). Accordingly, Plaintiffs request that the Court order CTG to mail corrective notice to the putative class to level the playing field. Plaintiffs request that the notice be sent by first class mail, at CTG's expense, and signed by CTG President Eduard Slinin, and state that CTG will not interfere with any individual's participation in the lawsuit.

Courts often order such notice after defendants initiate improper or misleading

---

[15] Ex. 1, Ali Tr. 12:2-7; Ex. 5, Singh Tr. 36:21-37:6.
[16] Ex. 1, Ali Tr. 7:19-25.
[17] Ex. 3, Siddiqui Tr. 194:4-10; Ex. 4, Transcript of Recording) 13:5-9.
[18] Ex. 5, Singh Tr. 23:19-25:24; Ex. 6, Saleem Tr. 137:15-138:9.

communications with collective and class members. *See, e.g., Veliz*, 2004 WL 2623909, at *8 (ordering defendant to send corrective notice because CEO sent a letter to employees that may have been threatening); *Belt*, 299 F. Supp. 2d at 670 (directing defendant to send corrective notice to employees to whom it previously sent a misleading letter deriding the lawsuit); *Bullock v. Auto. Club of S. Cal.*, 01 Civ. 731, 2002 WL 432003, at *3 (C.D. Cal. Jan. 28, 2002) (ordering corrective notice to cure memo sent to employees, even though memo was purportedly designed to respond to employee questions); *Haffer*, 115 F.R.D. at 512 (issuing corrective notice to class at defendants' expense because defendant had sent a memo and made remarks making it clear it preferred class members not meet with or speak to class counsel); *see also* Ann. Manual Complex Lit. § 21.12 (4th ed.) (court may require notice to certain class members to correct misinformation or misrepresentations); *Pollar v. Judson Steel Corp.*, No. 82 Civ. 6833, 1984 WL 161273 (N.D. Cal. Feb. 3, 1984) (corrective notice ordered to counteract confusion caused by defendant's conduct); *Tedesco v. Mishkin*, 629 F. Supp. 1474, 1484 (S.D.N.Y. 1986) (court ordered defendant to pay for letter from plaintiff's counsel correcting misconceptions caused by defendant's "false, misleading and coercive communications" to class members).

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court order that CTG and its agents, servants, employees, attorneys, and any person(s) acting in concert or participation with it are prohibited from: (a) threatening or intimidating, or attempting to threaten or intimidate, any prospective class member about this lawsuit; (b) interfering or attempting to interfere with any prospective class member's participation in this lawsuit, including, but not limited to depositions; and (c) communicating directly with prospective class members about any tax or other legal issues relating to this lawsuit.  Plaintiffs also respectfully request that the Court order CTG to

issue corrective notice, at its expense, and signed by Eduard Slinin, to all prospective class members, stating that CTG and its agents, servants, employees, attorneys, and any person(s) acting in concert or participation with it will not interfere with, or take any action in connection with, any individual's participation in this lawsuit and will not retaliate against anyone for participating in the suit.

Dated:  New York, New York
       July 19, 2013

                                  Respectfully submitted,

                                  /s/ Michael J. Scimone
                                  Michael J. Scimone

                                  **OUTTEN & GOLDEN LLP**
                                  Adam T. Klein
                                  Michael J. Scimone
                                  Michael N. Litrownik
                                  3 Park Avenue, 29th Floor
                                  New York, New York 10016
                                  Telephone:  (212) 245-1000

                                  **KAHN OPTON, LLP**
                                  Stephen H. Kahn
                                  One Parker Plaza
                                  Fort Lee, New Jersey 07024
                                  Telephone: (201) 947-9200

                                  *Attorneys for Plaintiffs and*
                                  *the Putative Class and Collective*