# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

MARGARET THERING
TEL: 212.351.3732
FAX: 212.878.8637
MTHERING@EBGLAW.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/26/2013

July 19, 2013

**VIA EMAIL**
The Honorable Jesse M. Furman
United States District Judge, Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Saleem and Singh, et al. v. Corporate Transportation Group, Ltd., et al.*, No. 12 Civ. 8450

Dear Judge Furman:

    On behalf of defendants, we write in response to Your Honor's instructions that the parties let the Court know by the close of business on Friday, July 19, 2013, the status of resolving the disputes discussed at the July 15, 2013 hearing. Plaintiffs informed defendants that they would circulate a joint letter for our review, but we have not received the letter, and the close of business is at hand. Accordingly, we are writing our own letter regarding these disputes.

### Depositions

    Defendants agree to limit the number of depositions to 16 plaintiffs. Both parties agree to this proposal. Defendants proposed a number of the original 28 plaintiffs to include in this list of 16, and one or two from later opt-ins. Plaintiffs' counsel objected to Defendants taking any depositions from outside the original 28 opt-in plaintiffs even though at least one is an incorporated franchisees who might provide a different perspective on the issues. Also plaintiffs' counsel objected to defendants taking depositions of at least five of the original opt-in plaintiffs on the grounds that plaintiffs could not locate these persons who to date have been entirely unresponsive to all communication efforts. Defendants request that if any of the selected 16 plaintiffs fail or refuse to appear for their deposition, they be dismissed from the litigation, and Defendants should be allowed to substitute a new name on the list of 16 plaintiffs who will have his/her deposition taken.

    Defendants will also send Plaintiffs' counsel a finalized list of the selected 16 plaintiffs for depositions by the middle of next week. Plaintiffs' counsel had no objection to this proposal.

ATLANTA • BOSTON • CHICAGO • HOUSTON • INDIANAPOLIS • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

FIRM:23545205v1

July 19, 2013
Page 2

## Written Discovery

To date, none of the first 28 plaintiffs/opt in plaintiffs have fully complied with defendants' discovery demands. Defendants offered to limit discovery to what has already been served and not to serve written discovery requests on any of the new opt-in plaintiffs. Plaintiffs' counsel refused to agree to this. Instead, plaintiffs informed defendants that they have responses to some of defendants' document requests for some of the initial opt-in plaintiffs. Without telling defendants which plaintiffs – or which requests – plaintiffs sought a stipulation from defendants that no more discovery would be necessary. Without seeing plaintiffs' latest purported production, defendants cannot agree to such a request.

Additionally, plaintiffs insist that discovery only be served on 16 of the initial 28 opt-in plaintiffs. Defendants do not agree. Defendants' position is that defendants will not serve additional discovery demands on any of the initial 28 opt-in plaintiffs (unless evidence of other responsive documents should be brought to light by depositions or future document productions) and that defendants will not serve discovery demands on any of the plaintiffs who have opted in after the class notice was sent, subject to revisiting this position after the close of the notice period.

Regarding specific topics of discovery, the parties did agree that plaintiffs would produce passport documentation and that, for now, defendants would not press for any additional travel documentation. Also, defendants agree to limit text message discovery to that relating solely to driving services. Plaintiffs' counsel appears agreeable, but proposed an extension of 45 days to produce any such text messages. Defendants' position is that this timeframe is unreasonable and that any text messages that relate to providing driving services should be produced within two to three weeks. Defendants also agree to the production of such messages on a rolling basis, so long as any text message discovery is produced at least 72 hours prior to any deposition of the corresponding opt-in plaintiff.

## Third Party Subpoenas

Defendants agree to limit the scope of requests being made in third party subpoenas and offered to send a letter to every recipient of a third party subpoena that has not yet responded to the subpoena clarifying that the subpoenas are seeking only documents that relate to driving services provided by the plaintiffs. Defendants also agree to include this limiting language in any additional third party subpoenas.

Plaintiffs' counsel insisted that all third party subpoena requests be limited to only 1099s and W2s. Defendants believe that this is unreasonable and goes against the Court's indicated assessment of what documents may reasonably be requested through third party subpoenas.

Plaintiffs also insisted Defendants provide 72 hours advance notice of any third party subpoenas. Defendants stated that they will continue the meet the requirements of the Federal Rules of Civil Procedure regarding advance notice to opposing counsel for any third party subpoenas.

FIRM:23545205v1

July 19, 2013
Page 3

### Reminder Mailing

Defendants propose that as a reminder, the entire court approved notice be sent, in full, to putative class members, at defendants' cost. Plaintiff's counsel agrees to provide Defendants with an estimated cost of this redistribution. This afternoon, Plaintiffs' counsel copied Defendants' counsel on an email to their service provider, requesting an estimated cost. The parties agree to work this out as soon as possible.

Respectfully Submitted,

Margaret C. Thering

FIRM:23545205v1