# OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Justin M. Swartz
Wendi S. Lazar
Kathleen Peratis
Jack A. Raisner
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian
Ossai Miazad
Cara E. Greene
Rachel M. Bien

*Advocates for Workplace Fairness*

Lewis M. Steel
Paul W. Mollica
Molly Brooks
Nantiya Ruan

Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York
Reena Arora
Delyanne D. Barros
Katherine Blostein
Jessie R. Cardinale
Cyrus E. Dugger
Jennifer Liu
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Amber C. Trzinski
Juno Turner
Elizabeth Wagoner

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/26/2013

July 19, 2013

**Via Email**
The Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, NY 10007

Re:   *Saleem v. Corporate Transportation Group, Ltd., et al.*, No. 12 Civ. 8450
      Joint Letter re: Discovery Dispute

Dear Judge Furman:

    We represent Plaintiffs, the collective, and the putative class in the above-referenced case. We write pursuant to the Court's instructions during the July 15, 2013 conference to submit a joint letter regarding any additional disputes to the Court. The parties met and conferred on July 19th for approximately one hour and twenty minutes and attempted to resolve the issues addressed by the Court. Unfortunately the parties were unable to resolve certain issues and now write to notify the Court of such disagreements. While we were in the process of drafting a joint letter to send to Defendants for review and input presenting the remaining issues to the Court, we received a copy of a letter to the Court from Defendants. As such we will not address Defendants' position herein except to point out respects in which Defendants have mischaracterized the meet and confer process or the parties' positions.

    The parties agreed to limit deposition testimony to sixteen individuals selected from among the first 28 opt-ins.[1] Defendants also agreed not to issue further discovery requests to additional opt-in plaintiffs. Defendants agreed to produce documents that they have already

---

[1] Defendants' letter dated July 19, 2013 suggests a dispute on this point, as Defendants wish to include other deponents outside the original group of 28. When Plaintiffs pointed out that this was inconsistent with the Court's instructions at the July 15 conference, Defendants withdrew this proposal.

The Honorable Jesse M. Furman
July 19, 2013
Page 2 of 4

begun to receive to subpoena recipients during the pendency of this dispute. Other discovery issues remain in dispute, as explained below.

The parties are discussing the form of the reminder mailing and expect to resolve that issue without the need for Court intervention.

### Plaintiffs' Position

Plaintiffs proposed to enter a comprehensive discovery stipulation with Defendants to avert further disputes about the scope of written discovery and streamline this action, as previously discussed on numerous occasions with Defendants and at the July 15 conference. Plaintiffs' proposal was to produce all documents that Plaintiffs' counsel has collected to date for the first 28 opt-ins; additionally, Plaintiffs proposed to produce the following documents, to the extent not already produced, for the 16 individuals noticed for depositions:

- Defendants' First Request for Production of Documents ("RFPD"):[2]
    - Request No. 2: Plaintiffs' tax returns for the period of their employment with Defendants;
    - Request No. 3: Correspondence between Plaintiffs and Defendants;
    - Request No. 5: Documents describing Plaintiffs' work duties;
    - Request No. 6: Documents reflecting terms and conditions of Plaintiffs' work;
    - Request No. 7: Electronic and physical calendars, notes, diaries, and journals;
    - Request No. 8: Electronic and physical datebooks, schedules, agendas, or notebooks;
    - Request No. 16: Complaints or grievances made to Defendants;
    - Request No. 23: Plaintiffs' resumes and applications for work with Defendants;
    - Request No. 24: Audio or video recordings of interactions with Defendants;
    - Request No. 25: All written affidavits or declarations related to lawsuit;

- Second RFPD:[3]
    - Request 1: Travel documents ( the parties agreed to limit this request to passports);

- Third RFPD:[4]
    - Request 1: Documents related to a point of sale account;
    - Request 2: Documents related to use of a credit card merchant account;
    - Request 3: Business cards;
    - Request 4: Printout of smart phone communications – Defendants suggested limiting the scope to those related to "driving services." Plaintiffs agreed to this request but

---

[2] Defendants' First RFPD to Mazhar Saleem is enclosed as Exhibit 1. Defendants' First RFPD to the other 27 Plaintiffs are identical in content.

[3] Defendants' Second RFPD to Mazhar Saleem is enclosed as Exhibit 2. Defendants' First RFPD to the other 27 Plaintiffs are identical in content.

[4] Defendants' Third RFPD to Mazhar Saleem is enclosed as Exhibit 3. Defendants' First RFPD to the other 27 Plaintiffs are identical in content.

explained that the logistics will be time-consuming[5] and requested a timeframe of 45 days to provide the communications for 16 individuals. Defendants would not commit to an extension.

Defendants take the position that the Court only instructed the parties to limit deposition testimony, not to limit the scope of written discovery. Plaintiffs' understanding was that the Court did specifically instruct that written discovery should be limited to the 16 opt-ins noticed for depositions.[6]

As to third-party subpoenas, Plaintiffs proposed limiting the documents requested from third parties to 1099s and W-2s, which speak to the issues discussed by Defendants at the July 15 conference. Defendants' counteroffer was to limit the request to documents relating to "driving services." Plaintiffs expressed concern that this limitation was too vague to be meaningful, since the third parties are predominantly limousine companies; thus, almost all documents in their possession would in some way relate to driving services. Ultimately, Plaintiffs suggested that a limitation to "driving services" would simply reiterate the full scope of the documents requested by the original subpoena (minus medical records, which Defendants agree to specifically exclude). Defendants would not specify which documents they consider responsive to "driving services," nor articulate how the limitation could be feasibly applied other than to offer to send a letter to third parties saying that they were only interested in documents related to driving services.

Defendants suggested in the course of the parties' conference that they might subpoena the tax preparers of opt-in Plaintiffs. Plaintiffs' counsel requested that if Defendants do so, that they be offered 72 hours of advance notice in order to raise objections to those subpoenas. Defendants refused. Although this was raised by Defendants for the first time in the parties' conference, we ask that the Court order a reasonable advance notice, given that Defendants appear to again be seeking duplicative and harassing discovery.

We appreciate the Court's attention to this matter.

Respectfully submitted

Michael J. Scimone

---

[5] To extract text messages, each phone would have to be surrendered to a vendor. Due to variations in carrier and phone model, the available methods of extraction and review vary widely, making the duration of the process uncertain. In addition, carriers vary in the extent to which they preserve text messages and will agree to make them available to subscribers.

[6] See transcript of July 15, 2013 conference at 12:8-16; 24:20-25:6, enclosed as Exhibit 4.

Enclosures

cc:  Evan J. Spelfogel, Esq.
     Margaret C. Thering, Esq.
     Dustin E. Stark
     Adam T. Klein, Esq.
     Michael Noah Litrownik, Esq.
     Stephen Kahn, Esq.

Upon due consideration of defendants' letter dated July 19, 2013, and this letter, the Court hereby adopts the Plaintiffs' position as set forth on page 2 and the top of page 3 herein, except that any and all smart phone communications subject to disclosure pursuant to Request 4 of the Third RFPD must be produced on a rolling basis no later than 45 days after the request or 72 hours prior to the deposition of the relevant plaintiff, whichever is earlier.  If defendants believe that they should be entitled to responses on any other discovery requests beyond those referenced on page 2 herein, they shall advise the Court by letter no later than July 30, 2013.  In the event that defendants submit such a letter, any opposition to the letter must be filed no later than August 1, 2013.

As to the third party subpoenas, such subpoenas shall be limited in scope to documents and materials related to driving services provided by the plaintiffs and, in no event, shall extend to medical or health insurance related information or materials.  No later than July 31, 2013, defendants shall send a letter to every recipient of a third party subpoena that has not yet responded to it advising the recipient of these limitations.  Further, such limiting language must be included in any future third party subpoenas.

Defendants shall provide at least 72 hours notice to plaintiffs prior to issuing any new third party subpoenas to plaintiffs' tax preparers.  Defendants need not provide notice of any other third party subpoenas beyond that required by the Federal Rules of Civil Procedure and applicable law.

SO ORDERED.

July 26, 2013