Evan J. Spelfogel
espelfogel@ebglaw.com
Margaret C. Thering
mthering@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
MAZHAR SALEEM and JAGJIT SINGH, individually
and on behalf of all others similarly situated,

       Plaintiffs,

    - against -

CORPORATE TRANSPORTATION GROUP, LTD.,
et al.,

       Defendants.
------------------------------------- x

ECF CASE

12 CV 08450 (JMF)

**AFFIDAVIT OF EDUARD SLININ**

I, EDUARD SLININ, duly sworn, deposes and states:

1.  I am a defendant in this lawsuit.

2.  Defendants Corporate Transportation Group International and Corporate Transportation Group Worldwide, Inc. facilitate the provision of transportation services abroad and in the western United States.

3.  Defendant Corporate Transportation Group, Ltd. ("CTG") is essentially a clearinghouse that performs referral, billing, and payment services for franchisees of certain of the defendants.

4.  NYC 2 Way International, Ltd. ("NYC 2 Way"); AllState Private Car & Limousine, Inc.; Aristacar & Limousine, Ltd.; TWR Car and Limo, Ltd.; Excelsior Car and

1

Limo, Inc.; and Hybrid Express, Inc. sell franchises to individuals and corporations in the black car industry.

5. I regret to inform the Court that I will be out of the country from July 31, 2013 until August 20, 2013. This is a long planned vacation with my wife and family, and ticketing and reservations were made many months ago.

6. I am the president of CTG.

7. I am being sued by drivers alleging they were wrongly classified as independent contractors.

8. While I disagree with these drivers' allegations, I understand that drivers have the right to bring and join this lawsuit.

9. I have not discouraged or tried to discourage any drivers from joining this lawsuit.

10. I have not communicated with drivers about this lawsuit.

11. Hassan Siblini is a driver-owner of two NYC 2 Way franchises and also works as a router on a special account we have.

12. Until July 9, 2013 I had no conversations with Hassan Siblini about this lawsuit.

13. I had a conversation with Hassan Siblini about this lawsuit on July 9, 2013 because I was told by my attorneys they had received a call from one of plaintiffs' attorneys alleging that Mr. Siblini had threatened Anjum Ali, Anwar Bhatti, and Mohammad Siddiqui, plaintiffs in this action, and had tried to intimidate them to get them to drop out of this lawsuit.

14. As soon as I heard this, I contacted Hassan Siblini and asked him about the accusations.

15. Hassan Siblini told me that he did not threaten Anjum Ali, Anwar Bhatti, or Mohammad Siddiqui.

16. Because I took this allegation seriously, on July 11, 2013, I went to my attorneys' offices with Hassan Siblini so that my attorneys could interview him about the alleged threats.

17. On July 11, 2013, I listened to the recording plaintiffs' attorneys produced of the alleged threats Hassan Siblini made.

18. The recording was very distorted and difficult to hear, but nothing on that recording sounded like a threat to me.

19. On July 1, 2013, I had no idea Hassan Siblini was meeting with Anjum Ali, Anwar Bhatti, and Mohammad Siddiqui.

20. I never told Hassan Siblini to meet with any drivers about this lawsuit.

21. No executive, officer, or agent of any of the defendants was authorized to tell Hassan Siblini to try to discourage any drivers from joining or participating in this lawsuit. In fact, I have given strict instructions to all my managers and supervisors not to have any such discussions with any drivers.

22. Hassan Siblini is not an executive, officer, supervisor, or agent of any of the defendants in this lawsuit.

23. In his capacity as a router for one of CTG's accounts, Hassan Siblini makes sure all ride requests that come for that account are filled, but does not actually fill those requests, and he has no decision making authority regarding what franchises will actually provide the driving services for this client.

24. Hassan Siblini has no communications with any franchisee or driver about or in connection with the routing work that he does.

25. Hassan Siblini does not set schedules of any employees of CTG, and does not dispatch rides to drivers of franchisees of NYC 2 Way or of any of the defendants.

26. Hassan Siblini has no authority to hire, fire, promote, reassign, or discipline CTG's employees, nor does anyone seek Hassan Siblini's input on such decisions.

27. I have never made threatening or intimidating statements to any plaintiff, opt in plaintiff, or prospective class member about this lawsuit.

28. I have neither encouraged nor authorized my agents to make threatening or intimidating statements to any plaintiff, opt in plaintiff, or prospective class member about this lawsuit.

29. I have not attempted to prevent any plaintiff, opt in plaintiff, or prospective class member from participating in this lawsuit.

30. I have told employees of CTG and all agents of mine that they cannot intimidate prospective class members in an attempt to prevent them from participating in this lawsuit.

31. I have told agents of mine that they cannot intimidate prospective class members in an attempt to prevent them from participating in this lawsuit.

32. I have read the Court-authorized opt-in notice, and I fully understand that drivers have a right to join this lawsuit, and that neither I nor any agent or employee of mine may retaliate against anyone who joins this lawsuit.

33. Neither I nor any agent or employee of mine has retaliated or will retaliate against anyone who has joined this lawsuit.

34. Additionally, I never threatened to deport, kill, or harm Jagjit Singh. Contrary to what I heard Mr. Singh claim in his deposition, I never called him into my office to show him a police card and threaten to have someone take action against him, nor did I demand he show me his immigration papers. I also never had an FBI agent threaten to throw Mr. Singh out of the country. I never took a copy of Mr. Singh's work permit, nor did I turn such document over to an FBI agent. Mr. Singh's claims that Fadi Toska, Joseph Civello, and an unknown FBI agent were present at meetings where these things happened is false, as these meetings never occurred.

_____
EDUARD SLININ

Sworn to before me this 26
day of July, 2013

_____
Notary Public

MARINA KURBANOV
NOTARY PUBLIC, STATE OF NEW YORK
No. 01KU6089420
Qualified in Kings County
Commission Expires March 24, 2015

5