# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/08/2013
```

MARGARET THERING
TEL: 212.351.3732
FAX: 212.878.8637
MTHERING@EBGLAW.COM

August 6, 2013

**VIA EMAIL**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Saleem and Singh, et al. v. Corporate Transportation Group, Ltd., et al.*, No. 12 Civ. 8450

Dear Judge Furman:

  As you know, we represent defendants in this matter. We are writing in response to plaintiffs' August 5, 2013 letter seeking to quash the subpoenas we served notice of on August 2, 2013.[1]

  Plaintiffs object that we are seeking discovery, through third party subpoenas, about work that all opt-in plaintiffs to date have performed for other black car companies. This request is not beyond the bounds of discovery that the Court has ordered in this case. To the contrary, on July 27, 2013, Your Honor ordered that defendants were allowed to serve third party subpoenas so long as they were limited in scope to documents and materials relating to driving services. Defendants are not seeking information outside of this scope. Accordingly, there is no basis to quash the subpoenas.

  Additionally, plaintiffs' assertion that defendants may only seek information for 16 opt-in plaintiffs has no basis because Your Honor has already allowed defendants to serve subpoenas seeking information about 24 plaintiffs.

  Furthermore, as Your Honor stated during the Court conference on July 15, 2013, while this information may not be dispositive, it is relevant to our clients' defense. Accordingly, defendants are entitled to seek this information.

---

[1] Contrary to plaintiffs' assertion, none of these subpoenas were served on August 2, 2013.

ATLANTA • BOSTON • CHICAGO • HOUSTON • INDIANAPOLIS • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

FIRM:23640605v1

The Honorable Jesse M. Furman
August 6, 2013
Page 2

Moreover, the identity of the opt-in plaintiffs is part of the public record. Accordingly, plaintiffs' argument that serving these subpoenas "mark[s] the drivers who have joined this case as participants in a lawsuit" is unfounded.

Finally, the cases plaintiffs cite in their August 5, 2013 letter are unavailing. In *Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988), while the information was found not to be dispositive, the defendants were still allowed to obtain the information. *Vuona v. Merrill Lynch*, No. 10 Civ. 6529, 2011 WL 5553709 (S.D.N.Y. Nov. 15, 2011),[2] *Warnke v. CVS Corp.*, 265 F.R.D. 64 (E.D.N.Y. 2010), *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791, 2003 WL 115221 (S.D.N.Y. Jan. 10, 2013), and *Richards v. Convergys Corp.*, No. 05 Civ. 0790, 2007 WL 474012 (D. Utah Feb. 7, 2007) are all discrimination cases. Evidence of other work performed by plaintiffs has less relevance in discrimination cases than it does in misclassification cases. Plaintiffs have cited no cases indicating that such information is not relevant in misclassification cases.[3]

In light of the above, Your Honor should not grant plaintiffs' August 5, 2013 motion to quash the subpoenas.

Respectfully Submitted,

Margaret C. Thering

---

[2] This case was incorrectly cited by plaintiffs as 2011 WL 5553708.

[3] The only non-discrimination case cited by plaintiffs is *Bickley v. Schneider Nat'l, Inc.*, No. 08 Civ. 5806, 2011 WL 1344195 (N.D. Cal. Apr. 8, 2011). This case is unavailing because it is not a misclassification case. Rather, it deals with violations of the California Labor Code. It should also be noted that the California constitution, unlike the New York constitution, guarantees its citizens the right to privacy.

FIRM:23640605v1