EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW
250 PARK AVENUE
NEW YORK, NEW YORK 10177-1211
212.351.4500
FAX: 212.878.8600
WWW.EBGLAW.COM

MARGARET THERING
TEL: 212.351.3732
FAX: 212.878.8637
MTHERING@EBGLAW.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/2013
```

August 9, 2013

**VIA EMAIL**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Saleem and Singh, et al. v. Corporate Transportation Group, Ltd., et al.*, No. 12 Civ. 8450

Dear Judge Furman:

    As you know, we represent Defendants in this matter. We write in response to Your Honor's request for supplemental briefing addressing the fact that Hassan Siblini was not acting an agent of any Defendant when he spoke about this lawsuit with plaintiffs.

    As an initial matter, we stress that no threats, intimidating statements, or otherwise inappropriate communications took place between any alleged agent of Defendants and any plaintiffs or putative plaintiffs in this lawsuit. However, even if Your Honor decides that any part of the conversations at issue in this hearing were inappropriate, the relief Plaintiffs seek is unwarranted because Hassan Siblini, a putative plaintiff, was not acting as an agent of any Defendant in this action, and therefore Defendants cannot be bound by or held liable for his actions.

### Hassan Siblini Was Not Acting As An Agent Of Any Defendant

    Under the standard principles of agency, "an agent must have authority, whether apparent, actual or implied, to bind his principal." Merrill Lynch Interfunding v. Argenti, 155 F.3d 113, 122 (2d Cir. N.Y. 1998). If an individual does not have such authority, he is not an agent of the purported principal, and the purported principal cannot be held liable for the consequences of the non-agent's actions.

    In this case, when Mr. Siblini participated in the July 1 Dunkin Donuts conversation that is the main subject of this hearing, or when he called Anjun Ali to wish him a happy Ramadan on July 9, he was not acting as an agent of Defendants. Rather, he was acting entirely on his own

ATLANTA • BOSTON • CHICAGO • HOUSTON • INDIANAPOLIS • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, DC

The Honorable Jesse M. Furman
August 9, 2013
Page 2

behalf, and he had no express actual authority, no implied actual authority, and no apparent authority to bind any of the Defendants in this lawsuit to the statements allegedly made in his conversation with plaintiffs.  Therefore, Defendants cannot be bound by the words or actions of Mr. Siblini, nor can Defendants be held liable for the consequences thereof.

1. **Hassan Siblini Is Not An Agent of Defendants Because He Had No Actual Authority To Speak Or Act On Behalf Of Defendants**

To establish actual agency or actual authority, Plaintiffs must demonstrate: "(1) manifestation by the principal that the agent shall act for him; (2) the agent accepted the undertaking; and (3) an understanding between the parties that the principal is to be in control of the undertaking." Spagnola v. Chubb Corp., 264 F.R.D. 76, 90 (S.D.N.Y. 2010).  The existence of actual authority "depends upon the actual interactions of the putative agent and principal and not on the perception a third party may have of the relationship." Id. (citations omitted).  Actual authority can be express or implied, but "exists only where the agent may reasonably infer from the words or conduct of the principal that the principal has consented to the agent's performance of a particular act." Dinaco, Inc. v. Time Warner, Inc., 346 F.3d 64, 68 (2d Cir. 2003).

In this case, no action taken by Defendants can be said to have created actual authority in Mr. Siblini, as no Defendant ever explicitly or implicitly instructed Mr. Siblini to talk to any plaintiff or putative plaintiff about this lawsuit.

   a. **Hassan Siblini Had No Express Actual Authority**

Express actual authority is "authority distinctly, plainly expressed, orally or in writing." Hidden Brook Air, Inc. v. Thabet Aviation Int'l, Inc., 241 F. Supp. 2d 246, 261 (S.D.N.Y. 2002) (citations omitted).  Mr. Siblini had no express actual authority because no Defendant in this action ever expressly authorized or instructed, orally or in writing, Mr. Siblini to meet with any plaintiffs and discuss this lawsuit.

   b. **Hassan Siblini Had No Implied Actual Authority**

Implied actual authority only exists "when verbal or other acts by a principal reasonably give the appearance of authority to the agent" and is "a kind of authority arising solely from the designation by the principal of a kind of agent who ordinarily possesses certain powers." Hidden Brook Air, Inc. v. Thabet Aviation Int'l, Inc., 241 F. Supp. 2d 246, 261 (S.D.N.Y. 2002) (citations omitted).  Mr. Siblini had no implied actual authority to act as an agent of any Defendant.  No Defendant, nor any executive, officer, or manager of any of the defendant companies in this lawsuit, ever spoke to Mr. Siblini about this lawsuit.  Nor did any Defendant ever tell or ask Mr. Siblini to speak with any driver about this lawsuit or about any possible tax consequences of this lawsuit.  Furthermore, no action taken by any Defendant can be said to have implied to Hassan Siblini that he had the authority to speak on behalf of any Defendant about this lawsuit because no Defendant or executive, officer, or manager of any Defendant ever discussed this lawsuit with Mr. Siblini, a putative plaintiff in this action – nor would they have

The Honorable Jesse M. Furman
August 9, 2013
Page 3

since Eduard Slinin gave all executives, officers, and managers of the defendant companies instructions not to discuss this lawsuit with any drivers.  Therefore Mr. Siblini was not an agent of Defendants under the theory of implied actual authority.

2. **Hassan Siblini Is Not An Agent of Defendants Because He Had No Apparent Authority**

   Plaintiffs cannot demonstrate that Mr. Siblini was an agent of Defendants under the theory of apparent authority.  Apparent authority "arises from the 'written or spoken words or any other conduct of the principal which, reasonably interpreted, causes [a] third person to believe that the principal consents to have [an] act done on his behalf by the person purporting to act for him.'"  Hidden Brook Air, Inc. at 261 (S.D.N.Y. 2002) (citations omitted).  The existence of apparent authority turns on "whether the representations made by the principal to a third party created the appearance of authority."  Id.  In order to demonstrate apparent authority, Plaintiffs must show that "words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction on behalf of the principal."  Spagnola at 90 (S.D.N.Y. 2010).  This means that Plaintiffs must show: "(1) the principal was responsible for the appearance of authority in the agent to conduct the transaction in question; and (2) the third party reasonably relied on the representation of the agent."  Id. (citations omitted).  The third party "must have relied on 'the misrepresentations of the agent because of some misleading conduct on the part of the principal -- not the agent.'"  Id. (citations omitted).

   Plaintiffs have not shown any reliance by any of the participants in the subject conversations, or indeed by any driver, upon the alleged statements of Mr. Siblini.  Indeed, the drivers involved in the conversations continued to participate in this lawsuit and appeared for and gave their depositions as scheduled.  Further, plaintiffs have not shown any action taken or statement made to any plaintiff or putative plaintiff that could give rise to the belief that Mr. Siblini was authorized to speak or act on behalf of Defendants.  Mr. Siblini is himself a putative class member, not an executive, officer, or manager of the defendant companies.  While he did perform  routing work for a special customer of one of the defendant companies, he was only one of seven or eight such routers who sat in a common room along with their supervisor Fadi Toska. Further, the nature of that work of matching up the customer's manifest and order requirements with vendors and drivers, 98% of whom were unrelated to this litigation, could not be deemed to be supervisory work under any commonly accepted labor and employment law definition.  Moreover, at most, he spent only about 50% of his time doing this work and the other 50% driving.  Under all of the circumstances, the routing tasks could not give rise to a reasonable belief he was an agent of any of the defendant companies.

Additionally, the fact that Mr. Siblini's LinkedIn page purportedly says "supervisor" is not dispositive.   Not only did Mr. Siblini not actually put up this page or have any knowledge of it but, plaintiffs have presented no evidence that any of the drivers who were allegedly threatened believed that Mr. Siblini was a supervisor because of statements on LinkedIn.  Therefore, there is no apparent agency.

FIRM:23654582v1

The Honorable Jesse M. Furman
August 9, 2013
Page 4

      For the foregoing reasons, we submit that Mr. Siblini was not acting as an agent of any Defendant in this action when he communicated with plaintiffs about this lawsuit, and the relief Plaintiffs seek should be denied.

                                      Respectfully Submitted,

                                      /s Margaret Thering
                                      Margaret C. Thering