## OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Justin M. Swartz
Wendi S. Lazar
Kathleen Peratis
Jack A. Raisner
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian
Ossai Miazad
Cara E. Greene
Rachel M. Bien

Lewis M. Steel
Paul W. Mollica
Molly Brooks
Nantiya Ruan

Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York
Delyanne D. Barros
Katherine Blostein
Jessie R. Cardinale
Cyrus E. Dugger
Jennifer Liu
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Amber C. Trzinski
Juno Turner



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2013

August 9, 2013

**Via Email**
The Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, NY 10007

    Re:    <u>Saleem v. Corporate Transportation Group, Ltd., et al.</u>, No. 12 Civ. 8450

Dear Judge Furman:

    Plaintiffs respectfully request that Your Honor accept this letter in response to Defendants' letter submitted to the Court 10 minutes before today's hearing.

    The issue of responsibility in this case for the attempts of Defendants' employees to dissuade Plaintiffs to withdraw their lawsuit rests entirely on credibility determinations, which we ask this Court to make.

    The record establishes that the conduct of Hassan Siblini, Joseph Civello, and Sanjeev Kumar could not have come about by happenstance. In a case of this nature, similar to a discrimination case, where the complained of conduct consists solely of oral communications, credibility findings will inevitably be the key the resolution. *Cf. Schiano v. Quality Payroll Systems, Inc.*, 445 F.3d 597, 603 (2d Cir. 2006) ("[I]n a discrimination action because direct evidence of discriminatory intent is rare … such intent often must be inferred from circumstantial evidence…"); *Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032, 1043 (2d Cir. 1979) ("In its deliberations, the court must remember that clever men may easily conceal their motivations. As overtly bigoted behavior has become more unfashionable, evidence of intent has become harder to find. But this does not mean that racial discrimination has disappeared. It means that when a discriminatory effect is present, the courts must be alert to recognize means that are subtle and explanations that are synthetic.") (internal citations and quotations omitted). One simply cannot expect the CTG President, Eduard Slinin, or high-level employee, Joseph



3 Park Avenue, 29th Floor, New York, NY 10016   Tel 212-245-1000   Fax 646-509-2060
6 Landmark Square, Suite 400, Stamford, CT 06901   Tel 203-363-7888   Fax 203-363-0333
203 North LaSalle Street, Suite 2100, Chicago, IL 60601   Tel 312-924-4888   Fax 646-509-2075
og@outtengolden.com   www.outtengolden.com

The Honorable Jesse M. Furman
August 9, 2013
Page 2 of 2

Civello, who Defendants concede is an agent, to admit to ordering or directing the prohibited conduct.

Civello in fact was an active participant in attempting to dissuade Anwar Bhatti from participating in this suit. Civello also admitted hearing rumors of the Plaintiffs' plan to file a lawsuit before it happened, but never reported that to Slinin. This is inconceivable in light of their close working relationship. Similarly, Siblini worked under Civello's shadow and Kumar is in driver relations, whose commission arrangement along with Civello's and Siblini's indicated both these employees' and management's lack of concern for the niceties of the law.

Slinin also testified he did not give a single thought to the tax consequences of reclassifying independent contractors as employees, which is inconceivable in light of the company inappropriately using the independent contractor device, which the Court can judicially notice avoids certain tax consequences. As for Civello, it is simply not credible that he would not tell Slinin about the rumors he heard. In regard to Kumar, he was an obvious messenger, conveying to Jagjit Singh to stay away from his deposition because only the lawyers would get something out of it, echoing what Civello said in the 2011 recording regarding the union drive. Finally, Siblini's tale from Lebanon and claimed ignorance of the lawsuit strains belief. It cannot be a coincidence that Siblini began his claimed solo campaign to persuade the drivers approximately one week before depositions began in this case.

All the evidence points to a plan approved by Civello as well as the CTG President himself to dissuade drivers from pursuing this case. This conduct is consistent with Civello and Slinin attending multiple depositions of Plaintiffs and the opt-ins, which appears to be just another example of intimidation.

Defendants' roadmap to avoid responsibility is clear. The evidence, however, points to the fiction of Defendants' denials.

We thank the Court for its attention to this matter.

Respectfully submitted,

Lewis M. Steel

cc: Evan J. Spelfogel, Esq.
    Margaret C. Thering, Esq.
    Michael Schmidt, Esq.
    Adam T. Klein, Esq.
    Michael J. Scimone, Esq.
    Michael N. Litrownik, Esq.
    Stephen Kahn, Esq.