Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Justin M. Swartz
Wendi S. Lazar
Kathleen Peratis
Jack A. Raisner
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian
Ossai Miazad
Cara E. Greene
Rachel M. Bien

Lewis M. Steel
Paul W. Mollica
Molly Brooks
Nantiya Ruan

Deirdre A. Aaron
Sally Abrahamson
*Not admitted in New York
Delyanne D. Barros
Katherine Blostein
Jessie R. Cardinale
Cyrus E. Dugger
Jennifer Liu
Carmel Mushin
Melissa Pierre-Louis
Michael Scimone
Amber C. Trzinski
Juno Turner

## OUTTEN & GOLDEN LLP

*Advocates for Workplace Fairness*

September 17, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **09/18/2013**

**Via ECF**
The Honorable Jesse M. Furman
United States District Judge
40 Foley Square
New York, NY 10007

Re:   <u>Saleem v. Corporate Transportation Group, Ltd., et al.</u>, No. 12 Civ. 8450

Dear Judge Furman:

    We represent Plaintiffs, the collective, and the putative class in the above-referenced case. We write in response to Defendants' letter, dated September 13, 2013, requesting that Your Honor dismiss 12 plaintiffs from this action.

    Dismissal with prejudice of an action or parties under Fed. R. Civ. P. 37 "is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). The Court correctly declined to dismiss opt-in plaintiffs who did not respond to Defendants' discovery requests on June 6, 2013 when it stated on the record that "dismissal is a harsh and unwarranted remedy here, and some allowance needs to be made for the fact that these folks are opting in . . . ." June 6, 2013 Court Conference Transcript at 24, attached as **Exhibit A**. The opt-in plaintiffs here have not shown willfulness or bad faith by "refusing" to appear for deposition as Defendants claim; rather, they have merely been non-responsive to Plaintiffs' counsel's efforts to contact them.

    Furthermore, a defendant must demonstrate that it has been "seriously prejudiced" by a party's noncompliance with discovery in order to warrant dismissal. *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 887 (S.D.N.Y. 1999). In the context of an FLSA collective action, in which individuals "opt-in" to the collective as plaintiffs, dismissing opt-in plaintiffs for failing to appear for a deposition or produce documents is an extremely harsh sanction. *See, e.g., Ayers v. SGS Control Svs., Inc.*, No. 03 Civ. 9077, 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007) (declining to dismiss opt-ins because, among other reasons, Defendants were not

The Honorable Jesse M. Furman
September 17, 2013
Page 2 of 2

prejudiced since they had taken discovery from other opt-in Plaintiffs); *see also Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2008 WL 7863502, at *7 (S.D.N.Y. May 9, 2008) (refusing to dismiss opt-in plaintiffs in part due to absence of prejudice); *Hinterberger v. Catholic Health Sys., Inc.*, 284 F.R.D. 94, 104-05 (W.D.N.Y. 2012) (declining to dismiss opt-in plaintiffs).

      Here, Defendants have not demonstrated any serious prejudice by their inability to take individualized discovery from these particular plaintiffs, nor could they, because Defendants have already obtained discovery from 13 plaintiffs and will obtain discovery from three more. Defendants have not pointed to anything exceptional or unique about these particular 12 plaintiffs they seek to dismiss from the action. Moreover, there is no showing of willfulness or bad faith. On the contrary, Plaintiffs have endeavored throughout the discovery period to produce the two named Plaintiffs and 14 additional opt-ins for depositions. Finally, FLSA opt-ins are under no general obligation to produce documents or sit for depositions unless ordered by the Court. *See In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, MDL No. 1743, 2009 WL 1120293, at *2 (D. Colo. Apr. 27, 2009) ("[defendants are] not entitled to individualized discovery from each and every opt-in Plaintiff, but rather discovery from a certain number of Plaintiffs.").

      For these reasons, Plaintiffs request that the Court deny Defendants' request.

Respectfully submitted,

Michael N. Litrownik

cc: Evan J. Spelfogel, Esq.
Margaret C. Thering, Esq.
Michael Schmidt, Esq.
Adam T. Klein, Esq.
Michael J. Scimone, Esq.
Lewis M. Steel, Esq.
Stephen Kahn, Esq.

```
Substantially for the reasons stated herein,
Defendants' request that the Court dismiss the
12 opt-ins, or impose other sanctions, is
DENIED.  Defendants are advised that any future
application of this sort must be made by formal
motion, not by letter.
```

SO ORDERED.

September 18, 2013