**OUTTEN & GOLDEN LLP**
Adam T. Klein
Michael J. Scimone
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**KAHN OPTON, LLP**
Stephen H. Kahn
One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAZHAR SALEEM and JAGJIT SINGH, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CORPORATE TRANSPORTATION GROUP, LTD., CORPORATE TRANSPORTATION GROUP INTERNATIONAL, CORPORATE TRANSPORTATION GROUP WORLDWIDE, INC., NYC 2 WAY INTERNATIONAL, LTD., CTG PRIVATE CAR & LIMOUSINE, INC., ARISTACAR & LIMOUSINE, LTD., TWR CAR AND LIMO, LTD., EXCELSIOR CAR AND LIMO, INC., HYBRID LIMO EXPRESS, INC., EDUARD SLININ, and GALINA SLININ,<br><br>      Defendants. | **No. 12 Civ. 8450 (JMF)** |

## PLANTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
## <u>SUPPLEMENT THE RECORD</u>

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ……………………………………………………….……………1

    I.    After Plaintiffs' Motion For Class Certification Was Submitted, Defendants Produced Additional Relevant Documents......…………………………………….……….....1

    II.    The Recently Produced Evidence Is Relevant to Class Certification ….……………..…2

CONCLUSION ………………….………………………………………………………………...3

## PRELIMINARY STATEMENT

Plaintiffs move to supplement the record now before the Court to include evidence that Defendants produced shortly after Plaintiffs submitted their pending Motion for Class Certification Pursuant to Fed. R. Civ. P. 23 ("Certification Motion").  Three days after the Certification Motion was fully submitted, Defendants produced over 5,000 emails to Plaintiffs that included a series of spreadsheets similar in form to one that Defendants had produced three months earlier in discovery, but containing additional fields not previously produced.  The additional fields contradict arguments made by Defendants in opposition to the Certification Motion, and support Plaintiffs' argument that this case may be certified as a class action because common proof will resolve questions central to the resolution of drivers' New York Labor Law claims.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Defendants' COO testified that the disciplinary matters described in the spreadsheets are handled in the same manner for all drivers working for all Defendant companies.  Accordingly, Plaintiffs now seek to submit this recently produced evidence for the Court's consideration.

I.  **After Plaintiffs' Motion For Class Certification Was Submitted, Defendants Produced Additional Relevant Documents.**

On June 7, 2013, in response to Plaintiffs' First Request for Production of Documents, Defendants produced a spreadsheet showing a list of customer complaints received between December 4, 2009 and January 10, 2012.  Scimone Decl. ¶¶ 2, 3.[1]  Plaintiffs submitted the Complaint Spreadsheet as an exhibit in support of their Certification Motion.  Pls.' Moving Br. at 9, ECF No. 161.  Plaintiffs argued that the Complaint Spreadsheet showed that Defendants have a uniform system to track customer complaints against drivers, and that whether and how

---

[1]      *See* Ex. A, spreadsheet produced on June 7, 2013, Bates No. CTG08742-77 ("Complaint Spreadsheet").  All Exhibits are attached to the Declaration of Michael Scimone in Support of Plaintiffs' Motion to Supplement the Record ("Scimone Decl.").

Defendants discipline drivers as a result of those complaints is a common question of fact relevant to class certification.  *Id.* at 17; Pls.' Reply at 5-6, ECF No. 382.  Defendants argued in opposition that drivers were subject to different policies regarding how their work was evaluated and/or monitored, and that those policies were applied to drivers in different ways.  Defs.' Opp. at 15, ECF No. 368.

Three days after the Certification Motion was fully submitted, Defendants produced several versions of the Complaint Spreadsheet that contained five data fields not previously produced.  Scimone Decl. ¶¶ 5, 6.[2]  The missing data fields, labeled "Result," "Outcome," "Notes," "Status," and "Fine," show what, if anything, Defendants did in response to each customer complaint.  Scimone Decl. ¶ 7.  The responses include referring complaints to the Security Committee,[3] imposing a series of inspections by CTG's Director of Security,[4] taking drivers off of certain accounts,[5] and imposing fines based on orders by CTG's top management.[6] The follow-up spreadsheet was updated regularly and distributed on a weekly basis to CTG's top management personnel.  Scimone Decl. ¶ 8.

## II.    **The Recently Produced Evidence Is Relevant to Class Certification.**

The Follow-up Spreadsheet shows that CTG applied common policies to all drivers and exerted control characteristic of an employment relationship in response to complaints by customers.  The degree of control that Defendants exercised over drivers is the "critical inquiry"

---

[2]    Ex. B, spreadsheet produced on September 23, 2013, Bates No. CTG27719 ("Follow-up Spreadsheet").

[3]    Ex. B (Follow-up Spreadsheet) line 85 ("Referred to Security.").

[4]    Ex. B (Follow-up Spreadsheet) line 109 ("Vehicle inspected at base by Steve A.- 8/3/10; Driver told to get a full exterior/interior wash.  Reinspected- Satisfactory").  The exact role of Steven Aliberti and Joseph Maydwell, CTG's Directors of Security during the period covered by this lawsuit, remains a disputed issue.  See Ex. C, Deposition of Gerhard Doetsch (rough), dated October 1, 2013 ("Doetsch Tr."), 179:7-11; 239:6-14.

[5]    Ex. B (Follow-up Spreadsheet) line 13 ("Driver taken off account 70559 for 90 Days").

[6]    Ex. B (Follow-up Spreadsheet) line 308 ("Driver given $ 2,000.00 fine as per Eddie S.")

in determining independent contractor vs. employee status.  *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003).  The "Company" column on the spreadsheet shows that the same system of fines, inspections, intermittent Security Committee involvement, and direct intervention by management applied to all of the Defendant companies.  This is further supported by testimony from Defendants' COO Gerhard Doetsch, who testified that drivers are held to the same standards of conduct regardless of which Defendant company they work for.[7]

Defendants will argue that the Follow-Up Spreadsheet shows that the Security Committee, which they claim is independent of CTG management and not reflective of employer control, was involved in many instances of discipline.  Defendants will also argue that the Director of Security was an independent contractor who worked at the behest of the Security Committee, not CTG management.  Although Plaintiffs dispute both arguments,[8] the truth or falsity of either argument will be established through common proof.  The existence of the common system of complaint tracking and discipline reflected in the recently-produced Follow-up Spreadsheets therefore supports class certification.  *See Meyer v. U.S. Tennis Ass'n*, No. 11 Civ. 6268, 2013 WL 1777556, at *6 (S.D.N.Y. 2013) (common procedures that applied to all putative independent contractors supported class certification of New York Labor Law claim.).

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court consider the Follow-Up Spreadsheet, attached as Exhibit B to the Scimone Declaration, as further evidence in support of Plaintiffs' Motion For Class Certification Pursuant to Fed. R. Civ. P. 23.

---

[7]    Doetsch Tr. 63:16-12.

[8]    Ex. D, Deposition of Mohammad Siddiqui dated August 5, 2013, 337:7-25 ("he came to me and said, 'My name is Joe Wedvill. [sic.] I am the  executive of security.'  I said, 'How is it that you are an executive?  You have not been selected' – 'you are selected, not elected.'  And he has been imposed on us.  On all the complaints that come, he collects.").  Mohammad Siddiqui is the current Chairman of NYC  2 Way International, Inc.'s Security Committee.  *Id.* 338:12-15.

Dated:      October 3, 2013
            New York, New York

                              Respectfully submitted,

                              /s/ Michael J. Scimone
                              Michael J. Scimone

                              **OUTTEN & GOLDEN LLP**
                              Adam T. Klein
                              Michael J. Scimone
                              Michael N. Litrownik
                              3 Park Avenue, 29th Floor
                              New York, New York 10016
                              Telephone:  (212) 245-1000

                              **KAHN OPTON, LLP**
                              Stephen H. Kahn
                              One Parker Plaza
                              Fort Lee, New Jersey 07024
                              Telephone: (201) 947-9200

                              *Attorneys for Plaintiffs, the collective and*
                              *the Putative Class and Collective*