

Attorneys at Law

Meg Thering
t 212.351.3732
f 212.878.8600
mthering@ebglaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2013
```

October 4, 2013

**VIA EMAIL**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  Saleem and Singh, et al. v. Corporate Transportation Group, Ltd., et al., Civil Action No. 12-cv-8450

Dear Judge Furman:

As you know, on September 13, 2013, Defendants filed their opposition to plaintiffs' motion for class certification.  As part of Defendants' opposition papers, I submitted a declaration listing the exhibits used in Defendants' opposition brief.  Defendants attempted to file several of these exhibits under seal because either Plaintiffs or Defendants had designated such documents as confidential.  I am writing to you to move to keep the following documents, that were described in my September 13, 2013 Declaration, filed under seal:

- Exhibit 16: a true and correct copy of a list of putative plaintiffs, Bates numbered CTG 352.  This list should be kept confidential because it contains identifying information, including addresses and telephone numbers, about every driver who has provided driving services for Defendants since 2010.  If Your Honor will not allow this entire document to be filed under seal, then Defendants request that it be redacted so that just the names of the putative plaintiffs appear.  (*See* Exhibit 1 with the information that Defendants would

Margaret C. Thering, Esq.
October 4, 2013
Page 2

like to be redacted highlighted.)  Defendants have spoken to Plaintiffs' counsel about this, and Plaintiffs' counsel joins our request to keep Exhibit 16 filed under seal.

- Exhibit 17: A true and correct copy of confidential dispatch data, Bates numbered CTG 16550; CTG 16551; and CTG 16554.  Defendants were instructed that Your Honor wanted all 10,000 (approximately) pages of this data.  Accordingly, this data is being emailed to Your Honor via a secure Accellion file transfer.  This data is proprietary to Corporate Transportation Group and contains information about its clients and how Corporate Transportation Group conducts its dispatch services.  Competitors should not be allowed free access to this confidential and proprietary information.  I have spoken with Plaintiffs' counsel about Defendants' desire to keep Exhibit 17 under seal.  Plaintiffs' counsel has no position on this request.

- Exhibit 18: a true and correct copy of Confidential Check Registers, Bates numbered CTG 8921-CTG 9236 and CTG 9995-CTG 12293.  Because these documents total approximately 2,600 pages, Defendants filed only the first five (5) pages of each Check Register in connection with their Opposition to Plaintiffs' Motion for Class Certification.  We are emailing all of these Check Registers, via secure Accellion file transfer, to Your Honor.  Defendants request that these documents be kept under seal because they include identifying information about putative plaintiffs, as well as sensitive information about Defendants' business.  Defendants have spoken to Plaintiffs' counsel about this, and Plaintiffs' counsel joins our request to keep Exhibit 18 filed under seal.

- Exhibit 19: true and correct copies of documents bates numbered: P000955; CTG 16150; CTG 16147; P0001009; P001008; P001007; CTG 12522; CTG 12523; CTG 12524;

Margaret C. Thering, Esq.
October 4, 2013
Page 3

P002457; P002458; P002455; P002463; P002454; P002460; P002456; P002464; CTG 12578; CTG 12577; CTG 12588; CTG 12591; CTG 12590; CTG 12589; CTG 12560; P001152; CTG 16148; P 001153; CTG 000188; CTG 00476; CTG 00454; CTG 00517; and CTG 12435.  Defendants seek to keep these documents filed under seal because they are excerpts from the putative plaintiffs' tax returns that include identifying information about putative plaintiffs.  To the extent Your Honor does not agree to keep these documents filed under seal, then Defendants request that these documents be redacted so that no identifying information is available to the public.  The highlighted information (attached to this letter as Exhibit 2) is the information that Defendants believe should be redacted.  Defendants have spoken to Plaintiffs' counsel about this, and Plaintiffs' counsel joins our request to keep Exhibit 19 filed under seal.

All of these documents have already been – or are currently being – provided to this Court.  All have been previously provided to opposing counsel.

The Court may issue any Order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…forbidding the disclosure…specifying the terms…for the disclosure…[and] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…."  Fed. R. Civ. P. 26(c).  If these exhibits were not kept under seal, trade secrets and other confidential information would be revealed to the public.  Moreover, where, as here, "the privacy interests of the [parties] outweigh the presumption of public interest," it is appropriate for the materials in question to be sealed.  *Avocent Redmond v. Raritan Ams. Inc*, No. 10 civ. 6100, 2012 U.S. Dist. LEXIS 107801, at *41-42 (S.D.N.Y. July 31, 2012)

Margaret C. Thering, Esq.
October 4, 2013
Page 4

(J. Castel); *GoSMiLe, Inc. v. Dr. Jonathan Levine, D.M.D.P.C.*, 769 F. Supp. 2d 630, 649-650 (S.D.N.Y. 2011) (J. Castel).  Accordingly, Defendants request that the documents comprising Exhibits 16, 17, 18, and 19 remain filed under seal.  This letter was shared with plaintiffs' counsel prior to it being filed with Your Honor.

                                            Respectfully submitted,

                                            /s Margaret Thering

                                            Margaret C. Thering

As the test for whether and how strongly the presumption in favor of public access applies turns in part on the nature of the documents and whether and how they are considered by the Court, the Court will rule on this application when it rules on the underlying motion.

                                            SO ORDERED.

                                            October 7, 2013

FIRM:23926895v1