Evan J. Spelfogel
espelfogel@ebglaw.com
Margaret C. Thering
mthering@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| MAZHAR SALEEM and JAGJIT SINGH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>CORPORATE TRANSPORTATION GROUP, LTD., et al.,<br><br>Defendants. | <u>ECF CASE</u><br><br>12 CV 08450 (JMF)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL VERIFICATION OF NON-RESPONSIVE PLAINTIFFS AND TO COMPEL ADDITIONAL PLAINTIFFS TO APPEAR FOR DEPOSITIONS AND TO DISMISS NON-COMPLIANT PLAINTIFFS** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW**

Defendants respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 37(a), to: (1) compel Plaintiffs' counsel to verify whether non-responsive opt-in plaintiffs, who have stopped communicating with Plaintiffs' counsel, wish to remain parties to the lawsuit; (2) compel two additional plaintiffs to appear for depositions; and (3) dismiss all plaintiffs who fail or have failed to appear for depositions. Pursuant to Judge Furman's September 18, 2013 Endorsed Memo, Defendants make this application via formal

motion, and not by letter. In the alternative, pursuant to Local Civil Rule 37.2, Defendants request an informal conference with the Court regarding this application.

As you know, Your Honor ordered complete discovery, including depositions from 16 plaintiffs, as a sample group of the opt-in plaintiff class. As of today, October 14, 2013, only 14 opt-in plaintiffs have appeared for depositions, despite numerous attempts by Defendants to take depositions of available plaintiffs. In response to Defendants' counsel's attempts to schedule the remaining depositions, Plaintiffs' counsel has indicated that some opt-in plaintiffs have been unresponsive to Plaintiffs' counsel's attempt to schedule depositions, and some opt-in plaintiffs have stopped communicating with Plaintiffs' counsel altogether. (*See* Declaration of Margaret Thering). Accordingly, Defendants ask Your Honor to compel Plaintiffs' counsel to verify which opt-in plaintiffs intend to remain in this lawsuit and to dismiss those plaintiffs who have ceased communicating with plaintiffs' counsel. *See Gordon v. Kaleida Health*, No. 08-cv-378S(F), 2013 U.S. Dist. LEXIS 73332 (W.D.N.Y. May 21, 2013) (dismissing non-responsive opt-in plaintiffs for failure to comply with discovery orders); *Hinterberger v. Catholic Health Systems*, 284 F.R.D. 94 (W.D.N.Y 2012).

Additionally, Defendants request that any plaintiffs who have failed to (or continue to fail to) appear for a deposition be dismissed, with prejudice, from this lawsuit. Initially, Defendants sought to take depositions of the first 28 plaintiffs who opted into the lawsuit before Plaintiffs' counsel circulated notice of this lawsuit to all putative class members. Plaintiffs' counsel opposed this and sought to limit depositions to only the first 16 opt-in plaintiffs. Your Honor decided that a compromise was in order and stated that Defendants could take depositions of 16 of the first 28 opt-in plaintiffs. (*See* July 26, 2013 order, number 136 on the docket sheet.) Defendants sought to take 16 depositions from the first 28 opt-in plaintiffs, but Plaintiffs'

counsel was unable to produce 16 of the first 28 opt-in plaintiffs for depositions.[1] Because Plaintiffs' counsel could only produce 13 of the first 28 opt-in plaintiffs for depositions, Defendants' counsel agreed to depose plaintiffs outside of the first 28 opt-in plaintiffs. Even with such an expansion, however, Plaintiffs' counsel was still unable to produce 16 plaintiffs for depositions.

Previously, Your Honor denied Defendant's motion to dismiss non-compliant opt-in plaintiffs on the theory that Defendants would not be prejudiced by their failure to appear because Defendants could simply obtain discovery through the depositions of other opt-in plaintiffs. This is no longer the case since Plaintiffs' counsel has been unable to produce 16 plaintiffs for depositions. Additionally, the remaining two depositions are unlikely to be cumulative of the first 14 because the plaintiffs have testified very differently about their affiliation with the Defendants in this case. All of these differences are noted in Defendants' Opposition to Plaintiffs' Motion for Class Certification, filed on September 13, 2008. Accordingly, Defendants respectfully request that Your Honor order Plaintiffs to produce two additional plaintiffs for depositions, and if plaintiffs are unable to do so, Defendants request thatall opt-in plaintiffs who have refused to appear for a deposition be dismissed, with prejudice, from this lawsuit. *See Gordon*, 2013 U.S. Dist. LEXIS 73332.

---

[1] The following plaintiffs have refused to appear for depositions and are among the first 28 plaintiffs to have initiated or joined this lawsuit: Carlota Briones; Jose Cabrera; Mohammad Mian; Pedru Duman; Rajan Kapoor; Wilman Martinez; Ranjit Bhullar; Luis Sanchez; Maher Maqsood, Atif Razaq; Bhavesh Shah; Khushwant Singh; and Aziz Urrehman.

                                                         Respectfully Submitted,

Dated:  October 14, 2013                      EPSTEIN BECKER & GREEN, P.C.

                                                    /S MARGARET THERING
                                              Evan J. Spelfogel
                                              Margaret Thering
                                              250 Park Avenue
                                              New York, NY 10177
                                              Tel: 212.351.4500
                                              espelfogel@ebglaw.com
                                              mthering@ebglaw.com

                                              *Attorneys for Defendants*