UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                             :

MAZHAR SALEEM, et al.,                                :

                      Plaintiffs,             :           12 Civ. 8450 (JMF)

         -v-                    :        MEMORANDUM OPINION
                                           :               AND ORDER
CORPORATE TRANSPORTATION GROUP,   :
LTD., et al.,

                    Defendants.      :

------------------------------------------------------------------------X

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:___ DATE FILED: 12/05/2013**

JESSE M. FURMAN, United States District Judge:

      By Order entered June 17, 2013, this Court conditionally certified a collective action pursuant to Section 216(b) of the Federal Labor Standards Act. (Docket No. 67). The Court ordered notice sent to putative Plaintiffs, and set a deadline of August 28, 2013 for Plaintiffs to file consent forms to join the lawsuit. (*Id.*). On October 7, 2013, Defendants filed a motion to strike opt-in Plaintiffs who sent in consent forms after the August 28th deadline. (Docket No. 402). On October 14, 2013, Defendants separately moved to (1) compel certain Plaintiffs to verify whether they wished to remain parties to the suit; (2) compel additional Plaintiffs to appear for depositions; and (3) dismiss all Plaintiffs who fail or have failed to appear for depositions. (Docket No. 413). For the reasons stated below, Defendants October 7th motion is GRANTED in part and DENIED in part, and Defendants' October 14th motion is DENIED.

## MOTION TO STRIKE UNTIMELY PLAINTIFFS

First, Defendants move to strike twenty-five opt-in Plaintiffs for failure to file consent forms by August 28, 2013. (Docket Nos. 402, 439). As their names are spelled on the Docket, these Plaintiffs are: Mena Michael, American Car Limo Tours, King Wah Yiu, Anjum Ali, Jeetu Multani, Buo Xuan Guo, Guo Bao Xuam, Ahmed Aljahmi, Lawrence Calliste, Jing Wang, Azid Riaz, Wazir Mughal, Etienne Tchitchui, Diogenes Pion, Ijaz Mahboob, Mohammad Shamsoddoha, Suleyman Issi, Ibrahim Onbasi, Donovan James, Ramadan S. Kenawi, Bayran Onbasi, Gurmail Singh, Asand Fara, Jose Pinto, and Mohamed Abdelaal.

In their reply memorandum, Defendants concede that Mena Michael and Anjum Ali did, in fact, file timely consent forms. (Defs.' Reply Mem. (Docket No. 425) 1; Pls.' Mem. (Docket No. 423) 3-4 n.2). Defendants also concede that the Plaintiffs whose forms were postmarked by August 28, 2013, should remain parties to the suit, in light of an ambiguity in the notice as to whether the deadline referred to the date of filing or the postmark date. (*Id.* 1-2). In their reply memorandum, Defendants state that there were seven such opt-in Plaintiffs, but, in fact, Plaintiffs only identify five: Donovan James, Ibrahim Onbasi, Suleyman Issi, Ijaz Mahboob, and Bayran Onbasi. (*Compare id.* 1, *with* Pls.' Mem. 7). Thus, the consent forms filed by Mena Michael, Anjum Ali, Donovan James, Ibrahim Onbasi, Suleyman Issi, Ijaz Mahboob, and Bayran Onbasi were timely.

There remain seventeen opt-in Plaintiffs who did not timely file opt-in forms.[1] "When determining whether late opt-in consent forms should be deemed timely in an FLSA action, courts consider factors such as '(1) whether 'good cause' exists for the late submissions;

---

[1] The Court counts Buo Xuan Guo and Guo Bao Xuam, whom Defendants identify in their memorandum as different people, as a single person. For purposes of this Order, the Court refers to him as Buo Xuan Guo.

(2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.'" *Benavidez v. Piramides Mayas Inc.*, Nos. 09 Civ. 5076 (KNF) et al., 2013 WL 1627947, at *3 (S.D.N.Y. Apr. 16, 2013) (quoting *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009)).

Plaintiffs Gurmail Singh, Jose Pinto, and Mohamed Abdelaal have plainly provided good cause for their late filings. Plaintiffs Singh and Pinto did not appear on the class list provided by Defendants for the mailing of notice and, therefore, did not receive the notice and consent form. (Scimone Decl. (Docket No. 424) ¶ 8). Abdelaal failed to timely file his consent form because the notice was sent to an address from which he had moved in late 2011, and he therefore did not receive the notice until November 2013. (Abdelaal Decl. (Docket No. 442) ¶¶ 2-5). Accordingly, Defendants' motion to strike is denied with respect to Singh, Pinto, and Abdelaal.

The fourteen remaining opt-in Plaintiffs can be divided into two groups: those for whom Plaintiffs provide some excuse for their untimely filings, and those for whom Plaintiffs do not. The first group is comprised of Jeetu Multani, Buo Xuan Guo, Ahmed Aljahmi, and Lawrence Calliste. Within that group, the Court finds that Jeetu Multani has provided good cause, but that Buo Xuan Guo, Ahmed Aljahmi, and Lawrence Calliste have not. In an affidavit, Multani explains that he failed to file his consent form by the deadline because he was taking care of his mother during a medical emergency, and that he filed the form as soon as his mother's condition stabilized. (Scimone Decl., Ex. B ¶¶ 3-5). Further, he filed his form only three weeks past the deadline. *Cf. Russell v. Il. Bell Tel. Co.*, No. 08 Civ. 1871 (MFK), 2009 U.S. Dist. LEXIS 131170, at *8 (N.D. Ill. June 17, 2009) (dismissing the suit of a woman who had failed to timely file her consent form because she was caring for her newborn child where she had filed the form more than two months late). Accordingly, the Court deems his consent timely.

By contrast, Buo Xuan Guo, who filed his consent form on September 10, 2013, explains that he did not file it on time because, as a native Mandarin speaker, he could not understand the notice. (Scimone Decl., Ex. D ¶ 3). This does not constitute good cause, however, because he did not decide he would seek help understanding the notice until he received the second notice — approximately twenty days after receiving the first notice — and even then, he waited several weeks, until the second week of September, to seek help. (Scimone Decl., Ex. D ¶ 6; Defs.' Mem. Supp. Mot. Strike 2). Aljahmi, who filed his consent form on September 9, 2013, claims he was tardy because he was on vacation when the form arrived, and his wife put the notice in a stack of mail that she subsequently misplaced. (Scimone Decl., Ex. A ¶ 4). Similarly, Calliste, who filed his consent on September 9, 2013, explains that he failed to timely file the form because he gave it to his wife to mail, but she did not do so. (Scimone Decl., Ex. C ¶¶ 4-6). These failures by Aljahmi and Calliste to keep track of their own affairs do not constitute good cause. *See, e.g.*, *Moya v. Pilgrim's Pride Corp.*, No. 06 Civ. 1249 (JPH), 2006 WL 3486739, at *2 (E.D. Pa. Nov. 30, 2006) (dismissing an untimely opt-in who explained that her notice "got mixed up with junk mail"). Accordingly, they are dismissed.

The second group — those opt-in Plaintiffs who have not proffered any excuse for their tardy forms — is comprised of American Car Limo Tours, King Wah Yiu, Jing Wang, Wazir Mughal, Ramadan S. Kenawi, Asand Fara, Mohammad Shamsoddoha, Azid Riaz, Etienne Tchitchui, and Diogenes Pion. Plaintiffs American Car Limo Tours, King Wah Yiu, Jing Wang, and Wazir Mughal filed their consent forms substantially after the deadline — September 30, September 26, September 4, and September 4, respectively — and Plaintiffs did not provide any explanation as to their tardiness. Accordingly, they are stricken.

The other six Plaintiffs, however, either (1) filed their consent forms on August 29, 2013, one day after the deadline (Ramadan S. Kenawi, Asand Fara, and Mohammad Shamsoddoha); or (2) postmarked their consent forms by that same day (Azid Riaz, Etienne Tchitchui, and Diogenes Pion).  Although the Court is sympathetic to the view that "not requiring good cause at all" may render "a court-imposed deadline . . . meaningless," *Morangelli v. Chemed Corp.*, 275 F.R.D. 99, 122 (E.D.N.Y. 2011), the one-day delay on the part of these Plaintiffs is so *de minimis* that striking them from the lawsuit would be inappropriate under the *Benavidez* factors.  *See, e.g.*, *Benavidez*, 2013 WL 1627947, at *3 (permitting opt-ins who had filed consent forms nearly three months after the deadline and had not provided good cause to remain in the suit due to the absence of prejudice to defendant).  Accordingly, the Court declines to strike them.

## MOTION TO COMPEL OR DISMISS

Defendants also move to (1) compel Plaintiffs' counsel to verify whether certain non-responsive opt-in Plaintiffs wish to remain parties to the lawsuit; (2) compel two additional Plaintiffs to appear for depositions; and (3) dismiss all Plaintiffs who fail or have failed to appear for depositions.  The Court denies all three requests.

First, Defendants fail to cite any relevant authority for the proposition that Plaintiffs' counsel must verify which Plaintiffs wish to remain in this lawsuit.  The putative basis for the request is that, in response to Defendants' counsel's attempts to schedule remaining depositions, Plaintiffs' counsel indicated that some opt-in Plaintiffs stopped communicating with Plaintiffs' counsel.  (Defs.' Mem. Supp. Mot. Compel (Docket No. 415) 2).  But the opt-in Plaintiffs evidenced their desire to participate in the suit by filing consent forms, and no more is required.  Defendants put undue reliance on *Gordon v. Kaleida Health*, No. 08 Civ. 378S(F), 2013 WL 2250431 (W.D.N.Y. May 21, 2013).  Not only did that court fail to order the sort of verification

that Defendants request here, but the plaintiffs who were dismissed from that suit had violated a specific court order that had directed them to respond to discovery requests on pain of dismissal. *See id.* at *4-7.

Second, the Court declines, at least for now, to compel two additional Plaintiffs to appear for depositions. It is true, as Defendants note, that the Court endorsed a plan whereby Defendants would depose sixteen Plaintiffs; thus far, they have only been able to depose fourteen. (Docket No. 136; Defs.' Mem. Supp. Mot. Compel 2). But Defendants fail to show that there is a material difference between fourteen and sixteen at this stage of the litigation. *See* Fed. R. Civ. P. 26(b)(2)(C) (stating that the Court "must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative[, or] . . . (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). If, in opposing Plaintiffs' summary judgment motion, Defendants believe that additional discovery is necessary, they may then file an affidavit under Rule 56(d) of the Federal Rules of Civil Procedure.[2]

Finally, the Court denies Defendants' request to dismiss the Plaintiffs who have failed to appear for depositions. Dismissal is "a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks omitted). Defendants have submitted no evidence suggesting that the non-compliant opt-in Plaintiffs acted willfully or in bad faith. Instead, those Plaintiffs have simply failed to respond to Plaintiffs' counsel's efforts to contact them. Dismissing them from this action would be

---

[2]   Alternatively, Defendants may renew their application for additional depositions in advance of trial, when the parties and the Court will have a better sense of who would testify at trial and how a trial would be structured.

inappropriate, particularly in light of the minimal degree of prejudice Defendants have suffered. *See, e.g.*, *Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9077 (RMB), 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007) (declining to dismiss FLSA opt-in plaintiffs who failed to appear for depositions where there was "no evidence that Defendants were unfairly prejudiced" by that failure).  Once again, Defendants' analogy to *Gordon* is unpersuasive because the Court had specifically ordered the non-responsive opt-in Plaintiffs to respond, because the Court warned them that failure to respond could result in dismissal, and because the proportion of unresponsive Plaintiffs there (sixty-four out of a sample of one hundred) was far greater than it is here.  *See Gordon*, 2013 WL 2250431, at *4-7.

## CONCLUSION

In summary, Defendants' motion to strike is GRANTED with respect to opt-in Plaintiffs Buo Xuan Guo, Ahmed Aljahmi, Lawrence Calliste, American Car Limo Tours, King Wah Yiu, Jing Wang, and Wazir Mughal.  Defendants' motion to strike is DENIED with respect to opt-in Plaintiffs Mena Michael, Anjum Ali, Donovan James, Ibrahim Onbasi, Suleyman Issi, Ijaz Mahboob, Bayran Onbasi, Gurmail Singh, Jose Pinto, Mohamed Abdelaal, Jeetu Multani, Ramadan S. Kenawi, Asand Fara, Mohammad Shamsoddoha, Azid Riaz, Etienne Tchitchui, and Diogenes Pion.  Defendants' motion to compel or dismiss is DENIED.

The Clerk of Court is directed to dismiss Buo Xuan Guo, Guo Bao Xuam, Ahmed Aljahmi, Lawrence Calliste, American Car Limo Tours, King Wah Yiu, Jing Wang, and Wazir Mughal from the docket and to terminate Docket Nos. 402 and 413.

SO ORDERED.

Dated: December 5, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge