UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAZHAR SALEEM and JAGJIT SINGH, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORPORATE TRANSPORTATION GROUP, LTD., et al.,<br><br>Defendants. | 12 Civ. 8450 (JMF) |

### DECLARATION OF JEFFREY D. POLLACK

JEFFREY D. POLLACK, ESQ., makes the following Declaration under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a member of the firm of Mintz & Gold LLP, counsel for amici curiae certain investors in franchises to operate for-hire vehicles (the "Franchisees"). I respectfully submit this declaration in support of the Franchisees' motion for leave to file a brief as amici curiae in support of Defendants' motions for summary judgment. Alternatively, the Franchisees contend that the conditionally-certified FLSA collective action should be de-certified.

2. The Franchisees are participants in New York City's "Black Car" industry. Each of the Franchisees owns one or more franchises to operate Black Cars that are affiliated with Black Car base stations operated by the Defendants in this action.

3. The Franchisees use their franchises to operate Black Cars in several ways. Some Franchisees lease out the right to use to their franchises to drivers, who receive a percentage of each fare. Many Franchisees work as Black Cars drivers by personally operating their Black Car franchises. Some Franchisees both lease out their franchises for other drivers to operate and operate a Black Car personally.

4. Many of the Franchisees operated Black Cars affiliated with the base stations operated by one or more of the Defendants between November 19, 2009 and the present. As such, they received opt-in notices in connection with the proposed collective action related to Plaintiffs' FLSA claim. Each of the Franchisees elected <u>not</u> to opt-in to the FLSA collective action.

5. The Franchisees opted not to participate as Plaintiffs in this action because the Franchisees contend that that all individuals driving Black Cars affiliated with Defendants' base stations are properly characterized as independent contractors.

6. Moreover, the Franchisees contend that, regardless of how other Black Car operators may be characterized, the Franchisees themselves are properly classified as independent contractors. Indeed, the Franchisees contend that their very existence – and their unique position in the Black Car industry – belies the notion that all Black Car drivers should be treated collectively by this Court.

7. Accordingly, the Franchisees seek this Court's leave to submit their proposed <u>Amici</u> brief in support of Defendants' motions for summary judgment.

8. The Franchisees previously sought leave to submit an <u>Amici</u> brief in a motion filed on September 16, 2013 (Dkt. # 371-374).

9. After Plaintiffs informed the Court that they would not oppose the Franchisees' motion (Dkt. # 394), on October 2, 2013, this Court denied the Franchisees' motion as premature. (Dkt. # 395). The Court noted, however, that the Franchisees "may reapply for leave to file an amicus brief if or when the parties file motions for summary judgment." (Id.)

10. In the ensuing months, the Court has addressed some issues that had been unaddressed at the time Franchisees first moved for leave to submit an amicus brief. Most notably, the Court: (i) denied Plaintiffs' motion to certify a class action on plaintiffs' claims for damages under the New York Labor Law, (Dkt. #430); and (ii) entered an order directing that any motion by Defendants to de-certify Plaintiffs' FLSA collective action should be made at the same time as summary judgment motions. The Franchisees have revised their moving papers and proposed brief to reflect the current posture of this action.

11. The Franchisees are appropriate amici because they have a tangential interest in the resolution of this litigation, but an interest that may not raise to the level necessary to justify intervention. Moreover, the Franchisees have unique perspectives both: (i) in this litigation – as putative potential plaintiffs who oppose the relief sought by Plaintiffs and believe Defendants should prevail – and (ii) in this industry – as both middle-men operating between drivers and Defendants, and as drivers of Black Cars themselves. None of the parties participating in this action adequately represent or advocate for the Franchisees' unique perspective.

12. Attached hereto as Exhibit 1 is a true and correct copy of the Franchisees' proposed brief in opposition to Plaintiff's motion for summary judgment.

Dated:  New York, New York
January 14, 2014

_____
Jeffrey D. Pollack