

Attorneys at Law

MARGARET C. THERING
T 212.351.3732
MTHERING@EBGLAW.COM

May 1, 2014

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: *Saleem and Singh, et al. v. Corporate Transportation Group, Ltd., et al.*, No. 12 Civ. 8450**

Dear Judge Furman:

     As you know, we represent Defendants in this matter. We write to draw your attention to two recent cases that support Defendants' Motion for Summary Judgment. These cases were decided after our motion for summary judgment was fully briefed so we could not have included them in our moving papers.

     The first case we draw your attention to is *Moba v. Total Transp. Servs Inc.*, No. 2:13-cv-00138-MJP, 2014 U.S. Dist. LEXIS 58854 (W.D. Wash. Apr. 25, 2014). In *Moba*, on a motion for summary judgment, the court held that drivers for a freight service company were independent contractors. Relying on *Browning v. Ceva Freight, LLC*, 885 F. Supp. 2d 590 (E.D.N.Y. 2012); *Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300 (E.D.N.Y. 2009); and *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299 (5th Cir. 1998), cases that Defendants in this CTG case cited in support of their motion for summary judgment, the court held that the drivers were independent contractors, in part, because:

- The agreement between plaintiffs and defendants stated plaintiffs were independent contractors;

- Plaintiffs could provide services for defendants whenever they wanted;

- Plaintiffs could accept or reject jobs without reprisal;

- Defendants did not control the manner in which plaintiffs did their work;

- Plaintiffs could work for other companies;

The Honorable Jesse M. Furman
May 1, 2014
Page 2

- Plaintiffs did not have to wear a uniform;

- Plaintiffs did not have a fixed salary or other fixed compensation;

- Plaintiffs could increase their profitability by retaining other drivers, accepting more jobs, or accepting longer-haul jobs;

- Plaintiffs drove their own vehicles;

- Plaintiffs could retain others to provide driving services for them;

- Plaintiffs invested in their businesses;

- Plaintiffs did not have to work for defendants exclusively;

- Plaintiffs made their own schedules; and

- Plaintiffs could use their trucks to work for other companies.

As set forth in Defendants' motion for summary judgment, all of these factors exist in the present CTG-case. Accordingly, this Court should find that *Moba* supports Defendants' motion for summary judgment. (A copy of *Moba* is attached as Exhibit One).

Additionally, in *Arena v. Delux Transp. Serv., Inc.,* No. CV 12-1718, 2014 U.S. Dist. LEXIS 24724 (E.D.N.Y. Feb. 26, 2014), a case that was also decided on summary judgment, Judge Wexler held that Plaintiff, a taxicab driver, was an independent contractor, in part, because:

- Plaintiff set his own schedule;

- Plaintiff controlled how much money he earned based on the number of dispatch calls he took;

- Plaintiff signed a lease agreement, acknowledging he was an independent contractor;

- Plaintiff's work was interchangeable with that of other drivers;

- Plaintiff's job required skill and independent initiative because "he had to know how to drive and he had to be licensed by the Town of North Hempstead. . . . [He] had to know and follow the Town Code guidelines covering taxi cab drivers. . . . He also had to

The Honorable Jesse M. Furman
May 1, 2014
Page 3

      navigate his routes and maintain the safety of his passengers, and had to have initiative to accept dispatched calls and transport his passengers in an efficient manner."[1]

Furthermore, significantly in *Arena*, the court cited *Herman* and *Browning* in holding that the fact that defendants required plaintiff to keep his vehicle clean, to follow a dress code, to attend an orientation session, and to follow customer service policies was not enough control to establish an employment relationship. *Id.* at *26-27.[2] For these same reasons, Your Honor should hold that the Plaintiffs in the instant CTG case are independent contractors. (The *Arena* case is attached as Exhibit Two.)

      We appreciate your consideration of this issue.

                                        Respectfully Submitted,

                                        /s Margaret Thering

                                        Margaret C. Thering

---

[1] In holding that "[t]his constitutes a skill set sufficient in favor against employee status," the court cited *Leach v. Kaykov*, No. 07-cv-4060, 2011 U.S. Dist. LEXIS 34235, at *19 (E.D.N.Y. Mar. 30, 2011), a case cited by the CTG Defendants in their motion for summary judgment. *Arena*, 2014 U.S. Dist. LEXIS 24224, at *29. Explaining *Leach*, Judge Wexler stated: "in applying New Jersey law, that plaintiff maintained his own and a taxicab driver's licenses, operated his motor vehicle, and navigated between points of pick-up and delivery, was characteristic of an independent contractor." *Arena*, 2014 U.S. Dist. LEXIS 24224, at *30.

[2] Judge Wexler also held that Plaintiff was an independent contractor under New York State law explaining: "Plaintiff . . . drove at his convenience. He proposed his own schedule, albeit approved by management. He was able to and did indeed 'call in' on occasion to take himself off the schedule, without penalty. The requirement that he call in, which presumably permits the Defendants to prepare for Plaintiff's absence, does not create control indicative of an employment relationship. . . . Plaintiff was also free to engage in other employment. . . . Plaintiff did not receive any fringe benefits from Defendants, and it is also undisputed that Plaintiff never received a pay stub, W-2 or 1099, and was not on Defendants' payroll. Finally, as discussed above, Plaintiff was not [on] a fixed schedule. Thus, the Court finds that Plaintiff is not an employee under New York labor law." *Id.* at *33-34. For the same reasons, Your Honor should hold that the named plaintiffs in this CTG case are independent contractors under New York State law.

FIRM:25151128v1