**EPSTEIN
BECKER
GREEN**

Attorneys at Law

MARGARET C. THERING
T 212.351.3732
MTHERING@EBGLAW.COM

June 30, 2014

**VIA ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Saleem and Singh, et al. v. Corporate Transportation Group, Ltd., et al.*, **No. 12 Civ. 8450**

Dear Judge Furman:

As you know, we represent Defendants in this matter. We write in response to the letter filed by Plaintiffs on June 23, 2014. The non-binding authority cited by Plaintiffs in that letter does not support their argument that they were wrongly classified as independent contractors. Accordingly, for the reasons set forth in the letter below and in Defendants' papers submitted regarding the pending summary judgment and collective action decertification motions, Defendants respectfully submit that the Court should hold that all Plaintiffs are independent contractors as a matter of law.

**I. The UIAB's Decision Does Not Support The Plaintiffs' Case And, In Fact, Supports Collective Action Decertification.**

This Court should <u>not</u> be persuaded by the Unemployment Insurance Appeal Board's ("UIAB") finding that opt-in Plaintiff Luis Perez is entitled to unemployment insurance benefits because, as Plaintiffs admit, that decision is not preclusive. The decision is not even persuasive, because the factual record upon which the UIAB's decision was based is different and less robust

The Honorable Jesse M. Furman
June 30, 2014
Page 2

than the factual record in this case. For example, the UIAB states that Perez received a week's training when he bought his franchise, but the evidence in our case is that the only training new drivers receive is a short, several hour orientation session about how to use the dispatch device.[1] Additionally, while the UIAB found that Perez had to lease his vehicle from Hybrid Cars Ltd. from 2009 through 2012, the record in our case shows that Plaintiffs could – and did – buy or lease cars from whatever source they wished.[2] Also, while the UIAB references company standards for grooming and cleanliness, the evidence in our case is that that these standards were put into place and enforced by the drivers, not management.[3] Similarly, the UIAB states that the company maintained sunshine funds, while the evidence in our case shows that those funds were maintained by the drivers.[4] Finally, the UIAB found that Perez's car displayed the company logo, while the more in-depth evidence on this in our case is that drivers put a removable and interchangeable sign bearing the appropriate company's logo in the window of their respective cars when picking up a passenger.[5]

Should this Court agree with the UIAB that Perez is not an independent contractor, then it must also decertify the collective action because the factors that led the UIAB to find that Perez is eligible for unemployment benefits are factors which are unique to Perez. For example, while the UIAB stated that Perez "worked for 14 years as a full time driver for a limousine service," approximately 71% of the plaintiffs deposed in our case drove simultaneously for other, unrelated black car companies, and some of the plaintiffs who were deposed in our case,

---

[1] Defendants' 56.1 Statement of Material Facts (ECF No. 479) ("56.1") ¶¶ 288-290.
[2] 56.1 ¶¶ 189-197.
[3] 56.1 ¶¶ 226-235.
[4] 56.1 ¶¶ 238-247.
[5] 56.1 ¶¶ 213-214.

The Honorable Jesse M. Furman
June 30, 2014
Page 3

including Ali, Civello, Choudhary, and M. Saleem, took significant amounts of time off from driving.[6] Additionally, contrary to Perez's testimony, seven of the Plaintiffs who were deposed in our case (Pinedo, J. Singh, J. Solorzano, Ali, J. Bautista, Choudhary, and M. Saleem) testified that they decided when and if to drive, and for how long.[7] Similarly, while the UIAB found that "CTG started paying claimant's car insurance in 2009," other plaintiffs in this case (Ali, Bautista, Koura, J. Solorzano, M. Siddiqui, Bhatti, Ali, Pinedo, Choudhary, J. Singh, M. Saleem, M. Singh, Briones, Bautista, and M. Solorzano) testified or produced tax documents showing that they were responsible for paying for their own insurance.[8]

Moreover, while the UIAB stated that starting in 2009, "[t]he company . . . pre-assigned the claimant's work," other plaintiffs in our case (including Pinedo, J. Singh, J. Solorzano, and Choudhary) testified they accepted, rejected, and/or bailed out of jobs at their own choosing and were not pre-assigned work.[9] Furthermore, while the UIAB states that Perez was reimbursed for car maintenance fees for his leased car, other Plaintiffs in our case (including Choudhary, Koura, Pinedo, and M. Solorzano) testified that they were responsible for their own car maintenance fees and, in fact, all Plaintiffs subject to discovery in this case deducted such fees on their tax returns.[10] Additionally, while the UIAB states that Perez was "reimbursed for excessive travel usage," no other plaintiff in our case testified to that fact or submitted documentary evidence supporting such an assertion. Likewise, the UIAB's finding that "claimant could be directed to

---

[6] 56.1 ¶¶ 83, 118-119, 257-260.
[7] 56.1 ¶¶ 112-119, 123-124, 134.
[8] 56.1 ¶¶ 215-223.
[9] 56.1 ¶¶ 112, 142-148, 153-155.
[10] 56.1 ¶¶ 198-209, 224-225.

The Honorable Jesse M. Furman
June 30, 2014
Page 4

drive another car other than his leased car" is not a fact about which other plaintiffs in our case testified or submitted evidence.

Finally, this Court should not be persuaded by the UIAB's decision because it erroneously overlooks the substantial record evidence that demonstrated that Perez was an independent contractor. For example, the UIAB found: "claimant could take his leased car home;" "claimant maintained his own livery driving license;" "claimant received a 1099 for tax purposes;" "claimant was responsible for gas;" "claimant took deductions for gas and the multiple lease fees he paid;" "[p]ersonal taxes were not deducted from payments by the employer;" "claimant did not receive medical benefits or vacation pay;" and "[t]here were no minimum nor maximum numbers of hours that claimant was required to work." These factors are all indicative of independent contractor status. *See*, *e.g.*, *Browning v. CEVA Freight, LLC*, 885 F. Supp. 2d 590, 608-9 (E.D.N.Y. 2012); *Morgenweck v. Vision Capital Advisors, LLC*, 08 Civ. 2969, 2010 U.S. Dist. LEXIS 141637, at *7-8 (S.D.N.Y. June 3, 2010), *aff'd* 410 F. App'x 4001 (2d Cir. 2011).

II. *Ruiz v. Affinity Logistics Corp.* **Is Not Controlling And Is Distinguishable.**

Plaintiffs also argue that this Court should be persuaded by *Ruiz v. Affinity Logistics Corp.*, No. 12 Civ. 56589, 2014 U.S. App. LEXIS 11123 (9th Cir. June 16, 2014), a case applying California law and holding that certain furniture delivery people were employees. The furniture delivery drivers in *Ruiz* were found to be employees, in part, because they: had to report to a central location every morning, check in with a supervisor, pick up a route manifest, and attend a daily meeting with a supervisor regarding customer satisfaction surveys and problems and issues; were provided with shaving supplies if the putative employer did not believe they were properly groomed, and were required to wear shirts bearing American flags and the Sears

The Honorable Jesse M. Furman
June 30, 2014
Page 5

logo; were required to report to a warehouse at the end of each day to park their trucks, fill out a form, and leave their route manifests and truck keys; received an "Affinity Contractor Procedures Manual" that was prepared by the putative employer; were called by the putative employer each day and told whether they would be working the next day, and if so, when; worked a set number of shifts per week and made a set number of deliveries each week; had to request time off in advance; were required to purchase their trucks from the putative employer; received a loaner truck if their regular truck was broken; and had previously been classified as employees while doing the same job. *Ruiz*, No. 12 Civ. 56589, slip opn. at *15-23.

In contrast, in our case, Plaintiffs: do not have to report to a central location each morning or attend daily meetings regarding customer satisfaction;[11] are not provided with shaving supplies or other toiletries for grooming and are not required to wear clothing with logos of any of the Defendants;[12] were not converted from employees to independent contractors;[13] do not have to report to a central location when they are done working each day and can and do keep their cars at their own homes and use them for whatever purposes they wish;[14] prepared and enforced the "drivers manual" themselves;[15] work whenever they want for as long as they want;[16] do not have to request time off in advance;[17] could – and did – purchase their cars from whomever they

---

[11] 56.1 ¶¶ 121-128.
[12] 56.1 ¶ 236.
[13] 56.1 ¶¶ 74, 224.
[14] 56.1 ¶¶ 211-212.
[15] 56.1 ¶¶ 226-235.
[16] 56.1 ¶¶ 111-119.
[17] 56.1 ¶¶ 112, 116-117.

wished;[18] were responsible for the maintenance of their own vehicles;[19] and could elect to (and in many cases did) retain others to drive for their franchises.[20]

For the foregoing reasons, and for all of the reasons set forth in Defendants' papers submitted on the pending summary judgment and collective action decertification motions, Defendants respectfully submit that the Court should hold that all Plaintiffs are independent contractors as a matter of law.

Respectfully Submitted,

Epstein Becker & Green, P.C.

By:   /s Margaret Thering

Evan J. Spelfogel
Margaret C. Thering

---

[18] 56.1 ¶¶ 189-192, 194-197.
[19] 56.1 ¶¶ 198-209.
[20] 56.1 ¶¶ 108-109.