**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Michael J. Scimone
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**KAHN OPTON, LLP**
Stephen H. Kahn
One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAZHAR SALEEM and JAGJIT SINGH, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>CORPORATE TRANSPORTATION GROUP, LTD., CORPORATE TRANSPORTATION GROUP INTERNATIONAL, CORPORATE TRANSPORTATION GROUP WORLDWIDE, INC., NYC 2 WAY INTERNATIONAL, LTD., ALLSTATE PRIVATE CAR & LIMOUSINE, INC., ARISTACAR & LIMOUSINE, LTD., TWR CAR AND LIMO, LTD., EXCELSIOR CAR AND LIMO, INC., HYBRID LIMO EXPRESS, INC., EDUARD SLININ, and GALINA SLININ,<br><br>      Defendants. | No. 12 Civ. 8450 (JMF) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

**INTRODUCTION**

Plaintiffs Mazhar Saleem and Jagjit Singh ("Plaintiffs") respectfully seek an order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure amending the September 24, 2014 Judgment to the extent that it applies to the New York Labor Law ("NYLL") claims of the Fair Labor Standards Act ("FLSA") collective members ("the Opt-Ins").  The Opt-Ins did not assert NYLL claims in this case.  The consent to join forms they filed only asserted their FLSA claims.  Because the Court denied Plaintiffs' motion to certify the NYLL class pursuant to Rule 23 of the Federal Rules of Civil Procedure, the only NYLL claims before the Court were the individual Plaintiffs' claims alleged in the complaint.

**PROCEDURAL HISTORY**

Plaintiffs filed a complaint on November 19, 2012, on behalf of themselves and an FLSA collective under 29 U.S.C. § 216(b), and a NYLL class under Rule 23 of the Federal Rules of Civil Procedure.  ECF No. 1.  The parties agreed to send notice to potential FLSA collective members and allow them to file consent to join forms under 29 U.S.C. § 216(b).  ECF No. 67.

By signing the consent to join form, the Opt-Ins agreed to "seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b)." *See, e.g.*, ECF No. 2. Approximately 211 Opt-Ins filed consent to join forms.  *See* ECF Nos. 2, 20, 25-36, 43-44, 52-53, 57, 61, 63, 80-82, 84-97, 99-116, 123-132, 145-157, 164-165, 176-182, 185-204, 206-214, 216-261, 264-314, 316-320, 327-362, 364-365, 380, 387-391, 393, 401, 434.

On November 15, 2013, the Court denied Plaintiffs' motion to certify the NYLL class. ECF No. 430.

On January 14, 2014, the parties cross-moved for summary judgment.  Plaintiffs moved for summary judgment under the FLSA on behalf of the Plaintiffs and 11 Opt-Ins.  ECF No. 480.

1

Defendants moved for summary judgment against "all Plaintiffs"[1] and for decertification of the FLSA collective. ECF No. 464.

In response to Defendants' motion, Plaintiffs argued that because the Opt-Ins had not asserted NYLL claims in the lawsuit:

> The Court should deny Defendants' motion as moot to the extent that it seeks summary judgment on the NYLL claims of the individuals who opted in to the lawsuit pursuant to the FLSA but who are not named Plaintiffs. These individuals have not asserted NYLL claims in this case. They have consented only to pursue their FLSA claims. *See, e.g.*, ECF No. 2 (consent to join form consenting to 'seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b)').

ECF No. 501 at 1 n.1.

On September 16, 2014, the Court granted Defendants' motion for summary judgment, "find[ing] that all Plaintiffs in this suit – both named Plaintiffs and opt-in Plaintiffs – are independent contractors for purposes of the FLSA and the NYLL." ECF No. 532 at 2. A final Judgment was entered on September 24, 2014. ECF No. 535.

## STANDARD OF REVIEW

A district court retains broad discretion to grant a motion for reconsideration, including a motion under Rule 59(e). *Sullivan v. City of N.Y.*, No. 14 Civ. 1334 (JMF), 2014 WL 2722536, at *1 (S.D.N.Y. June 16, 2014) (citing *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000)). "Such a motion is appropriate where the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citations and quotations omitted).

---

[1] Defendants did not specifically define the "Plaintiffs" against whom they moved, but their motion suggests that they likely sought to dismiss the FLSA and NYLL claims of both the Plaintiffs and the Opt-Ins. *See* ECF No. 482 at 2 (asking the Court to hold that "all Plaintiffs are independent contractors as a matter of law").

2

# ARGUMENT

**I.      The Judgment Should Be Amended Because the Opt-Ins' NYLL Claims Were Not Before the Court.**

The Court did not have the authority to decide the NYLL rights of the Opt-Ins because only their FLSA claims were before the Court.  The Opt-Ins only consented to have their FLSA rights adjudicated in this lawsuit.  *See, e.g.*, ECF No. 2; *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1018-19 (11th Cir. 2007) ("We interpret [] consent forms . . . according to their plain terms.  We will not rewrite those forms to broaden their scope . . . .").  Because the Court denied Plaintiffs' motion to certify a NYLL class, the only NYLL claims before the Court were the Plaintiffs' claims.  *See* ECF No. 1 ¶¶ 98, 102, 110.

**II.     Due Process Limited the Court's Authority to Adjudicate the Opt-Ins' NYLL Claims.**

Due process limited the Court's ability to rule on the Opt-Ins' NYLL rights because the Opt-Ins were not notified that, by joining the lawsuit, they agreed to submit their NYLL claims to the Court.  Because the Court denied the class certification motion, there was no notice to the Opt-Ins advising them that their NYLL rights (not just their FLSA rights) would also be subject to the Court's adjudication and giving them the opportunity to exclude themselves from that determination.  *See* Fed. R. Civ. P. 23(c)(2)(B) (requiring notice and an opportunity to opt out); *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 48 (W.D.N.Y. 2009) ("[A]n individual's claims will not be barred by a judgment in favor of the defendant in an action brought under Rule 23, if no class was ever certified (and hence no notices ever sent) prior to the entry of the judgment.").

Absent notice and an opportunity to opt out, "the decree that emerges in a class suit will not be accorded preclusive effect, and the class action will not have achieved its core purpose – binding litigation through representatives." *Newberg on Class Actions* § 1:6 (5th ed.); *see*

*Murray v. E\*Trade Fin. Corp.*, 240 F.R.D. 392, 400-01 (N.D. Ill. 2006) ("[W]hen notice is not sent to a Rule 23(b)(3) class until after the resolution of a motion for summary judgment, the party moving for summary judgment risks that the resulting order may not be binding on the absent class members.") (citations omitted); *In re Bally Mfg. Sec. Litig.*, 144 F.R.D. 78, 81-82 (N.D. Ill. 1992) (clarifying that the judgment only bound the named plaintiffs because class members were not provided notice or an opportunity to opt out). These principles are reflected in Federal Rule of Civil Procedure 23(c)(3)'s requirement that the class judgment "include and specify or describe those to whom the … notice was directed, who have not requested exclusion, and whom the court finds to be class members." Fed. R. Civ. P. 23(c)(3)(B).

Although the Opt-Ins agreed to join the lawsuit with respect to their FLSA claims, with respect to their NYLL claims, they were in the same position as absent class members. It is well settled that "summary adjudication prior to class certification binds only the named plaintiffs." *Meridia Prods. Liability Litig. v. Abbott Labs.*, 447 F.3d 861, 869 (6th Cir. 2006); *Chevron USA Inc. v. School Bd. Vermilion Parish*, 294 F.3d 716, 720 (5th Cir. 2002) (order granting partial summary judgment to defendant did not bind members of putative class because there was no certified class); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000) (summary judgment applied only to plaintiffs, not absent class members); *Lavoice v. UBS Fin. Servs., Inc.*, No. 11 Civ. 2308, 2013 WL 5380759, at *3 n.6 (S.D.N.Y. Sept. 26, 2013) (where the court has not certified a class, "dismissal will not have any prejudicial effect on [class members'] potential claims"); *Turkmen v. Ashcroft*, No. 02 Civ. 2307, 2010 WL 3398965, at *2 (E.D.N.Y. June 30, 2010) (named plaintiffs' settlement of their claims did not bind absent class members because the class was not certified); *Mendez*, 260 F.R.D. at 47-48 ("[A]n individual's claims will not be barred by a judgment in favor of the defendant in an action brought under Rule

23, if no class was ever certified (and hence no notices ever sent) prior to the entry of the judgment.").

The same principle applies after class certification has been denied. *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011) (holding that non-named class members are not parties to the litigation both before the class is certified and after certification is denied). Once a court denies class certification, it no longer has jurisdiction over the rights of putative class members. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1245 (11th Cir. 2006). Accordingly, the Judgment cannot bind putative class members with respect to any claims that they did not raise in court. *See Smith*, 131 S. Ct. at 2380 ("Neither a proposed class action nor a rejected class action may bind nonparties.").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court amend the September 24, 2014 Judgment to clarify that it does not apply to the Opt-Ins' NYLL claims.

Dated: New York, New York
October 22, 2014

Respectfully submitted,

/s/ Rachel Bien
Rachel Bien

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Rachel Bien
Michael J. Scimone
Michael N. Litrownik
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**KAHN OPTON, LLP**
Stephen H. Kahn

5

One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200

*Attorneys for Plaintiffs*