Evan J. Spelfogel
espelfogel@ebglaw.com
Margaret C. Thering
mthering@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500
*Attorneys for Defendants*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MAZHAR SALEEM and JAGJIT SINGH, individually :    ECF CASE
and on behalf of all others similarly situated,          :
                                                :    12 CV 08450 (JMF)
                    Plaintiffs,     :
                                                :    **DEFENDANTS' OPPOSITION**
                - against -       :    **TO PLAINTIFFS' MOTION TO**
                                               :    **ALTER OR AMEND**
CORPORATE TRANSPORTATION GROUP, LTD.,    :    **JUDGMENT PURSUANT TO**
et al.,                                                    :    **FED. R. CIV. P. 59(e)**
                                Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      The court issued its decision and order on September 16, 2014 granting Defendants' motion for summary judgment and dismissing all of Plaintiffs' claims. In sum, the Court found that all named and opt-in plaintiff black car drivers were independent contractors rather than employees, and, therefore, did not have minimum wage or overtime claims under the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"). Judgment issued on September 24, 2014. On October 22, 2014, Plaintiffs filed the instant motion asking the Court to alter or amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) so that only the two named Plaintiffs are covered by the state law portions of the Judgment.

      This Court properly applied the law in its Decision, Order, and Judgment. Plaintiffs have not met the stringent test required for a Rule 59(e) motion to be granted. Specifically, Plaintiffs have not shown that there have been any intervening changes in law, discovery of new evidence

FIRM:27190366v2

previously unavailable, or clear errors of law that must be corrected to prevent manifest injustice. Plaintiffs are rearguing arguments they have previously made and lost.

## I. THERE IS NO REASON TO ALTER OR AMEND THE JUDGMENT

District courts have discretion in granting or denying a motion to amend or alter a judgment. That discretion, however, is channeled through a stringent test. *Pla v. Renaissance Equity Holdings, LLC*, No. 12 Civ. 5268, 2013 U.S. Dist. LEXIS 88424 (S.D.N.Y. June 24, 2013) (Furman, J.) (denying motion for reconsideration[1]); *Terra Sec. ASA Konkursbo v. Citigroup, Inc.,* 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (granting a motion for reconsideration is an extraordinary remedy) (citing *In re Health Mgmt. Sys. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *Gold v. Dalkon Shield Claimants Trust*, No. 5:82-cv-383, 1998 U.S. Dist. LEXIS 22412, at *5 (D. Conn. July 16, 1998) ("motion for reconsideration made pursuant to Rule 59(e) must adhere to stringent standards. . . .  A plaintiff filing such a motion faces a heavy burden in pursuing such a motion."), aff'd, 189 F.3d 460 (2d Cir. 1999) (quoting *Oxford House Inc. v. City of Albany*, 155 F.R.D. 409, 410 (N.D.N.Y. May 17, 1994) (denying motion for reconsideration)).

A Rule 59(e) motion may be granted only: (1) where there has been an intervening change in controlling law; (2) where there is new evidence not previously available; or (3) where there is a need to correct a clear error of law to prevent manifest injustice. *Magnuson v. Newman*, No. 10 Civ. 6211, 2013 U.S. Dist. LEXIS 158893, at *5-6 (S.D.N.Y. Nov. 6, 2013) (Furman, J.) (denying motion for reconsideration); *Pla*, 2013 U.S. Dist. LEXIS 88424; *Gold*, 1998 U.S. Dist. LEXIS 22412, at *5-6; *Terra Sec. ASA Konkursbo*, 820 F. Supp. 2d 558; *Oxford House Inc.*, 155 F.R.D. 409. "'These criteria are strictly construed against the moving party so as to avoid

---

[1] The standards for a motion for reconsideration and a motion to alter or amend a judgment are the same. *Walker v. U.S.*, 321 F. Supp. 2d 461, 469 (N.D.N.Y. 2004).

repetitive arguments on issues that have been considered fully by the court.'" *Hicks v. T.L. Cannon Corp.*, No. 13-CV-06455 EAW, 2014 U.S. Dist. LEXIS 144210, at *86-87 (W.D.N.Y. Oct. 8, 2014) (denying motion for reconsideration) (quoting *Boyde v. Osborne*, No. 10-CV-6651, 2013 U.S. Dist. LEXIS 177084, at *2-3 (W.D.N.Y. Dec. 16, 2013) (denying motion for reconsideration)); *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (denying motion for reconsideration). Losing parties may not use a motion to alter or amend a judgment to "plug[] in the gaps of a lost motion with additional matters." *Terra Sec.,* 820 F. Supp. 2d at 560 (citation omitted); *S.A.R.L. Galerie Enrico Navarra v. Marlborough Gallery, Inc.*, No. 10 Civ. 7547, 2013 U.S. Dist. LEXIS 150273 (S.D.N.Y. Oct. 18, 2013) (denying motion for reconsideration); *Pla*, 2013 U.S. Dist. LEXIS 88424.

### A. This Court Did Not Err In Deciding State and Federal Claims Of The Named And Opt-In Plaintiffs.

The respective Federal and State law claims of both the opt-in and the named plaintiffs in this case arose from a common nucleus of facts for each particular plaintiff. These claims could not be split between multiple cases with the same parties.[2] The Court properly exercised its discretion to extend pendent jurisdiction to decide the FLSA and NYLL claims of both the opt-in and named plaintiffs.

"The FLSA claims and the state minimum wage claims arise from the same nucleus of operative facts, are substantially related to each other, and constitute one case and controversy.

---

[2] The court denied class certification because the claims of individual putative class members would require separate and individual determinations as to liability and the measure of damages. (ECF No. 430.) This, however, does not alter the fact that all such claims arose out of a common nucleus of facts. As this Court said in denying Plaintiffs' Motion for Class Certification: "In other words, what matters for purposes of commonality is not merely that Plaintiffs raise "common questions — even in droves — but, rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* That there were no common answers does not mean there were no common questions.

3

Indeed, it would be difficult to try them separately, for the findings in one case would tend to be preclusive as to the other." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 93 (S.D.N.Y. 2001);[3] *see also Shahriar v. Smith & Wollensky Rest. Gp.*, 659 F.3d 234, 246 (2d Cir. 2011) ("Because the FLSA and the NYLL use a similar standard for making such a determination, and because each set of claims arise from the same set of operative facts, a determination as to the FLSA claims may decide the Plaintiffs' NYLL claim as well.") (citations omitted).

It is a fundamental principle that a plaintiff may not sequentially present claims that arise out of a common set of facts. This Court either correctly adjudicated the NYLL claims of the opt-in plaintiffs or the plaintiffs lost them through *res judicata*. *See, e.g., Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action.") (citation omitted); *Waldman v. Village of Kityas Joel*, 207 F.3d 105, 110-11 (2d Cir. 2000). Since the court properly exercised pendent jurisdiction, its decision regarding the state law claims stands as to both the named and opt-in plaintiffs. *Bartleson v. Winnebago Indus.*, 219 F.R.D. 629 (N.D. Iowa 2003) (federal court can exercise supplemental jurisdiction over the state law claims of all of the plaintiffs who opted into the FLSA collective action).

Additionally, contrary to Plaintiffs' argument, the Consent to Join form filed by all of the opt-in plaintiffs in our case is broad enough to incorporate state law, as well as federal law,

---

[3] The court in *Ansoumana* also explained: "If the related FLSA and Minimum Wage Act claims were to be litigated in parallel fashion, in this court and in the New York Supreme Court, there would be great potential for confusion of issues; considerable unnecessary costs, inefficiency and inconsistency of proceedings and results; and other problems inherent in parallel class action litigation. . . .   Congress enacted Section 1367 to avoid such problems. Defendants short-sightedly argue to reverse the Congressional wisdom. I decline to do so." *Id.* at 96. (citation omitted).

4

claims. The Consent to Join form explicitly states that the opt-in plaintiffs consent to "be a party plaintiff in a lawsuit against Corporate Transportation Group, Ltd." (*See, e.g.,* ECF No. 2). That lawsuit had already been filed, and the Complaint clearly alleged state, as well as, federal law, claims. A plaintiff presumably joins all of the claims asserted[4]. Courts in this jurisdiction read consent forms broadly. In *Hicks v. T.L. Cannon Corp.*, No. 13-CV-6455 EAW, 2014 U.S. Dist. LEXIS 108434, at *18-19 (W.D.N.Y. Aug. 5, 2014), *reconsid. denied*, 2014 U.S. Dist. LEXIS 144210 (W.D.N.Y. Oct. 8, 2014) the court explained:

> The consents signed by the Moving Opt-in Plaintiffs expressly state that they consent to be a plaintiff in "any Fair Labor Standards Act action of unpaid wages. . . ." The consents do not expressly reference an agreement to pursue claims under the NYLL. However, the consents state that the Moving Opt-in Plaintiffs "wish to preserve and pursue any claim that I may have to the greatest extent possible" and that they "expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that plaintiffs' attorneys have brought and/or may bring on behalf of myself and other employees alleged to be similarly situated." . . . This is broad language that would seem to encompass the state law claims brought in this lawsuit.

The language in our consent form in our case is at least equally as broad, clearly covering both the state and federal claims. *Id.*

Notably, the consent to join form also states that the opt-in Plaintiffs "agree to be bound by any adjudication of [the] action by a court, whether it is favorable or unfavorable." (*See, e,g.,* ECF No. 2.) No limitation is placed on any aspect of the judgment that the opt-in plaintiff will respect, nor could be deemed to do so, given the rules regarding claim splitting and *res judicata*. Moreover, the fact that Plaintiffs moved for class certification well after the named plaintiffs had

---

[4] Plaintiffs' contrary authority, *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233 (11th Cir. 2006), involved the application of a consent form to <u>subsequently</u> asserted claims, to which an opt-in plaintiff might not be presumed to have consented, not to the claims asserted at the time of joinder of the suit. It also focused on the adequacy of the opt-in consent form to satisfy the federal statutory requirement of consent, not on the presumption that a court might employ in analyzing what an opt-in plaintiff intended in joining the suit.

5

filed the complaint and at a time when 87 plaintiffs had joined the FLSA collective action, shows that more than just the two named plaintiffs consented to have their state law claims decided in this action. (ECF No. 160.) The opt-in plaintiffs should be held to their agreement to be bound by this Court's Judgment.

### B. The Court Did Not Make A Clear Error Of Law That Requires Correction.

A motion to alter or amend a judgment may be granted only if there is a clear error of law, as opposed to a disagreement in the application of the law. *Oxford House Inc.*, 155 F.R.D. 409. There was no such error here.

Plaintiffs argue that "'summary adjudication prior to class certification binds only the named plaintiffs [and t]he same principle applies after class certification has been denied." (ECF No. 537.) However, they cite no cases that support the proposition that this same principle applies after class certification has been denied in hybrid Rule 23 and FLSA Rule 216 class/collective actions. Rather, the cases cited by Plaintiffs are ones in which the moving party moved for summary judgment before a motion for class certification was made or simultaneously with such a motion. *See Mendez v. Radec Corp.*, 260 F.R.D. 38 (W.D.N.Y. 2009); *In re Bally Mfg. Sec. Litig*, 144 F.R.D. 78 (N.D. Ill. 1992); *Chevron USA, Inc. v. Sch. Bd. Vermilion Parish*, 294 F.3d 716 (5th Cir. 2002); *see also Meridia Prods. Liability Litig. v. Abbott Labs*, 447 F.3d 861 (6th Cir. 2006); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010 (9th Cir. 2000); *LaVoice v. UBS Fin. Servs.*, No. 11 Civ. 2308, 2013 U.S. Dist. LEXIS 138607 (S.D.N.Y. Sept. 25, 2013); *Turkmen v. Ashcroft*, No. 02 2307, 2010 U.S. Dist. LEXIS 97415 (E.D.N.Y. June 30, 2010).

Additionally, the only cases that Plaintiffs cite in support of their argument that named plaintiffs alone can be bound after class certification has been denied are not hybrid Rule

23/FLSA Rule 216 cases that arise out of the same complaint. Rather, they are cases in which one party was trying to bind another to a completely different action with a completely different complaint in a completely different jurisdiction. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368 (2011);[5] *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co. (In re Ford Motor Co.)*, 471 F.3d 1233 (11th Cir. 2006).[6]

Plaintiffs simply disagree with this Court's application of the law. This is an insufficient predicate for Plaintiffs' motion to alter or amend the judgment. *Oxford House Inc.*, 155 F.R.D. 409. It should be denied on this basis as well.

C.  **Plaintiffs Cannot Use A Rule 59(e) Motion To Re-Argue What They Previously Argued Unsuccessfully.**

Plaintiffs assert that the Court's judgment should be amended because the Court had jurisdiction only to decide the NYLL claims of the named plaintiffs, as opposed to the NYLL claims of the opt-in plaintiffs. (ECF No. 537). Plaintiffs cannot re-argue this on a Rule 59(e)

---

[5] *Smith v. Bayer Corp.* involved two different class actions that were filed approximately one month apart by different plaintiffs in different parts of West Virginia in different West Virginia state courts. The two plaintiffs did not know of each other's lawsuits. One case was removed to federal court and transferred to the District Court in Minnesota. The other case remained in state court. The cases then proceeded along different procedural and discovery paths for about six years. The federal court became the first court to reach the issue of class certification, and it denied it. The defendant (the same in both the state court and in the federal court action) then asked the federal court to enjoin the West Virginia state court action from hearing the plaintiffs' motion for class certification. The federal court issued such an injunction, and it was that action that the U.S. Supreme Court found improper. This is completely different from the facts at hand where there is only one action and no injunctions have been sought or entered.

[6] *In re Ford Motor Co.* was a class action brought in federal court in the Northern District of Georgia for breach of franchise agreements and other legal violations. The court denied plaintiffs' motion for class certification. While that case proceeded to trial, a person who was a member of the non-certified class brought a class action lawsuit in Ohio State court, alleging similar claims. The Ohio court certified a class. The federal court then enjoined the plaintiff from prosecuting, and the class members from participating in that class. Like *Smith*, this is a completely different procedural posture than the one at hand. No injunction is being sought, and no injunction has been issued. Furthermore, unlike the Eleventh Circuit case cited, our case has already been decided on the merits.

7

motion, though, because they already argued this in opposition to Defendants' Motion For Summary Judgment seeking to dismiss the FLSA *and NYLL* claims of both the named plaintiffs and the opt-in plaintiffs. (ECF No. 501 at 1 n. 1; ECF No. 537.) After Plaintiffs briefed this issue, this Court explicitly held: "***all Plaintiffs in this suit – both named Plaintiffs and opt-in Plaintiffs*** – are independent contractors for purposes of the FLSA *and the NYLL*." (ECF No. 532, p. 2) (emphasis added). Plaintiffs should not now be allowed to succeed on a motion to alter or amend the judgment simply because they are unhappy with the Court's decision. *See Terra Sec.,* 820 F. Supp. 2d at 560; *S.A.R.L. Galerie Enrico Navarra* 2013 U.S. Dist. LEXIS 150273; *Pla*, 2013 U.S. Dist. LEXIS 88424; *SEC v. Ashbury Capital Partners, L.P.*, No. 00 CV 7898, 2001 U.S. Dist. LEXIS 7094 (S.D.N.Y. May 31, 2001); *Oxford House Inc.*, 155 F.R.D. 409.

## II. <u>CONCLUSION</u>

For the reasons set forth above, this Court's decision and entry of Judgment thereon that all named and opt-in Plaintiffs were bound by the Court's September 16, 2014 Opinion and Order were without error. Accordingly, Plaintiffs' Rule 59(e) motion to alter or amend the Judgment should be denied.

Dated: New York, New York
       November 10, 2014

                                            EPSTEIN BECKER & GREEN, P.C.

                                            /s Margaret Thering
                                            Evan J. Spelfogel
                                            Margaret C. Thering