**OUTTEN & GOLDEN LLP**          **KAHN OPTON, LLP**
Adam T. Klein                   Stephen H. Kahn
Rachel Bien                     One Parker Plaza
Michael J. Scimone              Fort Lee, New Jersey 07024
Michael N. Litrownik            Telephone: (201) 947-9200
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MAZHAR SALEEM and JAGJIT SINGH, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>CORPORATE TRANSPORTATION GROUP, LTD., CORPORATE TRANSPORTATION GROUP INTERNATIONAL, CORPORATE TRANSPORTATION GROUP WORLDWIDE, INC., NYC 2 WAY INTERNATIONAL, LTD., ALLSTATE PRIVATE CAR & LIMOUSINE, INC., ARISTACAR & LIMOUSINE, LTD., TWR CAR AND LIMO, LTD., EXCELSIOR CAR AND LIMO, INC., HYBRID LIMO EXPRESS, INC., EDUARD SLININ, and GALINA SLININ,<br><br>       Defendants. | **No. 12 Civ. 8450 (JMF)** |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
## ALTER OR AMEND THE JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

## ARGUMENT

### I.      Plaintiffs Have Met the Standard for a Motion Under Rule 59(e).

Contrary to Defendants' argument, Defs.' Opp'n 2-3, Plaintiffs have made the requisite showing under Rule 59(e) of the Federal Rules of Civil Procedure because they have pointed to "the need to correct a clear error or prevent manifest injustice."  *U.S. v. Chelsea Brewing Co.*, No. 12 Civ. 1544, 2014 WL 4801330, at *3 (S.D.N.Y. Sept. 26, 2014) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).  Specifically, in dismissing the Opt-Ins' New York Labor Law ("NYLL") claims, the Court "overlooked" that the Opt-Ins did not consent to raise these particular claims before the Court and did not receive notice pursuant to Federal Rule of Civil Procedure 23 that they would be litigated in this case.  *See Shader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  These are "matters . . . that might reasonably be expected to alter the conclusion reached by the court."  *Id.*

### II.     The Language of the Consent Forms Is Narrow.

Defendants cite no authority for their argument that "[a] plaintiff presumably joins all of the claims asserted."  Defs.' Opp'n 5.  In fact, the cases that address the scope of Section 216(b) consent forms explicitly *reject* such a presumption and instead affirm that consent forms must be interpreted "according to the plain meaning of their language."  *See Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1018 (11th Cir. 2007).

Contrary to Defendants' argument, the plain meaning of the language of the Opt-Ins' consent forms shows that they only consented to raise their FLSA claims.  As Plaintiffs pointed out in their opening brief, one version of the form states that the Opt-Ins consent to "seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b)."  *See, e.g.*, ECF

No. 2.  Defendants omit this language and instead only quote the beginning of the sentence, "I

consent to be a party plaintiff in a lawsuit against Corporate Transportation Group, Ltd. . . . ."

Defs.' Opp'n 5.  This ignores the limiting language at the end of the sentence.  The Opt-Ins'

agreement to be bound by the Court's judgment must also be interpreted in light of the limited

scope of their consent form, which only subjects their FLSA claims to the Court's decisions.

Similarly, the other version of the consent form that Opt-Ins signed is titled "Consent to

Join Lawsuit Filed Under the Federal Fair Labor Standards Act," and does not refer to any other

claims.  *See, e.g.*, ECF No. 434.  This language is distinguishable from the much broader consent

form in *Hicks v. T.L. Cannon Corp.*, No. 13 Civ. 6455, 2014 WL 3860483 (W.D.N.Y. Aug. 5,

2014) *reconsideration denied,* No. 13 Civ. 6455, 2014 WL 5088879 (W.D.N.Y. Oct. 8, 2014),

where the opt-ins agreed to "preserve and pursue *any claim that I may have to the greatest extent*

*possible*."  *Id*. at *6.

### III.   Defendants' Supplemental Jurisdiction Arguments Are Irrelevant.

Defendants' supplemental jurisdiction arguments are irrelevant because there is no

dispute that there was supplemental jurisdiction over the Plaintiffs' NYLL claims.  The issue is

the Court's jurisdiction over, and authority to rule on, the individual NYLL claims of the Opt-Ins

– which were not alleged in the complaint – after it denied class certification of the NYLL claims

under Federal Rule of Civil Procedure 23.

Contrary to Defendants' argument, Defs.' Opp'n 4, even if the Court had limited its

summary judgment decision to the Plaintiffs, the decision would not have had res judicata effect

on the Opt-Ins' NYLL claims because no class was ever certified.  *See Aguilera v. Pirelli*

*Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000) ("When a [dispositive] motion is

maintained against an uncertified class . . . There is no res judicata effect as to unnamed

members of the purported class."); *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 48 (W.D.N.Y. 2009) ("[A]n individual's claims will not be barred by a judgment in favor of the defendant in an action brought under Rule 23, if no class was ever certified (and hence no notices ever sent) prior to the entry of the judgment.").

The timing of the Court's summary judgment decision is also irrelevant.  No authority supports Defendants' argument that a summary judgment decision rendered *after* (but not before) the denial of class certification binds putative class members.  Defs.' Opp'n 5-6.  Under both circumstances, putative class members have not received notice or an opportunity to exclude themselves before their claims are adjudicated.  *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011) (non-named class members are not parties to the litigation both before the class is certified and after certification is denied); *see also Chevron USA Inc. v. Sch. Bd. Vermilion Parish*, 294 F.3d 716, 720 (5th Cir. 2002) (order granting partial summary judgment to defendant did not bind members of putative class because there was no certified class); *Aguilera*, 223 F.3d at1013 n.1 (summary judgment applied only to plaintiffs, not absent class members); *Lavoice v. UBS Fin. Servs., Inc.*, No. 11 Civ. 2308, 2013 WL 5380759, at \*3 n.6 (S.D.N.Y. Sept. 26, 2013) (where the court has not certified a class, "dismissal will not have any prejudicial effect on [unnamed class members'] potential claims"); *Mendez*, 260 F.R.D. at 47-48.

Moreover, the fact that the Court applied a different standard to adjudicate the NYLL claims than it applied to adjudicate the FLSA claims undermines Defendants' argument that a different rule should apply in "hybrid" FLSA/NYLL actions.  *See* Defs.' Opp'n 6-7.  Specifically, the Court relied on different criteria to evaluate the FLSA and NYLL claims and held that the two statutes answer different overarching questions.  *See* Order, at 15-16 ("Unlike the FLSA, which focuses on the economic reality of the relationship, the critical inquiry in

3

determining whether an employment relationship exists [under the NYLL] pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results.") (quoting *Bynog v. Cipriani Group, Inc.*, 1 N.Y.3d 193 (2003)) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Alter or Amend the Judgment Pursuant to Fed. R. Civ. P. 59(e).


Dated:  New York, New York
        November 17, 2014

                                        Respectfully submitted,

                                        /s/ Rachel Bien
                                        Rachel Bien

                                        **OUTTEN & GOLDEN LLP**
                                        Adam T. Klein
                                        Rachel Bien
                                        Michael J. Scimone
                                        Michael N. Litrownik
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone:  (212) 245-1000

                                        **KAHN OPTON, LLP**
                                        Stephen H. Kahn
                                        One Parker Plaza
                                        Fort Lee, New Jersey 07024
                                        Telephone: (201) 947-9200

                                        *Attorneys for Plaintiffs*