```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/09/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MAZHAR SALEEM et al.,                                                   :
:
                Plaintiffs,                                 :     12-CV-8450 (JMF)
:
    -v-                                                               :     OPINION AND ORDER
:
CORPORATE TRANSPORTATION GROUP, LTD. et al.,                            :
:
                Defendants.                                 :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Upon due consideration of the parties' submissions, Plaintiffs' Motion to Alter or Amend the Judgment (Docket No. 536) is granted substantially for the reasons set forth in Plaintiffs' memoranda of law. (Docket Nos. 537 and 541). Put simply, in the Opinion and Order granting summary judgment to Defendants (Docket No. 532), the Court elided — and thus, overlooked — the distinction between the claims under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the claims under the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, for purposes of the Opt-In Plaintiffs. *See, e.g.*, *Shader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a motion for reconsideration should be "denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

       Given the plain language of the Opt-In Plaintiffs' consent-to-join forms (Docket Nos. 2 ("I consent to be a party plaintiff in a lawsuit . . . *in order to seek redress from violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b)*" (emphasis added)) and 434 ("CONSENT TO JOIN LAWSUIT FILED *UNDER THE FEDERAL FAIR LABOR STANDARDS ACT*" (emphasis added))), there is no basis to conclude that the Opt-In Plaintiffs joined the named Plaintiffs in bringing claims under the NYLL. *See, e.g.*, *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1018-19 (11th Cir. 2007) (holding that consent forms must be interpreted "according to their plain terms" and that court should not "rewrite those forms to broaden their scope"); *cf. Hicks v. T.L. Cannon Corp.*, — F. Supp. 2d —, No. 13-CV-6455, 2014 WL 3860483, at *6 (W.D.N.Y. Aug. 5, 2014) (holding that plaintiffs who had opted in to a FLSA collective action "may [also] seek redress" for violations of the NYLL on the ground that the "broad language" in the relevant consent forms "would seem to encompass the state law claims brought in this lawsuit"), *reconsideration denied by* 2014 WL 5088879 (W.D.N.Y. Oct. 8, 2014). And given that the Court denied Plaintiffs' motion to certify a class for purposes of the NYLL, the Court had no basis to rule on the NYLL claims of anyone other than the named Plaintiffs. *See, e.g.*, *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 48 (W.D.N.Y. 2009) ("[A]n individual's claims will not be barred by a judgment in favor of the defendant in an action brought under Rule

23, if no class was ever certified (and hence no notices ever sent) prior to the entry of the judgment."). That is, having successfully defeated Plaintiffs' certification motion, Defendants cannot now argue that their victory on the merits under the NYLL has preclusive effects beyond the named Plaintiffs.

For the foregoing reasons, Plaintiffs' motion is GRANTED and the Court's judgment of September 24, 2014 (Docket No. 535), is amended to clarify that it does not apply to the NYLL claims (if any) of Opt-In Plaintiffs — that is, to the NYLL claims of anyone other than the named Plaintiffs in this lawsuit.

The Clerk of Court is directed to terminate Docket No. 536.

SO ORDERED.

Date: December 8, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge